# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br><br>CENTRAL GROCERS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Honorable Pamela S. Hollis<br><br>Case No. 17-13886<br>(Jointly Administered)<br><br>**[Delaware Doc. ## 135, 355 and 338]** |

### RESERVATION OF RIGHTS OF INDIANA BECKNELL INVESTORS 2007 LLC ("BECKNELL") TO DEBTORS' SALE MOTION AND RELATED *NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE*

Indiana Becknell Investors 2007 LLC, as successor in interest to Becknell Development LLC ("***Becknell***"), by and through its undersigned counsel, files this Reservation of Rights (the "***Reservation***") with respect to (i) the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* [Delaware Doc. # 355] (the "***Cure Notice***") and (ii) the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving Stalking Horse Bid Protections, (C) Authorizing Designation of Additional Stalking Horse Bidders, (D) Scheduling Auction for and Hearings to Approve Sale of Debtors' Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearings, (F) Approving Assumption and Assignment Procedures, and (G) Granting Related Relief; and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and*

---

[1] The Debtors in these chapter 11 cases that were filed in Bankruptcy Court for the District of Delaware along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Race Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

*Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Delaware Doc. #135] (the "*Sale Motion*"). In support of this Reservation, Becknell respectfully states as follows:

## BACKGROUND OF SALE AND PROPOSED ASSUMPTION

**The Bankruptcy Cases And Proposed Sale Transactions**

1. On May 4, 2017 (the "*Petition Date*"), the captioned debtors (collectively, the "*Debtors*") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* ("*Code"*) commencing the above jointly administered cases (the "*Cases*").

2. Previously, on May 2, 2017, an Involuntary Bankruptcy Petition was filed against one of the Debtors, Central Grocers, Inc. in the Bankruptcy Court for the Northern District Court of Illinois. Pursuant to *Order Determining Venue of Bankruptcy Cases ("Venue Order")* entered by this Court on June 8, 2017, the Petition Date for Central Grocers, Inc. is May 2, 2017. The Petition Date for all other Debtors remains May 4, 2017. Based on the Venue Order, all of the Debtors' Cases will proceed in this Court; proceedings in Delaware Bankruptcy Court have ceased.

3. On May 13, 2017, the Debtors filed the Sale Motion. Pursuant to the Sale Motion, the Debtors have requested authority, *inter alia*, to conduct an Auction[2] and complete a sale of substantially all of the Debtors' Assets through one or more Sale Transactions. The Assets include nineteen grocery stores that the Debtors are operating under the "Strack & Van Til" and "Town and Country" banners and related items (the "*Stalking Horse Package*"), which

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion, the Cure Notice, the Bidding Procedures Order and/or the Notice of Sale, as appropriate.

2

the Debtors propose to sell to Jewel Food Stores, Inc. (the "**Stalking Horse Bidder**") or such other Successful Bidder at the Auction.

4. In connection with the proposed Sale Transactions, the Debtors seek to potentially assume certain Contracts and Leases and assign them to the Stalking Horse Bidder or to any other Successful Bidder at Auction, including the executory contracts and leases identified in Exhibit A and Exhibit B to the Cure Notice. Exhibit A to the Cure Notice contains a list of Proposed Assumed Contracts and related Cure Costs in connection with the sale of the Stalking Horse Package. Becknell is not identified on Exhibit A and not presently included within the Stalking Horse Package.

5. Exhibit B to the Cure Notice contains a list of Contracts and Leases that may be assumed and assigned in connection with a Sale Transaction with a Successful Bidder and the Debtors' proposed Cure Costs associated with those Contracts and Leases. Becknell is identified on Exhibit B as the "counterparty" to a "lease" with SVT, LLC ("**SVT**"), one of the Debtors. The proposed cure amount identified on Exhibit B for the Becknell lease is $66,830.70 (the "**Proposed Cure Amount**").

**The Lease Agreement Between Becknell and SVT**

6. As of the Petition Date, SVT was the lessee of approximately 186,422 square feet of warehouse space in a building with the address of 101 45th street, Munster, Indiana ("**Premises**") pursuant to that certain Lease Agreement dated December 14, 2006 as amended by Lease Amendment dated December 31, 2007 (collectively, the "**Lease**"). The original term of the Lease was ten years ending January 31, 2011 with four (4) renewal options of four (4) years each. SVT exercised the first and second option. The current lease term, absent further exercise of the third renewal, is January 31, 2019.

3

7. Under the Lease, the monthly rent and additional rent is $66,830.70 which consists of rent of $47,000.00 and additional rent for estimated pro-rata share of real estate taxes, insurance and maintenance and management fees of $19,830.70.

8. As of the Petition Date applicable to SVT (May 4, 2017), based on the records of Becknell reviewed to date, SVT owed Becknell $66,830.70 for rent and additional rent for the month of May 2017.[3]

9. Since the Petition Date, SVT paid Becknell $60,363.21 (the stub rent) for May 2017 and $66,830.70 in post-petition rent and additional rent for the month of June 2017.

10. As of filing this Reservation, Becknell is owed $6,467.12[4]

## RESERVATION OF RIGHTS

11. As a preliminary matter, Becknell has no objection to the possible assumption and assignment of the Lease that complies with the requirements of Section 365 of the Code.

12. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (indicating that a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (same).

---

[3] Under the Lease, additional CAM may be found to be due if the estimated CAM is determined to be an amount less than the actual costs. Further, the Lease provides for payment by SVT of Becknell attorney fees incurred under certain circumstances.

[4] See footnote 3 above.

13. The proper cure amount should include all liabilities and obligations that have arisen or accrued under an agreement after the petition date as well as all liabilities and obligations that have arisen or accrued prior to or as of the petition date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default…") (emphasis added).

14. As of filing of this Reservation, Becknell has no objection to the Proposed Cure Amount. It is an amount that is in excess of that which is currently due under the Lease.

15. Becknell reserves the right to object to an assumption and assignment of the Lease on the basis of adequate assurance of future performance by any Successful Bidder that is other than the Stalking Horse Bidder may be proposed as the assignee of the Lease.

16. Becknell reserves the right to assert other and further sale objections relating to any Successful Bid or any proposed sale order to the extent that the terms or provisions thereof could violate applicable law on the assumption and assignment of the Lease.

WHEREFORE, Becknell respectfully reserves its rights with respect to object to any assumption and assignment of the Lease to the extent it does not comply with the applicable requirements of Section 365 of the Code.

Dated: June 16, 2017                     INDIANA BECKNELL INVESTORS 2007 LLC

 /s/ Paula Jacobi
One of its attorneys

Paula K. Jacobi/pjacobi@btlaw.com
BARNES &THORNBURG LLP
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 214-4866

DMS 10504375v1

5