**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*,[1] | ) | Case No. 17-13886 (PSH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF MOTION OF DEBTORS PURSUANT TO**
**11 U.S.C. § 502(b)(9) AND FED. R. BANKR. P. 2002**
**AND 3003(c)(3) FOR ENTRY OF ORDER (I) ESTABLISHING**
**A DEADLINE TO FILE PROOFS OF CLAIM AND PROCEDURES RELATING**
**THERETO AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

**PLEASE TAKE NOTICE** that on August 22, 2017, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Motion of Debtors Pursuant to 11 U.S.C. § 502(b)(9) and FED. R. BANKR. P. 2002 and 3003(c)(3) for Entry of Order (I) Establishing A Deadline to File Proofs of Claim and Procedures Relating Thereto and (II) Approving Form and Manner of Notice Thereof* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors have requested that the Motion be heard at a hearing on **September 7, 2017, at 10:00 a.m. (Central Time)** before the Honorable Judge Pamela S. Hollis or any other judge who may be sitting in her place and stead, in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed on the docket of the above captioned case and served on the Debtors by no later than **August 29, 2017, at 4:00 p.m. (Central Time)** and that any such objection shall be heard at the omnibus hearing on **September 7, 2017, at 10:00 a.m. (Central Time)** before the Honorable Judge Pamela S. Hollis or any other judge who may be sitting in her place and stead, in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

**PLEASE TAKE FURTHER NOTICE** that in the event that no objection is filed on the docket of the above captioned case and served on the Debtors by **August 29, 2017, at 4:00 p.m. (Central Time)**, the Debtors shall file a Certification of No Objection related to the Motion and the Court may grant the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents are available free of charge by visiting the case website maintained by Prime Clerk LLC, notice and claims agent for these chapter 11 cases, available at https://cases.primeclerk.com/centralgrocers or by calling (866) 727-8489. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: August 22, 2017<br>Chicago, Illinois | /s/ Rion M. Vaughan<br>David A. Agay (ARDC No. 6244314)<br>Rion M. Vaughan (ARDC No. 6317715)<br>McDONALD HOPKINS LLC<br>300 North LaSalle Street, Suite 1400<br>Chicago, Illinois 60654<br>Telephone: (312) 280-0111<br>Facsimile: (312) 280-8232<br>E-mail: dagay@mcdonaldhopkins.com<br>      rvaughan@mcdonaldhopkins.com<br><br>*Co-counsel for Debtors*<br>*and Debtors in Possession*<br><br>-and-<br><br>Ray C. Schrock, P.C. (admitted *pro hac vice*)<br>Stephen Karotkin (admitted *pro hac vice*)<br>Sunny Singh (admitted *pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[2] | ) | |
| | ) | |

**MOTION OF DEBTORS PURSUANT TO**
**11 U.S.C. § 502(b)(9) AND FED. R. BANKR. P. 2002**
**AND 3003(c)(3) FOR ENTRY OF ORDER (I) ESTABLISHING**
**A DEADLINE TO FILE PROOFS OF CLAIM AND PROCEDURES RELATING**
**THERETO AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Central Grocers, Inc. ("**CGI**") and its debtor affiliates, including Strack and Van Til Super Market, Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1. On May 2, 2017, certain of CGI's creditors commenced an involuntary case against CGI under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**").

2. On May 4, 2017, each of the Debtors, including CGI, commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Delaware Court**").

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

3. On June 13, 2017, the Chapter 11 Cases were transferred to this Court, including the Chapter 11 Case of CGI which was consolidated into the involuntary chapter 7 case pending before the Court. As of June 13, 2017, all of the Chapter 11 Cases are proceeding under chapter 11 of the Bankruptcy Code before this Court. CGI's chapter 11 commencement date is May 2, 2017 and the remaining Debtors' commencement dates are May 4, 2017 (as applicable, the "**Commencement Date**"). All orders entered in the Chapter 11 Cases by the Delaware Court remain in full force and effect and are deemed to be entered in the Chapter 11 Cases pending before this Court.

4. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 15, 2017, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

5. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6. Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Donald E. Harer in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**Harer Declaration**") sworn to and filed on May 4, 2017 in the Delaware Court [Del. Court, Case No. 17-10993, Docket No. 3].[3]

---

[3] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Harer Declaration.

## Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. By this Motion, pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c)(3), the Debtors request that the Court:

   a. establish **October 13, 2017** at **5:00 p.m. (Central Time)** as the deadline (the "**General Bar Date**") for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, *and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors*, *unless otherwise provided herein*;

   b. establish **October 31, 2017** at **5:00 p.m. (Central Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**," and, together with the General Bar Date, the "**Bar Dates**");

   c. approve the proposed procedures for filing Proofs of Claim;

   d. approve the proposed procedures for notice of the Bar Dates, including the form of notice (the "**Bar Date Notice**"), substantially in the form annexed as **Exhibit "1"** to the proposed order attached hereto as **Exhibit "A"** (the "**Proposed Order**"); and

   e. approve the proposed model Proof of Claim form (the "**Proof of Claim Form**"), substantially in the form annexed as **Exhibit "2"** to the Proposed Order.

## The Bar Dates

9. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed. Further, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Debtors' schedules of assets and liabilities (the

"**Schedules**")[4] or (b) is scheduled as disputed, contingent, or unliquidated, must file a Proof of Claim by a bar date fixed by the Court. Bankruptcy Rule 3003(c)(2) also provides that "any creditor who fails to [file a Proof of Claim by the bar date fixed by the court] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." FED. R. BANKR. P. 3003(c)(2).

10. Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. §502(b)(9).

11. Based on the procedures set forth below (the "**Procedures**"), the proposed Bar Dates will give the Debtors' creditors ample opportunity to prepare and file Proofs of Claim.

## The Proposed Procedures for Filing Proofs of Claim

12. The Debtors propose the following Procedures for filing Proofs of Claim:

   a. Unless otherwise provided herein, the General Bar Date shall be **October 13, 2017** at **5:00 p.m. (Central Time)**.

   b. Unless otherwise provided herein, the Governmental Bar Date shall be **October 31, 2017** at **5:00 p.m. (Central Time)**.

   c. Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date (using the exchange rate, if applicable, as of the Commencement Date); (iii) substantially conform to the Proof of Claim Form annexed to the Proposed Order or Official Bankruptcy Form No. 10;[5] (iv) specify by name and case number the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available;

---

[4] The Debtors filed their Schedules on August 11, 2017 (ECF Nos. 527-552).

[5] Official Bankruptcy Form 10 can be found at www.uscourts.gov/bkforms, the Official Website for the United States Bankruptcy Courts. In addition, a Proof of Claim form, substantially in the form of Official Bankruptcy Form 10, can be obtained on the website established in these chapter 11 cases, https://cases.primeclerk.com/CentralGrocers/.

    and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury.

d.     If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.

e.     Proofs of Claim either must be filed (i) electronically through the website of the Debtors' Court-approved claims agent, Prime Clerk LLC ("**Prime Clerk**"), using the interface available on such website located at https://cases.primeclerk.com/CentralGrocers/ under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form on or before the applicable Bar Date as follows:

If by overnight courier, hand delivery, or first class mail:

**Central Grocers, Inc.**
Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 3rd Floor
New York, NY 10022

OR

If by hand delivery:

United States Bankruptcy Court, Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

f.     A Proof of Claim shall be deemed timely filed only if it **actually is received** by Prime Clerk or by the Court as set forth in subparagraph (e) above, in each case, on or before the Bar Date.

g.     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

h.     Any person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' chapter 11 cases) or be forever barred from so doing.

  i. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in subparagraph (k) below applies.

  j. In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of an order on this Motion, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until thirty (30) days from the date of such notice to file a Proof of Claim or be barred from so doing and shall be given notice of such deadline.

  k. The following persons and entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

   (1) any person or entity whose claim is listed on the Schedules; provided, that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

   (2) any person or entity whose claim has been paid in full or will be paid in full under an agreement entered into by the Debtors pursuant to the Final Critical Vendors Order;[6]

   (3) any person or entity that holds an equity security interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

   (4) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a claim under section 503(b)(9));

---

[6] *See Final Order (i) for Authorization to Pay Certain Prepetition Obligations to Critical Vendors and (ii) Granting Related Relief* (ECF No. 317) (the "**Final Critical Vendors Order**").

 (5) any person or entity that holds a claim that heretofore has been allowed by order of this Court entered on or before the applicable Bar Date;

 (6) any holder of a claim for which a separate deadline has been fixed by this Court;

 (7) any person or entity who already has filed a Proof of Claim with the Clerk of the Court or Prime Clerk against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Form No. 10; and

 (8) Pursuant to paragraph 26 of the Final DIP Order,[7]

  a. any person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**Revolving Credit Obligations**") under or in connection with that certain *Credit Agreement* dated June 15, 2011 (as amended, supplemented, or modified, the "**Revolving Credit Agreement**"); provided, that any person or entity wishing to assert a claim arising out of or relating to the Revolving Credit Agreement, other than a claim for the Revolving Credit Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; and

  b. any person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**Term Obligations**") under or in connection with that certain *Term Loan Agreement* dated April 24, 2013 (as amended, supplemented, or modified, the "**Term Loan Agreement**"); provided, that any person or entity wishing to assert a claim arising out of or relating to the Term Loan Agreement, other than a claim for the Term Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

---

[7]*See Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 (i) Authorizing the Debtors, on a Final Basis, to (a) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (ii) Granting Adequate Protection to Prepetition Secured Parties, (iii) Modifying the Automatic Stay, and (iv) Granting Related Relief* (ECF No. 368) (the "**Final DIP Order**").

13. Notwithstanding any of the foregoing, the Revolving Credit Administrative Agent and the Term Administrative Agent may file a single Proof of Claim in the lead chapter 11 case, *In re Central Grocers, Inc.*, Case No. 17-13886 (PSH) (the "**Lead Case**"), on behalf of all holders of claims based on the Revolving Credit Obligations and the Term Obligations, respectively, and such Proofs of Claim automatically shall be deemed filed in the bankruptcy case of each and every Debtor.

## Consequences of Failure to File a Proof of Claim

14. As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." FED. R. BANKR. P. 3003(c)(2). Accordingly, the Debtors request that any holder of a claim against any of the Debtors that is required to file a Proof of Claim in accordance with the proposed order, but fails to do so on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of distribution in these chapter 11 cases on account of such claim.

## Notice of the Bar Dates

15. Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors propose to provide notice of the Bar Dates in accordance with the following Procedures:

    a. Within five (5) business days of entry of an order granting the relief requested herein and at least thirty-five (35) days prior to the Bar Date, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

        (1) the Office of the U.S. Trustee;

        (2) counsel for the Creditors' Committee;

      (3)      all creditors and other known holders of claims at the address stated therein or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

      (4)      all parties actually known to the Debtors as having potential claims against any of the Debtors;

      (5)      all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

      (6)      all parties to pending litigation against the Debtors (as of the date of entry of the order on this Motion);

      (7)      the Internal Revenue Service, the United States Attorney's Office for the Northern District of Illinois, and all applicable Governmental Units;

      (8)      all persons or entities that have filed claims (as of the date of entry of the order);

      (9)      all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the order);

      (10)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the order); and

      (11)    such additional persons and entities deemed appropriate by the Debtors.

    b.    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Prime Clerk for the Debtors' cases: https://cases.primeclerk.com/CentralGrocers/.

16.    Specifically, the proposed Bar Date Notice notifies parties of:

    a.    the Bar Date;

    b.    who must file a Proof of Claim;

    c.    the Procedures for filing a Proof of Claim;

    d.    the consequences of failing to timely file a Proof of Claim; and

    e.    where parties can find further information with respect to the Debtors' chapter 11 cases.

17. The Debtors intend to supplement notice of the Bar Dates by providing notice by publication consistent with Bankruptcy Rule 2002(l). *See* FED R. BANKR. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."). Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors with addresses unknown by the Debtors; and (iii) creditors with potential claims unknown by the Debtors. Accordingly, the Debtors propose to publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the national edition of *The Chicago Tribune*, subject to applicable publication deadlines, at least twenty-eight (28) days prior to the Bar Date.

## The Proof of Claim Form

18. With the assistance of Prime Clerk, the Debtors have prepared the Proof of Claim Form, which substantially conforms to Official Form 10, but is tailored to these chapter 11 cases. The modifications to Official Form 10 proposed by the Debtor include:

   a. indicating how the Debtors have identified each creditor's respective claim, including the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed;

   b. allowing creditors to assert 503(b)(9) claims;

   c. adding certain instructions; and

   d. any other modifications made to Official Form 10.

19. When sent to a creditor, the Proof of Claim Form will be further customized (to the extent possible) to contain certain information about the creditor and the Debtor against which the creditor may have a claim.

## The Proposed Bar Date and Notice Procedures Are
## Reasonably Calculated to Provide Due and Proper Notice

20. Bankruptcy Rule 2002(a)(7) requires the Debtor to provide at least twenty-one (21) days' notice of the time fixed for filing Proofs of Claim. Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address.

21. The Proposed Order provides that the Debtors will provide 35 days' notice to all known creditors. Specifically, Prime Clerk will have five (5) business days from the date of entry of the order to complete the mailing of the Bar Date Notice. Prime Clerk has advised the Debtors that it expects to complete the mailing in less than five (5) business days. Accordingly, the Debtors submit that the proposed Bar Date and Procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their claims. Further, because the proposed Procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed Procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these chapter 11 cases.

22. Prime Clerk also will post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the website established in these chapter 11 cases (https://cases.primeclerk.com/CentralGrocers/). The Bar Date Notice also will provide that the Debtors' Schedules may be accessed through the same website or by contacting Prime Clerk at (866) 727-8489 (toll free) or by e-mail at centralgrocersinfo@primeclerk.com.

23. Accordingly, the Debtors submit that no further or other notice of the Bar Dates is necessary and that the proposed Procedures provide due and proper notice of the Bar Dates.

**Notice**

24.     Notice of this Motion has been provided in accordance with the *Revised Proposed Order Authorizing Motion of Debtors for Approval of Case Management Procedures* (ECF No. 226). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

25.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 22, 2017
       Chicago, Illinois

/s/ David A. Agay
David A. Agay (No. 6244314)
MCDONALD HOPKINS LLC
300 North LaSalle Street
Suite 1400
Chicago, IL 60654
Telephone: (312) 642-2217
Facsimile: (312) 280-8232

-and-

Ray C. Schrock, P.C. (admitted *pro hac vice*)
Stephen Karotkin (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*