## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*,[1] | ) | Case No. 17-13886 (PSH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## NOTICE OF FILING OF FIRST AND FINAL APPLICATION OF RICHARDS, LAYTON & FINGER, P.A. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FORMER CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM MAY 4, 2017 THROUGH JUNE 30, 2017

**PLEASE TAKE NOTICE** that on May 2, 2017, an involuntary bankruptcy proceeding was commenced against Central Grocers, Inc. ("**CGI**") in the Bankruptcy Court for the Northern District of Illinois (the "**Illinois Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that on May 4, 2017, CGI and eleven (11) of its debtor affiliates including Strack and Van Til Super Market, Inc (collectively, the "**Debtors**"), initiated voluntary chapter 11 cases (the "**Chapter 11 Cases**") in the Bankruptcy Court for the District of Delaware (the "**Delaware Bankruptcy Court**"). *See In re CGI et al*. No. 17-10993 (Bankr. D. Del. May 4, 2017).

**PLEASE TAKE FURTHER NOTICE** that on May 31, 2017, the Delaware Bankruptcy Court entered an *Order Authorizing the Debtors to Employ and Retain Richards, Layton & Finger, P.A. as Co-Counsel Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1,* Nunc Pro Tunc *to the Commencement Date* (the "**Retention Order**"). *See In re CGI et al*. No. 17-10993 (Bankr. D. Del. May 4, 2017), Docket No. 302.

**PLEASE TAKE FURTHER NOTICE** that on May 31, 2017, the Delaware Bankruptcy Court entered an *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**"). *See In re CGI et al*. No. 17-10993 (Bankr. D. Del. May 4, 2017), Docket No. 305. Pursuant to the Interim Compensation Order,[2] Retained Professionals may seek interim payment of

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

2 Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms

compensation and reimbursement of expenses in accordance with the Compensation Procedures.

**PLEASE TAKE FURTHER NOTICE** that on June 8, 2017, the Illinois Bankruptcy Court entered an order transferring the Chapter 11 Cases to the Illinois Bankruptcy Court, Docket No. 93 (the "**Transfer Order**"). Paragraph 5 of the Transfer Order provides that "[a]ll orders entered in the Transferred Cases in the [Delaware Bankruptcy Court] shall remain in full force and effect and shall be deemed to be entered in the Transferred Cases in this Court."

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Retention Order, the Interim Compensation Order and the Transfer Order, Richards, Layton & Finger, P.A. ("**RL&F**") hereby files the *First and Final Application of Richards, Layton & Finger, P.A. for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Former Co-Counsel to the Debtors and Debtors in Possession for the Period from May 4, 2017 through June 30, 2017* (the "**Fee Application**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Retention Order, the Interim Compensation Order and the Transfer Order, the objection deadline for the Fee Application is September 25, 2017, twenty days after the date the Fee Application is filed (the "**Objection Deadline**"). In accordance with the Interim Compensation Order, in the event an objection is raised with respect to this Fee Application before the Objection Deadline, and such objection is not consensually resolved, all compensation shall be subject to review by the Illinois Bankruptcy Court.

---

in the Interim Compensation Order.

Dated: September 5, 2017
Chicago, Illinois

/s/ *David A. Agay*
David A. Agay (No. 6244314)
Rion Vaughan (No. 6317715)
MCDONALD HOPKINS LLC
300 North LaSalle Street
Suite 1400
Chicago, IL 60654
Telephone: (312) 642-2217
Facsimile:  (312) 280-8232

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Stephen Karotkin (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*,[3] | ) | Case No. 17-13886 (PSH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Obj. Deadline: September 25, 2017 at 4:00 p.m. (CT)** |
| | ) | |

**FIRST AND FINAL APPLICATION**
**OF RICHARDS, LAYTON & FINGER, P.A. FOR**
**ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND FOR REIMBURSEMENT OF EXPENSES**
**AS FORMER CO-COUNSEL TO THE DEBTORS AND DEBTORS**
**IN POSSESSION FOR THE PERIOD FROM MAY 4, 2017 THROUGH JUNE 30, 2017**

| | |
|---|---|
| **Name of Applicant:** | **Richards, Layton & Finger, P.A.** |
| **Authorized to Provide Professional Services to:** | **the above-captioned debtors and debtors in possession** |
| **Date of Order Approving Retention:** | **May 31, 2017 *nunc pro tunc* to May 4, 2017** |
| **Period for which Compensation and Reimbursement are Sought:** | **May 4, 2017 through June 30, 2017** |
| **Amount of Compensation Sought as Actual, Reasonable, and Necessary:** | **$254,326.50** |
| **Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:** | **$15,217.30** |
| **Total Allowed Compensation Paid to Date:** | **$0.00** |
| **Total Allowed Expenses Paid to Date:** | **$0.00** |
| **Blended Hourly Rate for All Attorneys:** | **$459.99** |
| **Blended Hourly Rate for All Timekeepers:** | **$400.14** |
| **Amount of Compensation Sought Relating to Drafting This Application:** | **$1,665.00** |

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

| **Number of Professionals Included in this Application:** | 10 |
|---|---|
| **Number of Professionals Billing Fewer than 15 Hours to the Case During this Period:** | 6 |

This is a(n):  __  monthly        ___  interim    **X**     final application

Prior Applications Filed:  None.

*[Remainder of page intentionally left blank]*

## COMPENSATION BY PROFESSIONAL
## MAY 4, 2017 THROUGH JUNE 30, 2017

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Mark D. Collins | Joined firm as associate in 1993. Director in 1998. Member of DE Bar since 1991. | $900 | 5.6 | $5,040.00 |
| Russell C. Silberglied | Joined firm as associate in 1995. Director in 2002. Member of DE Bar since 1996. | $800 | 0.3 | $240.00 |
| Paul N. Heath | Joined firm as associate in 1999. Director in 2007. Member of DE Bar since 1998. | $725 | 116.7 | $84,607.50 |
| Zachary I. Shapiro | Joined firm as associate in 2007. Counsel in 2016. Member of DE Bar since 2008. | $560 | 21.2 | $11,872.00 |
| Amanda R. Steele | Joined firm as associate in 2010. Member of DE Bar since 2010. | $530 | 0.9 | $477.00 |
| Brendan J. Schlauch | Joined firm as associate in 2014. Member of DE Bar since 2015. | $410 | 2.4 | $984.00 |
| Brett M. Haywood | Joined firm as associate in 2015. Member of MA Bar since 2014. Member of DE Bar since 2015. | $385 | 130.1 | $50,088.50 |
| Christopher M. De Lillo | Joined firm as associate in 2016. Member of DE Bar since 2017. | $320 | 3.6 | $1,152.00 |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David T. Queroli | Joined firm as associate in 2016. Member of DE Bar since 2016. | $320 | 173.2 | $55,424.00 |
| Katherine M. Devanney | Joined firm as associate in 2016. Member of DE Bar since 2017. | $320 | 7.5 | $2,400.00 |
| Ann Jerominski | Paralegal since 1995. Joined firm in 2000. | $250 | 2.6 | $650.00 |
| Barbara J. Witters | Paralegal since 2000. Joined firm in 2000. | $250 | 5.3 | $1,325.00 |
| Caroline E. Dougherty | Paralegal since 2015. Joined firm in 2015. | $250 | 8.6 | $2,150.00 |
| M. Lynzy McGee | Paralegal since 2007. Joined firm in 2016. | $250 | 97.3 | $24,325.00 |
| Cynthia S. McMenamin | Paralegal since 2003. Joined firm in 2015. | $250 | 37.8 | $9,450.00 |
| Rebecca V. Speaker | Paralegal since 2002. Joined firm in 2001. | $250 | 9.6 | $2,400.00 |
| Tesia S. Smith | Case management assistant since 2016. Joined firm in 1996 | $135 | 12.9 | $1,741.50 |
| **TOTAL** | | | **635.6** | **$254,326.50** |

| | |
|---|---|
| Grand Total | $254,326.50 |
| Attorney Compensation | $212,285.00 |
| Total Attorney Hours | 461.5 |
| Blended Rate | $459.99 |

## COMPENSATION BY PROJECT CATEGORY
## MAY 4, 2017 THROUGH JUNE 30, 2017

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (A) | 20.3 | $5,652.00 |
| Creditor Inquiries (B) | 13.6 | $3,813.00 |
| Meetings (C) | 25.0 | $11,142.50 |
| Executory Contracts/Unexpired Leases (D) | 4.5 | $1,414.50 |
| Automatic Stay/Adequate Protection (E) | 1.8 | $727.00 |
| Plan of Re-Organization/Disclosure Statement (F) | 0.0 | $0.00 |
| Use, Sale, Lease of Assets (G) | 63.8 | $25,321.00 |
| Cash Collateral/DIP Financing (H) | 71.9 | $32,254.00 |
| Claims Administration (I) | 4.7 | $1,909.50 |
| Court Hearings (J) | 245.8 | $102,592.50 |
| General Corporate/Real Estate (K) | 0.0 | $0.00 |
| Schedules/SOFA/U.S. Trustee Reports (L) | 10.5 | $4,255.00 |
| Employee Issues (M) | 17.0 | $8,215.50 |
| Environmental (N) | 0.0 | $0.00 |
| Tax Issues (O) | 3.7 | $1,165.50 |
| Litigation/Adversary Proceedings (P) | 0.0 | $0.00 |
| RL&F Retention (Q-1) | 39.3 | $13,313.50 |
| Retention of Others (Q-2) | 92.4 | $33,767.50 |
| RL&F Fee Applications (R-1) | 6.1 | $1,665.00 |
| Fee Applications of Others (R-2) | 1.1 | $512.50 |
| Vendor/Supplies (S) | 8.4 | $4,686.00 |
| Non-Working Travel (T) | 0.0 | $0.00 |
| Utilities (U) | 5.2 | 1,774.00 |
| Insurance (V) | 0.5 | $146.00 |
| **TOTAL** | **635.6** | **$254,326.50** |

**EXPENSE SUMMARY**
**MAY 4, 2017 THROUGH JUNE 30, 2017**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Facsimile | | $0.00 |
| Conference Calling | | $297.87 |
| Long Distance Telephone | | $32.26 |
| In-House Reproduction (Duplication/Printing) | Duplicating: 26,336 @ $.10 pg. Printing: 60,573 @ $.10 pg. | $8,690.90 |
| Outside Reproduction | | $0.00 |
| Legal Research | | $329.20 |
| Filing/Court Fees | Filing Fees for Sale Motions | $362.00 |
| Court Reporting | Reliable | $2,059.00 |
| Travel Expenses | | $0.00 |
| Inside Courier & Expense Carriers | | $0.00 |
| Outside Courier & Expense Carriers | | $442.40 |
| Postage | | $0.00 |
| Binding | | $150.00 |
| Business Meals | *See attached meal chart* | $2,014.47 |
| Document Retrieval | PACER | $439.20 |
| Record Retrieval | | $0.00 |
| Professional Services | | $0.00 |
| Overtime | | $0.00 |
| Room Rental | | $400.00 |
| Stationery Supplies | | $0.00 |
| **TOTAL** | | **$15,217.30** |

{6957748:}
RLF1 17676872v.3

| BUSINESS MEAL DETAIL | | | | |
|---|---|---|---|---|
| Date | Provider | Meal & Number of People | Description | Amount |
| 5/4/2017 | Iron Hill | Dinner for 2 | Working meal for RL&F team members in connection with first day hearing preparations | $110.00 |
| 5/5/2017 | Manhattan Bagel | Breakfast for 20 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with first day hearing | $215.00 |
| 5/5/2017 | Sugarfoot | Lunch for 20 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with first day hearing | $526.80 |
| 5/11/2017 | Rodney Grille | Lunch for 1 | Working meal for visiting co-counsel in connection with first day hearing | $6.99 |
| 5/12/2017 | Rodney Grille | Snacks for 5 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with IDI and Committee Formation Meeting | $33.65 |
| 5/12/2017 | Iron Hill | Dinner for 2 | Working meal for RL&F team members in connection with filing motions and applications for second day hearing | $67.49 |
| 5/15/2017 | Rodney Grille | Breakfast for 5 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with IDI and Committee Formation Meeting | $52.40 |

{6957748:}
RLF1 17676872v.3

| BUSINESS MEAL DETAIL | | | | |
|---|---|---|---|---|
| **Date** | **Provider** | **Meal & Number of People** | **Description** | **Amount** |
| 5/17/2017 | Manhattan Bagel | Breakfast for 10 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with May 17, 2017 hearing | $120.00 |
| 5/17/2017 | Sugarfoot | Lunch for 10 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with May 17, 2017 hearing | $309.50 |
| 5/30/2017 | Grottos | Dinner for 1 | Working meal for RL&F team member in connection with certifications of counsel and certificates of no objection related to second day hearing | $14.08 |
| 5/31/2017 | Iron Hill | Dinner for 1 | Working meal for RL&F team member in connection with second day hearing preparations | $55.00 |
| 6/2/2017 | Manhattan Bagel | Breakfast for 12 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with June 2, 2017 hearing | $140.00 |
| 6/2/2017 | Sugarfoot | Lunch for 12 | Working meal for visiting co-counsel, client representatives, and other estate professionals in connection with June 2, 2017 hearing | $363.56 |
| **TOTAL** | | | | **$2,014.47** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*,[1] | ) | Case No. 17-10993 (PSH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION**
**OF RICHARDS, LAYTON & FINGER, P.A. FOR**
**ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND FOR REIMBURSEMENT OF EXPENSES**
**AS FORMER CO-COUNSEL TO THE DEBTORS AND DEBTORS**
**IN POSSESSION FOR THE PERIOD FROM MAY 4, 2017 THROUGH JUNE 30, 2017**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code, §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 5082-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated May 31, 2017 [Del. Ct. ECF No. 305] (the "**Interim Compensation Order**"), Richards, Layton & Finger, P.A. ("**RL&F**") hereby files this *First and Final Application of Richards, Layton & Finger, P.A. for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Former Co-Counsel to the Debtors and Debtors in Possession for the Period from May 4, 2017 through June 30, 2017* (the "**Application**"). By the Application, RL&F seeks a final allowance pursuant to the Interim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

Compensation Order with respect to the sums of $254,326.50 as compensation and $15,217.30

for reimbursement of actual and necessary expenses, for a total of $269,543.80 for the period

May 4, 2017 through and including June 30, 2017 (the "**Compensation Period**").  In support of

this Application, RL&F respectfully represents as follows:

## Background

1.       On May 2, 2017, certain of Central Grocers, Inc.'s ("**CGI**") creditors commenced

an involuntary case against CGI under chapter 7 of title 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the Northern District of Illinois (the "**Court**").

2.       On May 4, 2017, CGI and its debtor affiliates, including Strack and Van Til Super

Market, Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the

Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the

"**Delaware Court**") commencing the above-captioned chapter 11 cases (the "**Chapter 11

Cases**").

3.       The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May

15, 2017, the Office of the United States Trustee for the District of Delaware (the "**U.S.

Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors'

Committee**").  No trustee or examiner has been appointed in these Chapter 11 Cases.

4.       On June 13, 2017, the Chapter 11 Cases were transferred to this Court, including

the Chapter 11 Case of CGI which was consolidated into the involuntary chapter 7 case pending

before this Court.   All of the Chapter 11 Cases are proceeding under chapter 11 of the

Bankruptcy Code.   CGI's chapter 11 commencement date is May 2, 2017 and the remaining

Debtors' commencement date is May 4, 2017 (as applicable, the "**Commencement Date**").  All orders entered in the Chapter 11 Cases by the Delaware Court remain in full force and effect and are deemed to be entered in the Chapter 11 Cases pending before this Court.

5.       Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Donald E. Harer in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**Harer Declaration**") sworn to and filed on the Commencement Date [Del. Ct. ECF No. 3].

6.       RL&F was retained effective as of the Commencement Date by the Delaware Court's order, dated May 31, 2017 [Del. Ct. ECF No. 302] (the "**Retention Order**").  The Retention Order authorized RL&F to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

7.       RL&F's representation of the Debtors has now concluded, and Weil, Gotshal & Manges LLP will continue to represent the Debtors as their lead attorneys with McDonald Hopkins LLC serving as Illinois counsel.

## **Compensation Paid and Its Source**

8.       All services for which compensation is requested by RL&F were performed for or on behalf of the Debtors.

9.       Except to the extent of the retainer paid to RL&F as described in the application seeking approval of RL&F's employment by the Debtors,[2] during the period covered by this Application, RL&F has received no payment and no promises for payment from any source for

---

[2] *See Application of Debtors to Employ and Retain Richards, Layton & Finger, P.A. as Co-Counsel Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1,* Nunc Pro Tunc *to the Commencement Date* [Del. Ct. ECF No. 124].

services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between RL&F and any other person other than the directors of RL&F for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

10.     The fee statement for the Compensation Period is attached hereto as **Exhibit A**. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of RL&F's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 5082-1, and the Interim Compensation Order.

### Actual and Necessary Expenses

11.     A summary of actual and necessary expenses and daily logs of expenses incurred by RL&F during the Compensation Period is attached hereto as **Exhibit B**.  RL&F charges all of its bankruptcy clients $0.10 per page for photocopying expenses and $0.10 per page for printing jobs.  Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.

12.     Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), RL&F charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal RL&F's actual cost.  RL&F currently is under contract to pay these providers a flat fee every month.  Charging its clients the on-line providers' standard usage rates allows RL&F to cover adequately the monthly flat fees it must pay to these types of providers.

13.    RL&F believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.   In addition RL&F believes that such charges are in accordance with the American Bar Association's ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

14.    The directors, counsel and associates of RL&F who have rendered professional services in these cases are as follows: Mark D. Collins, Russell C. Silberglied, Paul N. Heath, Zachary I. Shapiro, Amanda R. Steele, Brendan J. Schlauch, Brett M. Haywood, Christopher M. De Lillo, David T. Queroli, and Katherine M. Devanney.   The paraprofessionals of RL&F who have provided service to these attorneys in these cases are as follows: Ann Jerominski, Barbara J. Witters, Caroline E. Dougherty, M. Lynzy McGee, Cynthia S. McMenamin, Rebecca V. Speaker and Tesia S. Smith.

15.    RL&F, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Delaware Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

## Summary of Services By Project

16.    The services rendered by RL&F during the Compensation Period can be grouped into the categories set forth below.   These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**.   The attorneys and paraprofessionals who rendered services relating to each category are identified,

along with the number of hours for each individual and the total compensation sought for each

category, in **<u>Exhibit A</u>** attached hereto.

A.   <u>Case Administration/Miscellaneous Matters</u>

Fees:  $5,652.00          Total Hours:  20.3

This category includes all matters related to filing documents with the Delaware

Court, service thereof, maintenance of calendars, communications with the U.S. Trustee, review

of work in process reports, review of notices of appearance and maintaining service lists.

B.   <u>Creditor Inquiries</u>

Fees:  $3,813.00          Total Hours:  13.6

This category includes all matters related to responding to creditor inquiries.

C.   <u>Meetings</u>

Fees:  $11,142.50          Total Hours:  25.0

This category includes all matters related to preparing for and attending meetings

with the Debtors, the Committee, individual creditors, the U.S. Trustee, co-counsel and the

Debtors' other professionals.

D.   <u>Executory Contracts/Unexpired Leases</u>

Fees:  $1,414.50          Total Hours:  4.5

This category includes all matters related to contract and lease analysis and

matters related to assumption, assignment or rejection of executory contracts and unexpired

leases.

E.   <u>Automatic Stay/Adequate Protection</u>

Fees:  $727.00        Total Hours:  1.8

This category includes all matters related to motions to modify the automatic stay,

issues related to the effect of the automatic stay or pending matters, and all other types of actions

where adequate protection is the central issue.

      F.      <u>Plan of Reorganization/Disclosure Statement</u>

      Fees:  $0.00         Total Hours:  0.0

      This category includes all matters related to review, formulation, negotiation,

preparation and promulgation of plans of reorganization, disclosure statements, and related

corporate documentation and research relating thereto.

      G.      <u>Use, Sale, Lease of Assets</u>

      Fees:  $25,321.00         Total Hours:  63.8

      This category includes all matters relating to acquisitions, dispositions and other

postpetition uses of property of the estate.

      H.      <u>Cash Collateral/DIP Financing</u>

      Fees:  $32,254.00         Total Hours:  71.9

      This category includes all matters relating to negotiation and documentation of

debtor-in-possession financing and post-confirmation financing, all cash collateral issues and

related pleadings.

      I.      <u>Claims Administration</u>

      Fees:  $1,909.50         Total Hours:  4.7

      This category includes all matters related to claims administration matters and bar

date matters, including claims objections and related contested matters.

      J.      <u>Court Hearings</u>

      Fees:  $102,592.50         Total Hours:  245.8

      This category includes all matters related to preparation for and attendance at

court hearings.

K.      General Corporate/Real Estate

Fees:  $0.00          Total Hours:  0.0

This category includes all matters relating to transactional, corporate governance and related matters involving the Debtors' business operations that are not part of a plan of reorganization or disclosure statement.

L.      Schedules/SOFA/U.S. Trustee Reports

Fees:  $4,255.00          Total Hours:  10.5

This category includes preparation of schedules and amendments, statements of financial affairs and amendments, operating reports and other reports required by the U.S. Trustee or the Delaware Court.

M.      Employee Issues

Fees:  $8,215.50          Total Hours:  17.0

This category includes all matters related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

N.      Environmental

Fees:  $0.00          Total Hours:  0.0

This category includes all environmental matters, other than environmental aspects of the plan of reorganization.

O.      Tax Issues

Fees:  $1,165.50          Total Hours:  3.7

This category includes all federal and state income, property, employment, excise and other tax matters, other than the tax aspects of the plan of reorganization.

P.    Litigation/Adversary Proceedings

Fees:  $0.00          Total Hours:  0.0

This category includes all matters related to litigation and adversary proceedings.

Q-1.    RL&F Retention Applications

Fees:  $13,313.50     Total Hours:  39.3

This category includes all matters related to preparing applications to retain RL&F and supplements thereto.

Q-2.    Retention of Others

Fees:  $33,767.50     Total Hours:  92.4

This category includes time spent reviewing applications for retention of other professionals, objecting to the retention of other professionals, and assisting other professionals with preparing and filing retention applications.

R-1.    RL&F Fee Applications

Fees:  $1,665.00      Total Hours:  6.1

This category includes all time spent preparing, reviewing, filing and circulating monthly invoices and fee applications for RL&F.

R-2.    Fee Applications of Others

Fees:  $512.50        Total Hours:  1.1

This category includes time spent reviewing invoices or applications of other professionals, objecting to fees of other professionals and assisting other professionals with filing and circulating monthly invoices and applications.

S.    Vendor/Suppliers

Fees:  $4,686.00      Total Hours:  8.4

This category includes all matters related to vendors and suppliers, including reclamation issues.

T.    <u>Non-Working Travel</u>

Fees:  $0.00                    Total Hours:  0.0

This category includes all travel time not otherwise chargeable.

U.    <u>Utilities</u>

Fees:  $1,774.00                Total Hours:  5.2

This category includes all matters related to utility issues.

V.    <u>Insurance</u>

Fees:  $146.00                  Total Hours:  0.5

This category includes all matters related to insurance policies or coverage.

**Valuation of Services**

17.    Attorneys and paraprofessionals of RL&F have expended a total of 635.6 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|-----------|-------|-------------|
| Mark D. Collins | 5.6 | $900 |
| Russell C. Silberglied | 0.3 | $800 |
| Paul N. Heath | 116.7 | $725 |
| Zachary I. Shapiro | 21.2 | $560 |
| Amanda R. Steele | 0.9 | $530 |
| Brendan J. Schlauch | 2.4 | $410 |
| Brett M. Haywood | 130.1 | $385 |
| Christopher M. De Lillo | 3.6 | $320 |
| David T. Queroli | 173.2 | $320 |
| Katherine M. Devanney | 7.5 | $320 |

| PARAPROFESSIONALS | HOURS | HOURLY RATE |
|-------------------|-------|-------------|
| Ann Jerominski | 2.6 | $250 |
| Barbara J. Witters | 5.3 | $250 |
| Caroline E. Dougherty | 8.6 | $250 |
| M. Lynzy McGee | 97.3 | $250 |
| Cynthia S. McMenamin | 37.8 | $250 |
| Rebecca V. Speaker | 9.6 | $250 |
| Tesia S. Smith | 12.9 | $135 |

The nature of the work performed by these persons is fully set forth in **Exhibit A** attached hereto.  These are RL&F's normal hourly rates for work of this character.  The reasonable value of the services rendered by RL&F to the Debtors during the Compensation Period is $254,326.50.

18.    In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by RL&F is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under title 11 of the Bankruptcy Code.  Moreover, RL&F has reviewed the requirements of Local Rule 5082-1 and believes that this Application complies with that Rule.

WHEREFORE, RL&F respectfully requests that the Court authorize that, for the Compensation Period, a final allowance be made to RL&F pursuant to the terms of the Interim Compensation Order, with respect to the sum of $254,326.50 as compensation for necessary professional services rendered and the sum of $15,217.30 as 100% reimbursement of actual necessary costs and expenses, for a total of $269,543.80, and that such sums be authorized for payment in accordance with the Interim Compensation Order and for such other and further relief as this Court may deem just and proper.

Dated: September 5, 2017
      Wilmington, Delaware

                                    */s/ David T. Queroli*
                                    RICHARDS, LAYTON & FINGER, P.A.
                                    Mark D. Collins (DE Bar No. 2981)
                                    Paul N. Heath (DE Bar No. 3704)
                                    Brett M. Haywood (DE Bar No. 6166)
                                    David T. Queroli (DE Bar No. 6318)
                                    One Rodney Square
                                    920 North King Street
                                    Wilmington, Delaware 19801
                                    Telephone:  (302) 651-7700
                                    Facsimile:  (302) 651-7701

                                    *Former Co-Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*,[1] | ) | Case No. 17-13886 (PSH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**CERTIFICATION REGARDING**
**FIRST AND FINAL APPLICATION OF**
**RICHARDS, LAYTON & FINGER, P.A. FOR**
**ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND FOR REIMBURSEMENT OF EXPENSES**
**AS FORMER CO-COUNSEL TO THE DEBTORS AND DEBTORS**
**IN POSSESSION FOR THE PERIOD FROM MAY 4, 2017 THROUGH JUNE 30, 2017**

1.      I am an attorney admitted to practice in the State of Delaware and an associate of the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), which served as Delaware counsel for the Debtors.  RL&F is a Delaware law firm with an office at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801.

2.      I make this certification regarding the *First and Final Application of Richards, Layton & Finger, P.A. for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Former Co-Counsel to the Debtors and Debtors in Possession for the Period from May 4, 2017 through June 30, 2017* (the "**Application**") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

*Reimbursement of Expenses of Professionals*, dated May 31, 2017 [Del. Ct. ECF No. 305] (the

"**Interim Compensation Order**").[2]

3.     I hereby certify that RL&F, through McDonald Hopkins LLC, has conferred with

the Office of the United States Trustee for the Northern District of Illinois ("**U.S. Trustee**")

regarding this Application.  The U.S. Trustee has confirmed that RL&F does not need to comply

with Appendix B in the *Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11*

*Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**").

4.     I have reviewed the Application and I hereby certify that such application

complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules and the Local Rules.   In addition, I hereby certify that, in

accordance with the Interim Compensation Order, and in connection with preparing the

Application, RL&F has made a reasonable effort to comply with the U.S. Trustee's requests for

information and additional disclosures set forth in the U.S. Trustee Guidelines.  To that end,

RL&F specifically responds to certain questions identified in the U.S. Trustee Guidelines as

follows:


Question 1:     Did RL&F agree to any variations from, or alternatives to, RL&F's
standard or customary billing rates, fees or terms for services pertaining to this
engagement that were provided during the application period?  If so, please explain.

Answer:       No.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim
Compensation Order and Application as context requires.

<u>Question 2</u>:    If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did RL&F discuss the reasons for the variation with the client?

<u>Answer</u>:        N/A.

<u>Question 3</u>:    Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>:        No.

<u>Question 4</u>:    Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

<u>Answer</u>:        No.

<u>Question 5</u>:    Does the Application include time for fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify hours and fees.

<u>Answer</u>:        No.

<u>Question 6</u>:    If the Application includes any rate increases since retention in these cases:

i.        Did the client review and approve those rate increases in advance?

<u>Answer</u>:        The Application does not include any rate increases since retention.

ii.    Did the client agree when retaining RL&F to accept all future rate increases?  If not, did RL&F inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer:    The client did not approve such rate increases in advance but was

notified at the outset of the engagement that RL&F's hourly rates are reviewed and

revised from time to time.

Dated: September 5, 2017
            Wilmington, Delaware

_/s/ David T. Queroli_____
David T. Queroli (DE Bar No. 6318)

**<u>Exhibit A</u>**

**Exhibit B**