**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Obj. Deadline:  December 14, 2017** |
| | ) | **Hearing Date:  December 21, 2017** |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF SAUL EWING LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS DELAWARE COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF CENTRAL GROCERS, INC., *ET AL.*
FOR THE PERIOD FROM MAY 15, 2017 THROUGH JUNE 20, 2017**

**PLEASE TAKE NOTICE** that on May 2, 2017, an involuntary Chapter 7 petition was filed against Central Grocers, Inc. ("CGI") in the United States Bankruptcy Court for the Northern District of Illinois (the "Illinois Court").

**PLEASE TAKE FURTHER NOTICE** that on May 4, 2017, CGI and eleven of its affiliates (collectively, the "Debtors") filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court").

**PLEASE TAKE FURTHER NOTICE** that on May 31, 2017, the Delaware Court entered an order establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses of professionals whose services are authorized by the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) (the "Compensation Procedures Order"). *See In re Central Grocers, Inc., et al.*, No. 17-10093 (Bankr. D. Del. May 4, 2017), ECF No. 305.

**PLEASE TAKE FURTHER NOTICE** that on June 8, 2017, the Illinois Court entered an order transferring the Chapter 11 Cases to the Illinois Court. ECF No. 93 (the "Transfer Order"). Paragraph Five of the Transfer Order provides that "[a]ll orders entered in the [Delaware Court] in the Transferred Cases shall remain in full force and effect and shall be deemed to be entered in the Illinois Bankruptcy Court."

**PLEASE TAKE FURTHER NOTICE** that on June 23, 2017, the Debtors filed the Compensation Procedures Order in the Illinois Court  [Dkt. No. 220]

PLEASE TAKE FURTHER NOTICE that on August 11, 2017, the **First Monthly Fee Statement and Final Fee Application of Saul Ewing LLP**[1] **for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Delaware Counsel to the Official Committee of Unsecured Creditors of Central Grocers, Inc.,** *et al.* (the "Committee") **for the Period from May 15, 2017 through June 20, 2017** (the "Application") was filed with the Court [ECF 525]. The Application seeks the approval of payment for professional services rendered as Delaware counsel to the Committee from May 15, 2017 through June 20, 2017 in the amount of $90,225.00, the approval of payment for the professional fees associated with the drafting of the Application in the amount of $1,435.00, and the reimbursement of expenses in the amount of $1,841.70.

PLEASE TAKE FURTHER NOTICE that on August 29, 2017, PNC Bank, National Association (the "Agent"), in its capacity as administrative agent under that certain Credit Agreement, dated as of June 15, 2011, and in its capacity as administrative agent under certain Debtor-in-Possession Credit Agreement, dated as of May 19, 2017, timely filed with the Court its *Omnibus Objection on a Limited Basis and Reservation of Rights of PNC Bank, National Association, as Agent, to Committee Professionals' First Monthly Fee Applications* [ECF No. 666] objecting to, *inter alia*, the allowance of the Application on a final basis (the "Objection"). The Objection was partially resolved as of September 12, 2017, and the Agent authorized Saul Ewing to be paid 80% of fees and 100% reimbursement of expenses as a fee statement pursuant to the Compensation Procedures.

PLEASE TAKE FURTHER NOTICE that the Application has been re-filed for approval on a final basis and a hearing with respect to the Application will be held on **December 21, 2017 at 10:00 a.m.** before the Honorable Pamela S. Hollis, United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, IL 60604

PLEASE TAKE FURTHER NOTICE that objections to the Application, if any, must be filed on or before **December 14, 2017 at 4:00 p.m.** (the "Objection Deadline") with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, IL 60604. You must also serve any such objection so as to be received upon the affected Retained Professional and each of the Notice Parties such that each Notice Party actually receives the objection on or before the Objection Deadline.

---

[1] On September 1, 2017, Arnstein & Lehr LLP, Illinois co-counsel to the Committee, merged with Saul Ewing LLP, Delaware co-counsel to the Committee, to form Saul Ewing Arnstein & Lehr LLP

Respectfully submitted,

Dated:  December 5, 2017             SAUL EWING ARNSTEIN & LEHR LLP

By: */s/ Kevin H. Morse*

Barry A. Chatz (06196639)
Kevin H. Morse (06297244)
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tel: (312) 876-7100
Fax: (312) 876-0288

-- and --

Mark Minuti (DE Bar No. 2659)
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

*Co-Counsel to the Official Committee*
*of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Obj. Deadline:  December 14, 2017** |
| | ) | **Hearing Date:  December 21, 2017** |

**SUMMARY COVER SHEET TO FIRST AND FINAL FEE APPLICATION OF SAUL
EWING LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS DELAWARE COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CENTRAL GROCERS,
INC., et al. FOR THE PERIOD FROM MAY 15, 2017 THROUGH JUNE 20, 2017**

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | June 20, 2017, *nunc pro tunc* to May 15, 2017 |
| Period for Which Compensation and Reimbursement Is Sought: | May 15, 2017 through and including June 20, 2017 |
| Amount of Compensation During the Application Period Sought as Actual, Reasonable and Necessary: | $90,225.00 |
| Amount of Compensation Paid to Date / Remaining "Hold Back" Requested: | $72,180.00 (80%) / $18,045.00 (20%) |
| Amount of Expense Reimbursement Paid as Actual, Reasonable and Necessary: | $1,841.70 |
| Blended Hourly Rate for All Attorneys During the Application Period: | $509.86 |
| Blended Hourly Rate for All Timekeepers During the Application Period: | $464.36 |
| Amount of Compensation Sought Relating to Drafting This Application | $1,435.00 |

666457.3 12/5/17

| Number of Professionals Included in this Application: | 4 |
|---|---|
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 1 |

This is an: **X** monthly          ___ interim      **X** final application.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Obj. Deadline:  December 14, 2017** |
|  | ) | **Hearing Date:  December 21, 2017** |

**FIRST AND FINAL FEE APPLICATION OF SAUL EWING LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS DELAWARE COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF CENTRAL GROCERS, INC., et al.
FOR THE PERIOD FROM MAY 15, 2017 THROUGH JUNE 20, 2017**

Saul Ewing LLP[2] ("Saul Ewing" or "Applicant"), Delaware counsel for the Official

Committee of Unsecured Creditors of Central Grocers, Inc., *et al.* (the "Committee"), submits

this final fee application (the "Application") allowing compensation for services rendered and

reimbursement of expenses incurred as Delaware counsel to the Committee on a final basis, for

the period from May 15, 2017 through June 20, 2017 (the "Application Period") under sections

330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), United States Bankruptcy

Court, Northern District of Illinois, Local Rule 5082-1 (the "Local Rules"), and the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals and Official Committee Members* (the "Compensation Procedures Order").  On

May 31, 2017, the United States Bankruptcy Court for the District of Court (the "Delaware

---

[2] On September 1, 2017, Arnstein & Lehr LLP, Illinois co-counsel to the Committee, merged with Saul
Ewing LLP, Delaware co-counsel to the Committee, to form Saul Ewing Arnstein & Lehr LLP.  The fees
and costs sought in this final fee application relate only to those services Saul Ewing LLP provided as
Delaware co-counsel to the Committee.

Court") entered the Compensation Procedures Order.  *See In re Central Grocers, Inc., et al.*, Case No. 17-10993 [Docket No. 305].  The Compensation Procedures Order was docketed in the above-captioned cases on June 23, 2017 [Docket No. 220].

By this Application, Saul Ewing seeks (i) an allowance of monthly and final allowance of compensation in the amount of (a) $90,225.00 for professional services rendered during the Compensation Period and (b) $1,435.00 for professional services relating to drafting this Application, and (c) actual and necessary expenses in the amount of $1,841.70, for a total allowance of $93,501.70 and (ii) authorizing the Debtors to pay the allowed fees and expenses. In support of the Application, Saul Ewing respectfully represents as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## Background

3.      On May 2, 2017, an involuntary Chapter 7 petition was filed against Central Grocers, Inc. ("CGI") in the United States Bankruptcy Court for the Northern District of Illinois (the "Illinois Court").

4.      On May 4, 2017, CGI and eleven of its affiliates (collectively, the "Debtors") filed voluntary Chapter 11 petitions in the Delaware Court (the "Chapter 11 Cases").

5.      On May 15, 2017, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors of Central Grocers, Inc., *et al*. (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

6.      On May 15, 2017, the Committee selected Saul Ewing to serve as its Delaware counsel.

7.      On May 31, 2017, the Delaware Bankruptcy Court entered the Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

8.      On June 8, 2017, the Illinois Court entered an order transferring the Chapter 11 Cases to the Illinois Court [Docket No. 93] (the "Transfer Order").  Paragraph Five of the Transfer Order provides that "[a]ll orders entered in the [Delaware Court] in the Transferred Cases shall remain in full force and effect and shall be deemed to be entered in the Illinois Bankruptcy Court."

9.      The Compensation Procedures Order also states that attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy Code must comply with certain requirements of the United States Trustee's (the "UST") *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines").

10.     On June 20, 2017, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to May 15, 2017* [Docket No. 197] (the "Saul Ewing Retention Order").  The Saul Ewing Retention Order authorized Saul Ewing to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

11.     Saul Ewing's representation of the Committee has now concluded, with Kilpatrick Townsend & Stockton LLP continuing to represent the Committee and Arnstein & Lehr LLP serving as Illinois counsel to the Committee.

### Saul Ewing's Fee Application

**Summary of Legal Services by Project Category**

12.      Pursuant to section C.3 of the UST Guidelines, Saul Ewing's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys.  In addition, Saul Ewing's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Saul Ewing's blended hourly rates for attorneys and paraprofessionals for all sections of the firm, excluding the Bankruptcy and Restructuring section, for the prior calendar year is set forth below.

| Category of Timekeeper | Blended Hourly Rate Billed This Application | Firm-Wide Range of Hourly Billing Rates |
|---|---|---|
| Senior Partners | $710.00 | $556.00 |
| Junior Partners | $0.00 | $463.00 |
| Special Counsel | $475.00 | $453.00 |
| Senior Associates | $395.00 | $351.00 |
| Junior Associates | $0.00 | $280.00 |
| Paraprofessionals | $205.00 | $253.00 |
| Other (Litigation, Support, Clerical) | $0.00 | $200.00 |
| **Aggregated Blended Hourly Rate** | **$464.36** | **$438.00** |

13.    The time expended by each billing professional during the Application Period is

set forth below and summarized as follows:

| Name of Professional Person | Position with the applicant and number of years in that position | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|
| Mark Minuti | Partner (since 1997) | Bankruptcy | $710 | 26.70 | $18,957.00 |
| Lucian B. Murley | Special Counsel (since 2015) | Bankruptcy | $475 | 132.20 | $62,795.00 |
| Monique B. DiSabatino | Associate (since 2010) | Bankruptcy | $395 | 6.40 | $2,528.00 |
| Robyn E. Warren | Paraprofessional | Bankruptcy | $205 | 29.00 | $5,945.00 |
| **TOTAL** | | | | **194.30** | **$90,225.00** |
| Attorney Compensation:  $84,280.00 | | | | | |
| Total Attorney Hours:  165.30 | | | | | |
| Attorney Blended Hourly Rate: $509.86 | | | | | |
| All Timekeepers Blended Hourly Rate: $464.36 | | | | | |

14.    The services rendered by Saul Ewing during the Application Period can be

grouped in the categories set forth below.  The following chart is a summary of the fees and

hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Sale | 24.10 | $11,774.50 |
| Budgeting (Case) | 2.70 | $1,282.50 |
| Case Administration | 42.80 | $19,570.50 |
| Claim Administration, Objection, Proofs of Claim and Bar Date | 0.60 | $332.00 |
| Committee Matters | 34.20 | $16,399.00 |
| Creditor Inquiries | 2.20 | $1,045.00 |
| Executory Contracts and Unexpired Leases | 0.70 | $332.50 |
| Fee/Employment Application (Saul Ewing) | 20.50 | $7,544.00 |
| Fee/Employment Applications (Other) | 9.20 | $3,553.00 |
| Fee/Employment Objections | 10.10 | $4,924.50 |
| Financing and Cash Collateral | 24.70 | $12,234.00 |

5

| | | |
|---|---|---|
| Preparation For and Attendance at Hearing | 17.40 | $8,670.00 |
| Statements and Schedules | 0.30 | $142.50 |
| UST Reports, Meetings and Issues | 2.70 | $1,423.50 |
| Vendor Matters | 2.10 | $997.50 |
| **TOTAL** | **194.30** | **$90,225.00** |

15.     These categories are generally described below.

(a)     Asset Sales.  This category includes all work relating to the sale and disposition of the Debtors' assets.  Time in this category includes reviewing the sale and bid procedures motions and related documents and all objections and replies filed to the same; communicating with Committee's lead counsel, Kilpatrick Townsend & Stockton LLP ("KTS") regarding the sale motion, bid procedures, objections to same and sale issues; communicating with counsel for potential buyer of the assets, communicating with Debtors' counsel regarding the sale process and bid procedures; drafting, revising and filing an objection to the bid procedures.  Saul Ewing spent 24.10 hours of attorney and paraprofessional time on the foregoing services, as is more fully described in **Exhibit A**.  Said services have a value of $11,774.50 for which Saul Ewing is seeking compensation.

| Asset Sales | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 3.0 | $2,130.00 |
| L. Murley | Special Counsel | 19.70 | $9,357.50 |
| R. Warren | Paraprofessional | 1.40 | $287.00 |
| **Total** | | **24.10** | **$11,774.50** |

(b)     Budgeting (Case).  This category includes all work relating to Revised UST Guidelines.  Time in this category includes reviewing the Revised UST Guidelines and communicating with KTS regarding the Revised UST Guidelines and budgeting and staffing plans.  Saul Ewing spent 2.70 hours of attorney time on the foregoing services, as is more fully described in **Exhibit B**.  Said services have a value of $1,282.50 for which Saul Ewing is seeking compensation.

| Budgeting (Case) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Special Counsel | 2.70 | $1,282.50 |
| **Total** | | **2.70** | **$1,282.50** |

(c)     Case Administration.  This category includes all matters related to work regarding administration of the case.  Time in this category includes drafting and filing pro hac motions and an entry of appearance; reviewing and analyzing all pleadings filed by the Debtors and any objections filed thereto; drafting and revising a critical date memorandum and a chart of case issues; communicating with KTS regarding a critical date memorandum, the Illinois Court proceedings, issues with Debtors' motions and various case issues; reviewing the pleadings filed in the Illinois Court proceedings; drafting, revising and filing an objection to the Debtors' wages motion; and communicating with the Delaware and Illinois Courts regarding various hearing dates and any other services related to the general administration of the Chapter 11 cases.  Saul Ewing spent 42.80 hours of attorney and paraprofessional time on the foregoing services, as is more fully described in **Exhibit C**.  Said services have a value of $19,570.50 for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 5.50 | $3,905.00 |
| L. Murley | Special Counsel | 29.70 | $14,107.50 |
| R. Warren | Paraprofessional | 7.60 | $1,558.00 |
| **Total** | | **42.80** | **$19,570.50** |

(d)     Claim Analysis, Proofs of Claim and Bar Date.  This category includes all time spent in connection with various claim issues.  Time in this category includes reviewing various reclamation claims and communicating with KTS regarding PACA claim issues.  Saul Ewing spent 0.60 hours of attorney time on the foregoing services, as is more fully described in **Exhibit D**.  Said services have a value of $332.00 for which Saul Ewing is seeking compensation.

| Claim Analysis, Proofs of Claim and Bar Date | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.20 | $142.00 |
| L. Murley | Special Counsel | 0.40 | $190.00 |
| **Total** | | **0.60** | **$332.00** |

(e)     Committee Matters.  This category includes all time spent in connection with issues involving the Committee.  Time in this category includes drafting, revising and updating Committee updates on case status; communicating with KTS regarding Committee member reimbursement, updates to the Committee, 2019 statement and Committee calls; communicating with the Committee regarding a summary and recommendations regarding motions filed by the Debtors; drafting and revising a Committee 2019 statement; drafting, revising and

filing a Committee confidentiality motion; preparing for and engaging in status calls with the Committee.  Saul Ewing spent 34.20 hours of attorney and paraprofessional time on the foregoing services, as is more fully described in **Exhibit E**.  Said services have a value of $16,399.00 for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 4.0 | $2,840.00 |
| L. Murley | Special Counsel | 25.60 | $12,160.00 |
| M. DiSabatino | Associate | 2.40 | $948.00 |
| R. Warren | Paraprofessional | 2.20 | $451.00 |
| **Total** | | **34.20** | **$16,399.00** |

(f)      Creditor Inquiries.  This category includes all time spent in connection with communicating with creditors regarding case status and various case issues.  Saul Ewing spent 2.20 hours of attorney time on the foregoing services, as is more fully described in **Exhibit F**.  Said services have a value of $1,045.00 for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Special Counsel | 2.20 | $1,045.00 |
| **Total** | | **2.20** | **$1,045.00** |

(g)      Executory Contracts and Unexpired Leases.  This category includes all time spent in connection with executory contracts and unexpired leases of real property.  Time in this category includes reviewing a notice of assumption of leases/executory contract, the proposed lease rejection order and an objection to the lease rejection procedures.  Saul Ewing spent 0.70 hours of attorney time on the foregoing services, as is more fully described in **Exhibit G**.  Said services have a value of $332.50 for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Special Counsel | 0.70 | $332.50 |
| **Total** | | **0.70** | **$332.50** |

(h)      Fee/Employment Applications (Saul Ewing).  This category includes all matters related to the review and preparation of a retention application and fee

applications for Saul Ewing.  Time in this category includes drafting, revising and
filing Saul Ewing's retention application; preparing conflicts information for the
retention application; preparing charts of potential conflicts and former clients;
drafting and revising a declaration in support of Saul Ewing's retention
application; and internal communications regarding conflicts and Saul Ewing's
retention application.   Saul Ewing spent 20.50 hours of attorney and
paraprofessional time on the foregoing services, as is more fully described in
**Exhibit H**.  Said services have a value of $7,544.00 for which Saul Ewing is
seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.30 | $213.00 |
| L. Murley | Special Counsel | 9.00 | $4,275.00 |
| M. DiSabatino | Associate | 4.00 | $1,580.00 |
| R. Warren | Paraprofessional | 7.20 | $1,476.00 |
| **Total** | | **20.50** | **$7,544.00** |

(i)      Fee/Employment Applications (Other Professionals).   This category
includes all matters related to the review and analysis and filing of retention and
fee applications for other professionals in these Chapter 11 cases.  Time in this
category includes reviewing the ordinary course professional motion, various
Debtors' professionals retention applications, and the interim compensation
motion; reviewing, revising and filing KTS' and FTI Consulting, Inc. ("FTI")
retention applications; and communicating with KTS and FTI regarding their
retention applications.    Saul Ewing spent 9.20 hours of attorney and
paraprofessional time on the foregoing services, as is more fully described in
**Exhibit I**.  Said services have a value of $3,553.00 for which Saul Ewing is
seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.20 | $142.00 |
| L. Murley | Special Counsel | 5.80 | $2,755.00 |
| R. Warren | Paraprofessional | 3.20 | $656.00 |
| **Total** | | **9.20** | **$3,553.00** |

(j)      Fee/Employment Objections.  This category includes all matters related to
objections to retention and fee applications of the Debtors' and Committee
professionals.   Time in this category includes drafting an objection to the
retention of Peter J. Solomon Company ("PJS"); communicating with KTS

9

regarding PJS' retention and objection to same; and communication with the Debtors' counsel regarding a resolution to the retention of PJS. Saul Ewing spent 10.10 hours of attorney and paraprofessional time on the foregoing services, as is more fully described in **Exhibit J**. Said services have a value of $4,924.50 for which Saul Ewing is seeking compensation.

| Fee/Employment Objections | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 1.00 | $710.00 |
| L. Murley | Special Counsel | 8.70 | $4,132.50 |
| R. Warren | Paraprofessional | 0.40 | $82.00 |
| **Total** | | **10.10** | **$4,924.50** |

(k)    Financing and Cash Collateral. This category includes all matters relating to debtor in possession financing (the "DIP") and cash collateral issues. Time in this category includes reviewing the Debtors' DIP motion and objections filed to same, the budget and the cash management order; reviewing, revising and filing a limited objection to the DIP motion and an objection to the final DIP order; drafting, revising and filing a motion to file the objection to the final DIP order under seal; conducting research regarding roll up in context of DIP motion; and communicating with KTS regarding the DIP motion and objection to same, the cash collateral order and negotiations with the Debtors regarding the final DIP order and the budget. Saul Ewing spent 24.70 hours of attorney and paraprofessional time on the foregoing services, as is more fully described in **Exhibit K**. Said services have a value of $12,234.00 for which Saul Ewing is seeking compensation.

| Financing and Cash Collateral | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 6.5 | $4,615.00 |
| L. Murley | Special Counsel | 14.40 | $6,840.00 |
| R. Warren | Paraprofessional | 3.80 | $779.00 |
| **Total** | | **24.70** | **$12,234.00** |

(l)    Preparation for and Attendance at Hearing. This category includes time related to the preparation for and attendance at various court hearings. Time in this category includes preparing for and attending hearings; preparing hearing binders and final orders; communicating with KTS regarding hearings. Saul Ewing spent 17.40 hours of attorney and paraprofessional time on the foregoing services, as is more fully described in **Exhibit L**. Said services have a value of $8,670.00 for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 5.40 | $3,834.00 |
| L. Murley | Special Counsel | 8.80 | $4,180.00 |
| R. Warren | Paraprofessional | 3.20 | $656.00 |
| **Total** | | **17.40** | **$8,670.00** |

(m)    Statements and Schedules.    This category includes time related to the schedules and statements of financial affairs.    Time in this category includes reviewing the motion to extend deadline to file schedules.    Saul Ewing spent 0.30 hours of attorney time on the foregoing services, as is more fully described in **Exhibit M**.    Said services have a value of $142.50 for which Saul Ewing is seeking compensation.

| Statements and Schedules | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Special Counsel | 0.30 | $142.50 |
| **Total** | | **0.30** | **$142.50** |

(n)    UST Reports, Meetings and Issues.    This category includes time related to operating reports and other information required by the UST or the Bankruptcy Court.    Time in this category includes reviewing the Debtors' initial operating report and communicating with KTS and the UST regarding the Delaware 341 meeting. Saul Ewing spent 2.70 hours of attorney time on the foregoing services, as is more fully described in **Exhibit N**.    Said services have a value of $1,423.50 for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.60 | $426.00 |
| L. Murley | Special Counsel | 2.10 | $997.50 |
| **Total** | | **2.70** | **$1423.50** |

(o)    Vendor Matters.    This category includes all matters related to the Debtors' vendors.    Time in this category includes reviewing and revising the Debtors' final critical vendor order and the PACA/PASA claimant order; reviewing the list of paid and unpaid PACA/PASA claims; and communicating with KTS regarding PACA/PASA.    Saul Ewing spent 2.10 hours of attorney time on the foregoing

11

services, as is more fully described in **Exhibit O**.  Said services have a value of $997.50 for which Saul Ewing is seeking compensation.

| Statements and Schedules | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Special Counsel | 2.10 | $997.50 |
| **Total** | | **2.10** | **$997.50** |

(p)    Expenses.  **Exhibit P** lists expenses, such as copying costs at 10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research.  Saul Ewing has voluntarily reduced its copying charges from $.25 per page to $.10 per page, and has eliminated the cost of sending and receiving faxes.  Saul Ewing seeks $1,841.70 in expenses.

| EXPENSES | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| Photocopying (5,806 pages @ $.10 per page) | | $580.60 |
| Postage | *U.S. Post Office* | $126.00 |
| Filing Fees | *United States District Court* | $75.00 |
| Legal Research | *Westlaw* | $581.50 |
| Teleconference | *CourtCall* | $271.00 |
| Transcripts | *Reliable Copy Service* | $207.60 |
| **Total** | | **$1841.70** |

16.    In addition to the foregoing, Saul Ewing drafted and revised this Application in August 2017, expending 7 hours of paraprofessional time. Saul Ewing seeks the corresponding compensation, $1,435.00, through this Application.  Attorneys for Saul Ewing LLP reviewed, revised, and executed this Application, but did not bill for their time in doing so.

**Supplemental Disclosures Required By Revised UST Guidelines**

17.    The following statements address the information required pursuant to section C.5. of the UST Guidelines:

a.  During the Application Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement, except as described herein.

b.  None of the professionals included in this Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

c.  This Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

d.  This Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

18.   Saul Ewing has not previously applied for payment of any fees or reimbursement of any disbursement during these cases.  Saul Ewing does not hold a retainer in respect of its services as Delaware counsel to the Committee.

19.   In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Saul Ewing and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

20.   No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Saul Ewing.

**Compliance with Bankruptcy Code, Local Rules, Compensation Procedures Order and Revised UST Guidelines**

21.   The Committee, through Arnstein & Lehr LLP, has conferred with the Office of the U.S. Trustee for the Northern District of Illinois (the "UST") regarding this Application.  The UST confirmed that Saul Ewing need not comply with Appendix B in the Revised UST Guidelines—namely, submission of a budget and staffing plan in connection with this Application—given that Saul Ewing's representation of the Committee has now ended. This Application has been shared with the Committee, the Committee has approved this Application, and the Committee does not

13

believe that a budget and staffing plan under Appendix B of the Revised UST Guidelines should be required in connection with this Application.

22.     To the best of Saul Ewing's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Compensation Procedures Order, and the Revised UST Guidelines, other than as set forth in the foregoing paragraph.

23.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Saul Ewing submits that the services provided to the Committee by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given (a) the complexity of these Chapter 11 Cases; (b) the time expended; (c) the issues involved; (d) the nature and extent of services provided, (e) the value of the such services; and (e) the cost of comparable services outside of bankruptcy.

24.     Attached hereto as **Exhibit Q** is a declaration of Applicant with respect to the Application.

### Request for Shortened Notice

25.     Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1), shortened notice may be ordered at the Court's discretion "for cause shown."  Good cause exists for filing this Fee Application on sixteen (16) days' notice and requesting that the Court shorten the notice period.

26.     On November 16, 2017, the Court approved a settlement agreement between the Agent and Committee that resolved, *inter alia*, any objections the Agent had to Committee professional fees.  The effective date of the settlement agreement was December 3, 2017.  On November 30, 2017, the Court granted the Debtors' motion to convert the Chapter 11 cases to cases under Chapter 7.  The conversion order provided committee professionals a deadline of forty-five (45) days to file final fee applications.

14

27.    Saul Ewing could not file the Application before or contemporaneously with the settlement motion or conversion motion because final allowance of Committee professional fees was contingent upon the settlement agreement going effective.  Moreover, there is no prejudice to any party receiving this Application on shortened notice.  The Application is being filed sixteen (16) days before presentment, and any party wishing to file an objection will have ample time to do so

WHEREFORE, Saul Ewing respectfully requests that the Court enter an order providing: (i) that a final allowance be made to Saul Ewing in the amount of (a) $90,225.00 as compensation for reasonable and necessary professional services rendered during the Application Period as Delaware counsel to the Committee, (b) $1,435.00 as compensation for reasonable and necessary professional services rendered in connection with drafting this Application, and (c) $1,841.70 for reimbursement of actual and necessary costs and expenses incurred, for a total of $93,501.70; (ii) that the Debtors' representative is authorized and directed to pay to Saul Ewing the outstanding amount of all such sums; and (iii) such other and further relief as the Court deems just and proper.

Dated:  December 5, 2017                    SAUL EWING ARNSTEIN & LEHR LLP

By: */s/ Kevin H. Morse*

Barry A. Chatz (06196639)
Kevin H. Morse (06297244)
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tel: (312) 876-7100
Fax: (312) 876-0288

-- and --

Mark Minuti (DE Bar No. 2659)
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

*Co-Counsel to the Official Committee
of Unsecured Creditors.*