## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| In re | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*, | Case No. 17-13886 (PSH) |
|  | (Jointly Administered) |
| Debtors.[1] |  |
|  | **Hearing Date: February 15, 2018** |
|  | **Hearing Time: 11:00 a.m. (Central Time)** |

## NOTICE OF SECOND AND FINAL FEE APPLICATION OF MCDONALD HOPKINS LLC, AS COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (MAY 4, 2017 THROUGH JANUARY 18, 2018)

**PLEASE TAKE NOTICE** that on January 18, 2018, the *Second and Final Fee Application of McDonald Hopkins LLC, as Counsel to the Debtors, for Allowance and Payment of Administrative Claim for Compensation and Reimbursement of Expenses (May 4, 2017 Through January 18, 2018)* (the **"Final Fee Application"**) was filed in above-captioned cases by McDonald Hopkins LLC (**"McDonald Hopkins"**), counsel for the debtors and debtors in possession (collectively, the **"Debtors"**).

**PLEASE TAKE FURTHER NOTICE** that the McDonald Hopkins has requested that the Final Fee Application be heard on **February 15, 2018, at 11:00 a.m. (Central Time)** (the **"Hearing"**), before the Honorable Judge Pamela S. Hollis or any other judge who may be sitting in her place and stead, in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Final Fee Application must be filed on the docket of the above-captioned cases and served on McDonald Hopkins by no later than **February 8, 2018, at 4:00 p.m. (Central Time)** and that any such objection shall be heard at hearing on **February 15, 2018, at 11:00 a.m. (Central Time)**, before the Honorable Judge Pamela S. Hollis or any other judge who may be sitting in her place and stead, in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.  If any objections to the Final Fee Application are received, the Hearing may be adjourned to a later

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

date upon further notice to provide parties in interest an opportunity to review and respond to any objections.

      **PLEASE TAKE FURTHER NOTICE** that copies of all documents are available free of charge by visiting the case website maintained by Prime Clerk LLC, notice and claims agent for these chapter 7 cases, available at <u>https://cases.primeclerk.com/centralgrocers</u> or by calling (866) 727-8489. You may also obtain copies of any pleadings by visiting the Court's website at <u>www.ilnb.uscourts.gov</u> in accordance with the procedures and fees set forth therein. If any objections to the Final Fee Application are received, the Hearing may be adjourned to a later date.

      **PLEASE TAKE FURTHER NOTICE** that McDonald Hopkins LLC requests approval of the following:

|  |  |
|---|---|
| **Total Compensation:** | **$461,601.50** |
| **Total Expenses:** | **$12,181.11** |

Dated: January 18, 2018  
     Chicago, Illinois

/s/ David A. Agay  
David A. Agay (ARDC No. 6244314)  
Joshua A. Gadharf (ARDC No. 6296543)  
MCDONALD HOPKINS LLC  
300 North LaSalle Street  
Suite 1400  
Chicago, Illinois 60654  
Telephone:  (312) 642-2217  
Facsimile:  (312) 280-8232  
E-mail: dagay@mcdonaldhopkins.com  
        jgadharf@mcdonaldhopkins.com

*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re | ) Chapter 7 |
| | ) |
| CENTRAL GROCERS, INC., *et al.*, | ) Case No. 17-13886 (PSH) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) **Hearing Date: February 15, 2018** |
| | ) **Hearing Time: 11:00 a.m. (Central Time)** |

**COVER SHEET FOR SECOND AND FINAL FEE APPLICATION OF MCDONALD
HOPKINS LLC, AS COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES (MAY 4, 2017 THROUGH JANUARY 18, 2018)**

| | |
|---|---|
| Name of Applicant: | McDonald Hopkins LLC |
| Name of Client: | The Debtors |
| This is a: | ___ interim application  _x_  final application |
| Time Period Covered by this Final Fee Application: | May 4, 2017 through January 18, 2018 |
| Total Compensation Sought: | $461,601.50 ($340,794.00 for the period from September 1, 2017 through January 18, 2017 (the "**Second Interim Fee Period**") |
| Total Expenses Sought: | $12,181.11 ($8,641.04 for the Second Interim Fee Period) |
| Retention Date: | June 9, 2017 |
| Date of Order Approving Employment: | June 20, 2017, nunc pro tunc to June 9, 2017 [ECF No. 196] |
| Prior Interim Application: | First Interim Fee Application [ECF No. 844] |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

{7154321: }

| | |
|---|---|
| Total Allowed Compensation Paid to Date: | $368,222.60 |
| Total Allowed Expenses Paid to Date: | $5,610.28 |
| Blended Hourly Rate for All Attorneys for the Final Fee Period | $411.12 |
| Blended Hourly Rate for All Timekeepers for the Final Fee Period | $397.62 |
| Number of Professionals Included in this Final Fee Application: | 9 |
| Number of Professionals Billing Fewer than 15 Hours to the Cases During the Final Fee Period: | 3 |

**Prior Interim Applications:**

| Application | Date Filed | Date Approved | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|---|---|
| First Interim Fee Application [ECF No. 844] | 10/16/17 | 11/16/17 [ECF No. 991] | 5/4/17 to 8/31/17 | $131,568.57[2] | $124,347.57 | $124,347.57 |

**Summary of Pending Monthly Fee Statements**
**September 1, 2017 – January 18, 2018**

| Date Served | Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 10/20/17 | 9/1/17 to 9/30/17 | 264.5 | $106,940.00 | $85,552.00 | $222.71 | $222.71 | $21,388.00 |
| 11/10/17 | 10/1/17 to 10/31/17 | 236.0 | $96,824.50 | $77,459.60 | $1,226.04 | $1,226.04 | $19,364.90 |
| 12/20/17 | 11/1/17 to 11/30/17 | 247.4 | $105,504.50 | $84,403.60 | $621.46 | $621.46 | $21,100.90 |

---

[2] The difference between the amount of fees and expenses requested and approved is due to a clerical error. The First Interim Fee Application inadvertently requested payment of approximately $7,200 more than what was reflected in the McDonald Hopkins invoices attached to the First Interim Fee Application and in McDonald Hopkins's monthly invoices filed with the Court.

**Cumulative Summary of Fees and Expenses Incurred During the Final Fee Period**

| Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|
| May 4, 2017 – August 31, 2017 | 333.6 | $128,028.50 | $120,807.50[3] | $3,540.07 | $3,540.07 | $0.00 |
| September 1, 2017 – January 18, 2017 | 827.3 | $340,794.00 | $247,415.20[4] | $8,641.04 | $2,070.21 | $99,949.63 |
| **TOTAL** | 1160.9 | $461,601.50[5] | $368,222.70 | $12,181.11 | $5,610.28 | $99,949.63 |

**McDonald Hopkins Attorneys Who Rendered**
**Professional Services During the Final Fee Period**

| Name | Position and Year Admitted | | Department | Hourly Rate Before 10/1/17[6] | Hourly Rate After 10/1/17 | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|---|
| David Agay | Member | 1998 | Business Restructuring and Bankruptcy | $575.00 | $625.00 | 220.8 | $130,950.00 |
| Maria Carr | Associate | 2014 | Business Restructuring and Bankruptcy | $275.00 | $295.00 | 106.1 | $30,891.50 |
| Christopher Dean | Member | 2006 | Litigation | $365.00 | $395.00 | 11.5 | $4,197.50 |
| Josh Gadharf | Associate/ Member | 2008 | Business Restructuring and Bankruptcy | $375.00 | $395.00 | 309.9 | $120,316.50 |
| Maria-Alexa Guevara | Member | 2002 | Business Counseling | $400.00 | $420.00 | 51.2 | $21,504.00 |

[3] The difference between the amount of fees and expenses requested and paid is due to a clerical error. The First Interim Fee Application inadvertently requested payment of approximately $7,200 more than what was reflected in the McDonald Hopkins invoices attached to the First Interim Fee Application and in McDonald Hopkins's monthly invoices filed with the Court.

[4] McDonald Hopkins has received 80% of its fees and 100% of its expenses for September – November 2017.

[5] This amount does not reflect the clerical error in the First Interim Fee Application for the purpose of obtaining an accurate sum of total fees requested.

[6] As disclosed in the Retention Application and the *Declaration of David A. Agay Pursuant to Order Authorizing Debtors to Retain and Employ McDonald Hopkins LLC as Counsel to Debtors, Nunc Pro Tunc to June 9, 2017* [Docket No. 952], McDonald Hopkins's hourly rates are subject to periodic adjustments, typically on October 1 of each year.

| Michael Klein | Member | 1994 | Business Counseling | $560.00 | $580.00 | 83.1 | $47,274.00 |
|---|---|---|---|---|---|---|---|
| Jake Radecki | Associate | 2015 | Litigation | $235.00 | $235.00 | 6.8 | $1,575.00 |
| Raul Valero | Associate | 2013 | Business Counseling | $250.00 | $260.00 | 0.6 | $156.00 |
| Rion Vaughan | Associate | 2013 | Business Restructuring and Bankruptcy | $285.00 | $325.00 | 275.0 | $79,104.50 |
| **Total for Attorneys:** | | | | | | 1,075.5 | **$442,161.50** |
| **Blended Rate (Excluding Paraprofessional Time):** | | | | | **$411.12** | | |

### McDonald Hopkins Paraprofessionals Who Rendered Professional Services During the Final Fee Period

| Name | Position | Department | Hourly Rate Before 10/1/17 | Hourly Rate After 10/1/17 | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Leslie Burrell | Paralegal | Litigation | $265.00 | $280.00 | 56.4 | $15,307.50 |
| Linda Piazza | Case Manager | Docketing | $125.00 | $125.00 | 25.5 | $3,187.50 |
| Sonya Gray Thomas | Paralegal | Business Counseling | $260.00 | $270.00 | 3.5 | $945.00 |
| **Total for Paraprofessionals** | | | | | **85.4** | **$19,440.00** |

Total Hours Billed During Final Fee Period:     1160.9
Total Fees Billed During Final Fee Period:     $461,601.50
**Total Unpaid Fees:**     $93,378.80

**Compensation by Subject Matter for Final Fee Period**

| Subject Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|
| General Business | 1.5 | $427.50 | $0.00 | $427.50 |
| Case Administration | 109.1 | $36,989.00 | $896.94 | $37,885.94 |
| Professional Retention & Fee Applications | 221.4 | $76,882.00 | $0.00 | $76,882.00 |
| DIP Financing / Cash Collateral | 36.0 | $15,633.00 | $0.00 | $15,633.00 |
| Unexpired Leases / Executory Contracts | 52.7 | $21,582.50 | $0.00 | $21,582.50 |
| Claims Resolution | 95.5 | $36,238.50 | $0.00 | $36,238.50 |
| Asset Disposition | 145.0 | $54,060.00 | $195.00 | $54,255.00 |
| Avoidance Action Analysis | 12.5 | $3,562.50 | $0.00 | $3,562.50 |
| Corporate Governance and Board Matters | 2.2 | $946.00 | $0.00 | $946.00 |
| Employee Issues | 12.7 | $5,688.50 | $0.00 | $5,688.50 |
| Litigation | 131.4 | $52,455.50 | $2,395.69 | $54,851.19 |
| Non-Working Travel | 9.9 | $3,855.50 | $0.00 | $2,986.50 |
| Plan and Disclosure Statement | 1.0 | $488.00 | $0.00 | $488.00 |
| Review and Analysis of Real Estate | 170.8 | $89,174.00 | $4,122.51 | $93,296.51 |
| Relief From Stay | 14.7 | $5,202.50 | $0.00 | $5,202.50 |
| Creditor Communications | 8.5 | $3,690.50 | $0.00 | $3,690.50 |
| Creditor Committee Meetings / Communications | 1.1 | $430.50 | $0.00 | $430.50 |
| Hearings | 108.5 | $42,363.50 | $4,570.98 | $46,934.48 |
| First Day Matters | 6.3 | $1,795.50 | $0.00 | $1,795.50 |
| Schedules and SOFAs | 20.1 | $8,282.50 | $0.00 | $8,282.50 |
| **Grand Total** | **1160.9** | **$461,601.50** | **$12,181.11** | **$473,782.61** |

**Expense Summary For Final Fee Period**

| Service Description | Amount |
|---|---|
| Federal Express/Delivery Charges | $198.90 |
| Corporate Credit Card – Filing Fees – Misc. | $1,821.00 |
| Computerized Research | $358.06 |
| Taxis/Parking/Mileage | $522.29 |
| Airfare | $341.28 |
| Cost Advanced | $4,233.22 |
| Lodging | $388.86 |
| Local Counsel for Real Estate Matters | $4,317.50 |
| **Total Expenses Incurred During Final Fee Period:** | **$12,181.11** |

Dated: January 18, 2018
Chicago, Illinois

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua A. Gadharf (ARDC No. 6296543)
MCDONALD HOPKINS LLC
300 North LaSalle Street
Suite 1400
Chicago, Illinois 60654
Telephone:  (312) 642-2217
Facsimile:   (312) 280-8232
E-mail: dagay@mcdonaldhopkins.com
        jgadharf@mcdonaldhopkins.com

*Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[1] | ) |  |
|  | ) | **Hearing Date: February 15, 2018** |
|  | ) | **Hearing Time: 11:00 a.m. (Central Time)** |

**SECOND AND FINAL FEE APPLICATION OF MCDONALD HOPKINS LLC, AS COUNSEL TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (MAY 4, 2017 THROUGH JANUARY 18, 2018)**

McDonald Hopkins LLC ("**McDonald Hopkins**"), counsel for the above-captioned debtors and debtors in possession (the "**Debtors**"), hereby submits its second and final fee application (this "**Final Fee Application**"), pursuant to which it seeks: (a) final allowance and approval of compensation for professional services rendered to the Debtors in the amount of $461,601.50 for the periods from May 4, 2017 through August 31, 2017 (the "**First Interim Fee Period**") and September 1, 2017 through January 18, 2018 (the "**Second Interim Fee Period**" and together with the First Interim Fee Period, the "**Final Fee Period**"); (b) final allowance and approval of the reimbursement of actual and necessary expenses in the amount of $12,181.11 incurred by McDonald Hopkins in rendering services to the Debtors during the Final Fee Period; and (c) the release of all unpaid amounts on account of fees withheld during the Final Fee Period.

---

[1] The Debtors in these chapter 7  cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

In support of this Final Fee Application, McDonald Hopkins respectfully states as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 330 of title 11 of the United States Code (the **"Bankruptcy Code"**), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the **"Local Rules"**).

## General Background

3.      On May 2, 2017, certain of CGI's creditors commenced an involuntary case against CGI under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**").

4.      On May 4, 2017, each of the Debtors, including CGI, commenced a voluntary case under chapter 11 of the Bankruptcy Code (each a "**Bankruptcy Case**" and collectively, the "**Bankruptcy Cases**") with the United States Bankruptcy Court for the District of Delaware (the "**Delaware Court**").

5.      On June 13, 2017, the Bankruptcy Cases were transferred to this Court, including the Bankruptcy Case of CGI, which was consolidated into the involuntary chapter 7 case against CGI.

6.      On May 15, 2017, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "**Creditors Committee**").

7.      The Debtors' Bankruptcy Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

8.      Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Bankruptcy Cases is set forth in the *Declaration of Donald E. Harer in Support of the Debtors' Chapter 11 Petitions and First Day Relief,* sworn to and filed on the Commencement Date.  (Del. Court, Case No. 17-10993, ECF No. 3, the "**Harer Declaration**").

9.      On May 31, 2017, the Delaware Court entered an order establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses of professionals whose services are authorized by the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a). (Del. Court, Case No. 17-10993, ECF No. 305, the **"Compensation Procedures Order"**).

10.     On December 4, 2017, the Court entered an *Order Converting Case Under Chapter 11 to Case Under Chapter 7 Effective December 4, 2017, at 3:00 p.m. (Central Time)* in each of the Debtors' Bankruptcy Cases (the "**Conversion Order**") (*see, e.g.* ECF No. 185, converting each of the Debtors' Bankruptcy Cases from chapter 11 to chapter 7 of the Bankruptcy Code, effective as of December 4, 2017, at 3:00 p.m. (Central Time) (the "**Conversion Date**").  The Conversion Orders provided that professionals in the Debtors' Bankruptcy Cases must file their final fee applications on or before forty-five days after the Conversion Date for approval of all fees and expenses incurred through the Conversion Date. Accordingly, McDonald Hopkins is filing this Final Fee Application.

11.     The Conversion Orders only provided for fees incurred through and including the Conversion Date.  However, through this Final Fee Application, McDonald Hopkins also seeks payment of its fees and expenses incurred from December 5, 2017 through January 18, 2018 as an administrative expense in the Debtors' cases.  Payment of such fees and expenses was contemplated in the carve-out provision of the order providing the Debtors access to cash collateral and postpetition financing. (Del. Court, Case No. 17-10993, ECF No. 368, the "**DIP Financing Order**").  As stated in the DIP Financing Order, the reasonable fee and expense claims of the Debtors' professionals should be paid from the Carve-Out Reserve Account (as defined in the DIP Financing Order), subject to the following limitations: "(a) for the period before the occurrence of the Trigger Date (as defined in the DIP Financing Order), not to exceed the lesser of (1) the weekly amounts budget to be funded for each such [estate professional allotted in the budget] for the time period preceding the Trigger Date . . . (2) the actual allowed amount of such professional fees incurred on or after the Petition Date up through and including the Trigger Date, and (b) for the time period following a Trigger Date, an amount not to exceed $500,000, in the aggregate for the [estate professionals]. . . provided further, that for any [estate professionals] that have or are maintaining any type of retainer such [estate professional] shall apply such retainer to any accrued and unpaid allowed fees and expenses before having any recourse to the Bank-End Carve-Out (as defined in the DIP Financing Order)."  The DIP Financing Order further provides that such fees of estate professionals may be paid from the Carve-Out Reserve Account as long as they are approved by the Court.  Therefore, after Court approval of McDonald Hopkins's fees incurred after the Conversion Date until the date of the filing of this Final Fee Application, McDonald Hopkins's fees and expenses will not need to be

paid as an administrative expense directly from the Debtors' estates; these fees and expenses can be paid from the funds on deposit in the Carve-Out Reserve Account.

### Retention of McDonald Hopkins

12.     On June 15, 2017, the Debtors filed *Debtors' Application for Entry of Order Authorizing and Approving Employment of McDonald Hopkins LLC as Counsel to Debtors, Nunc Pro Tunc to June 9, 2017* [ECF No. 125] (the **"Retention Application"**).

13.     On June 20, 2017, this Court entered an order authorizing the Debtors' retention of McDonald Hopkins [ECF No. 196] (the **"Retention Order"**), which authorized the Debtors to retain McDonald Hopkins as their counsel, *nunc pro tunc* to June 9, 2017.

14.     Pursuant to the Retention Order, McDonald Hopkins was authorized to be compensated from the Debtors' estates at its normal hourly rates and to be reimbursed from the Debtors' estates for its actual and necessary out-of-pocket expenses incurred in connection with its representation of the Debtors in accordance with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the applicable guidelines issued by the United States Trustee for the Northern District of Illinois, Eastern Division (the **"U.S. Trustee Guidelines"**), and any other applicable order or procedures issued by this Court.

15.     As disclosed in the *Declaration of David A. Agay* (the **"Agay Declaration"**), attached as Exhibit B to the Retention Application, McDonald Hopkins does not hold or represent an interest adverse to the Debtors or their estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

16.     As provided in the Agay Declaration, McDonald Hopkins may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors and their Bankruptcy Cases.   Further,

McDonald Hopkins disclosed its connections to parties in interest that it was been able to ascertain using its reasonable efforts.

17.    All of the services for which compensation is sought by McDonald Hopkins were rendered for or on behalf of the Debtors solely in connection with these Bankruptcy Cases. There is no agreement or understanding between McDonald Hopkins and any other person for the sharing of compensation to be received for the services rendered in these Bankruptcy Cases.

18.    As detailed in the Retention Application, McDonald Hopkins was originally retained as local counsel and conflicts counsel in the Debtors' Bankruptcy Cases, and has worked collaboratively with the Debtors' lead counsel, Weil Gotshal & Manges LLP (**"Weil"**), to ensure a clear delineation of each professional's roles and prevent duplication of services. As more fully described below, McDonald Hopkins's duties during the Final Fee Period have included, but have not been limited to, (i) providing Illinois law expertise, including working with Weil on the issues of local practice and the Local Rules, (ii) communicating with the court and the Office of the United States Trustee for the Northern District of Illinois with respect to the Debtors' Bankruptcy Cases; (iii) reviewing, commenting on, and coordinating the filing of various pleadings; (iv) appearing in Court on behalf of the Debtors; and (v) serving as lead counsel to the Debtors with respect to matters or parties as to which Weil has a conflict or determines that it cannot or should not represent the Debtors. During the fall of 2017, as more fully described below, McDonald Hopkins took on a more active role in the Debtors' cases, serving as primary counsel for the Debtors.

**<u>Disclosure of Requested Compensation</u>**

19.    Pursuant to the Compensation Procedures Order, as part of this Final Fee Application, McDonald Hopkins requests aggregate compensation for the Final Fee Period of

$461,601.50 as compensation for legal services provided to the Debtors during the Final Fee Period and $12,181.11 for reimbursement of actual and necessary expenses, for a total request of $473,782.61. Fees and expenses sought in this Final Fee Application attributable to the Second Interim Fee Period are $338,071.00 and $8,641.04, respectively.

20.     In accordance with the Compensation Procedures Order, McDonald Hopkins has filed and received Court approval of one interim fee application during these Bankruptcy Cases. On October 16, 2017, McDonald Hopkins filed the *First Interim Fee Application of McDonald Hopkins LLC, as Counsel to the Debtors, for Allowance and Payment of Administrative Claim for Compensation and Reimbursement of Expenses (May 4, 2017 through August 31, 2017)* [ECF No. 844] (the "**First Interim Fee Application**"), which the Court approved on November 16, 2017 [ECF No. 991]. The order granting the First Interim Fee Application allowed fees in the amount of $120,807.50 and expenses in the amount of $3,540.07 on an interim basis, and these amounts were paid to McDonald Hopkins pursuant to the order granting the First Interim Fee Application.

21.     Throughout the Bankruptcy Cases, McDonald Hopkins has filed monthly fee statements in accordance with the Compensation Procedures Order. Pursuant to these monthly fee statements and the procedures outlined in the Compensation Procedures Order, McDonald Hopkins has already received payment of $247,415.20 in fees and $2,070.21 in expenses incurred during the Second Interim Fee Period.

22.     The McDonald Hopkins attorneys and paraprofessionals who rendered professional services during the Final Fee Period are listed on **Exhibit A**. The rates listed for each attorney and paraprofessional are McDonald Hopkins's standard hourly rates. **Exhibit A** also identifies the individuals that rendered services and states the number of hours spent by each

individual providing the services (in increments of one-tenth of an hour).  The professional services that McDonald Hopkins rendered during the Final Fee Period are grouped into numbered and titled categories of subject matters, as listed below (each a **"Subject Matter"**).

23.    McDonald Hopkins maintains computerized records of the time expended in the performance of the professional services required by the Debtors.  These records are maintained in the ordinary course of McDonald Hopkins's practice and were made contemporaneously with the rendition of services by the person performing such services.[2]

24.    McDonald Hopkins's hourly rates are set at a level designed to compensate McDonald Hopkins fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

25.    The hourly rates and corresponding rate structure used by McDonald Hopkins in these Bankruptcy Cases are equivalent to the hourly rates and corresponding rate structure that McDonald Hopkins predominantly uses for restructuring, workout, bankruptcy, insolvency, and comparable matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, and regardless of whether a fee application is required.

26.    McDonald Hopkins did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period.  None of the professionals included in this Final Fee Application varied their hourly rate based on the geographic location of the Bankruptcy Cases.

---

[2] For a detailed description of the services rendered and the expenses incurred by McDonald Hopkins in its representation of the Debtors, see McDonald Hopkins's invoices, attached hereto as **Exhibit B**.

27.    The fees sought in this Final Fee Application reflect an aggregate of 1,160.9 hours expended by McDonald Hopkins professionals and paraprofessionals during the Final Fee Period, at a blended average hourly rate of $397.62 for both attorneys and paraprofessionals, or $411.12 for attorneys only.  The blended hourly rate billed for all McDonald Hopkins members was $479.29, the blended hourly rate billed for all McDonald Hopkins associates was $287.59, and the blended hourly rate billed for all McDonald Hopkins paraprofessionals was $227.63.

28.    This Final Fee Application is McDonald Hopkins's second and final request for compensation for serves rendered and reimbursement of expenses incurred as counsel to the Debtors.

### Requested Relief

29.    By this Final Fee Application, McDonald Hopkins respectfully seeks the entry of an order: (a) allowing McDonald Hopkins an administrative claim in the amount of: (i) $461,601.50 as compensation for the reasonable and necessary legal services McDonald Hopkins rendered to the Debtors during the Final Fee Period, and (ii) $12,181.11 in reimbursement for the actual and necessary expenses that McDonald Hopkins incurred during the Final Fee Period, for a total allowance of $473,782.61, and (b) authorizing and directing the Designated Person (as defined in the Conversion Orders) to cause McDonald Hopkins be paid its unpaid fees and expenses for the Final Fee Period.

30.    During the Final Fee Period, McDonald Hopkins rendered professional services to the Debtors as requested and as necessary and appropriate in furtherance of the interests of the Debtors' estates.  The variety and complexity of the issues in these Bankruptcy Cases, and the need to act or respond to such issues on an expedited basis in furtherance of the Debtors' needs,

have required the expenditure of substantial time and effort by McDonald Hopkins personnel on an as-needed basis.

31.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, allowance of the fees McDonald Hopkins requests is fair and reasonable given: (a) the complexity of these Bankruptcy Cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

32.     In staffing these Bankruptcy Cases, in budgeting and incurring charges and disbursements, and in preparing and submitting this Final Fee Application, McDonald Hopkins has been mindful of the need to be efficient while providing full, adequate, and zealous representation of the Debtors.  Specifically, with respect to professional services rendered, McDonald Hopkins has ensured that all attorneys have only billed time for work which corresponds to that attorney's skill level.  In addition, McDonald Hopkins has reviewed all time entries to ensure that multiple unrelated time entries are not lumped together or "blocked."

33.     McDonald Hopkins has also endeavored to maintain accurate and detailed accounts of all actual and necessary expenses and that each expense is billed to the Subject Matter to which the person is billing his/her time for services rendered.

34.     The following summary of services rendered during the Final Fee Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in **Exhibit B**.  Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Debtors, as well as to identify some of the problems and issues that McDonald Hopkins was required to address during the Final Fee Period.

A.    General Business (Fees: $427.50; Hours: 1.5)

35.    The services rendered in this category pertain to matters relating to the operation of the Debtors' businesses, including general operating issues and attention to the payment of quarterly fees to the Office of the United States Trustee.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Rion Vaughan | 1.5 | $427.50 |
| **TOTAL** | **1.5** | **$427.50** |

B.    Case Administration (Fees: $36,989.00; Hours: 109.1)

36.    This Subject Matter includes time spent on a variety of administrative tasks necessary to properly represent the Debtors.  These tasks included, among other things, (a) work with the Debtors' noticing and claims agent to ensure the proper service of court filings; (b) general coordination and management of the Debtors' Bankruptcy Cases; (c) attention to transition issues regarding the conversion of the Debtors' cases to chapter 7; and (d) review of the docket and pending case filings to advise on local procedure and practice.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 12.1 | $7,392.50 |
| Leslie Burrell | 5.8 | $1,541.50 |
| Maria Carr | 3.0 | $867.00 |
| Josh Gadharf | 53.7 | $21,197.50 |
| Linda Piazza | 24.6 | $3,075.00 |
| Rion Vaughan | 9.9 | $2,915.50 |
| **TOTAL** | **109.1** | **$36,989.00** |

C.    Professional Retention & Fee Applications (Fees: $76,882.00; Hours: 221.4)

37.    This Subject Matter describes time spent by McDonald Hopkins (a) preparing and filing the Retention Application and assisting with the review and filing of retention applications

for certain other professionals in the Debtors' cases; (b) addressing issues relating to the

implementation of the Compensation Procedures Order, including reviewing fee submissions by

other estate professionals; (c) attending to issues relating to the retention and payment of

professionals, including drafting and filing required monthly fee disclosures and staffing reports;

and (d) preparing and filing the First Interim Fee Application and this Final Fee Application,

along with reviewing and filing first interim applications for compensation for other

professionals in the Debtors' Bankruptcy Cases. A summary of the attorneys and

paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 23.6 | $13,970.00 |
| Leslie Burrell | 12.8 | $3,467.00 |
| Maria Carr | 68.8 | $20,084.00 |
| Josh Gadharf | 58.6 | $22,801.00 |
| Rion Vaughan | 57.6 | $16,560.00 |
| **TOTAL** | **221.4** | **$76,882.00** |

D.    DIP Financing/Cash Collateral (Fees: $15,633.00; Hours: 36.0)

38.    The services rendered in this category pertain to McDonald Hopkins's attention to

(a) assisting Weil in advising the Debtors regarding their financing and cash collateral issues;

(b) matters involving the Debtors' budget, termination of the Debtors' financing pursuant to the

DIP Financing Order, and transition issues regarding the same; (c) the Carve-Out Reserve

Account related to the Debtors' financing; and (d) the preparation and filing of a motion to

approve an insurance premium financing arrangement.   A summary of the attorneys and

paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 17.2 | $10,275.00 |
| Rion Vaughan | 18.8 | $5,358.00 |
| **TOTAL** | **36.0** | **$15,633.00** |

E.    Unexpired Leases / Executory Contracts (Fees: $21,582.50; Hours: 52.7)

39.    The services rendered in this category relate to: (a) investigating certain leases, contracts, and other agreements; (b) drafting and filing of various notices regarding cure costs and contract/lease assumption and assignment issues; (c) drafting and filing of a motion to reject certain executory contracts and unexpired leases; (d) reviewing certain contracts to be rejected by the Debtors; (e) attending to the termination, assumption, and assignment of certain other various leases; (f) addressing and drafting a response and proffer to an objection to the motion to reject filed by a contract counterparty; and (g) corresponding with the Debtors' management and other professionals regarding the same.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 5.9 | $3,622.50 |
| Maria Carr | 0.2 | $59.00 |
| Josh Gadharf | 42.0 | $16,590.00 |
| Rion Vaughan | 4.6 | $1,311.00 |
| **TOTAL** | **52.7** | **$21,582.50** |

F.    Asset Disposition (Fees: $54,060.00; Hours: 145.0)

40.    McDonald Hopkins assisted Weil and the Debtors with the following matters related to asset disposition: (a) coordinating a marketing process relating to the sale of certain real estate assets, along with review and revision of various motions, orders, and notices relating to the Debtors' global sale process; (b) negotiating, seeking court approval of, and closing the sale of the Debtors' Hammond, Indiana property; (c) negotiating and seeking court approval of a

property management agreement; (d) reviewing and providing assistance to Weil with regard to numerous other pending sales in the Debtors' cases; (e) addressing various issues which arose after the closing of the sale of the Hammond, Indiana property; (f) reviewing and addressing proposals for sales of various personal property; (g) attending to a pending appeal resulting from an earlier sale in the Debtors' Bankruptcy Cases; and (h) corresponding with the Debtors' management and other professionals relating to all the foregoing matters. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 26.6 | $15,300.00 |
| Leslie Burrell | 2.5 | $662.50 |
| Maria Carr | 12.7 | $3,612.50 |
| Josh Gadharf | 54.1 | $20,491.50 |
| Rion Vaughan | 49.1 | $13,993.50 |
| **TOTAL** | **145.0** | **$54,060.00** |

G.    Claims Resolution (Fees: $36,238.50; Hours: 95.5)

41.    This Subject Matter describes time spent by McDonald Hopkins (a) reviewing and editing a claims bar date motion; (b) reviewing and editing drafts of the Debtors' response to section 503(b)(9) applications; (c) reviewing and analyzing various claims issues and working with Weil regarding the resolution of the same; (d) drafting and filing periodic PACA/PASA reports; (e) drafting and responding to demand letters; and (f) reviewing and researching various claims issues. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 6.3 | $3,917.50 |
| Maria Carr | 17.8 | $5,207.00 |
| Josh Gadharf | 61.7 | $24,317.50 |
| Rion Vaughan | 9.7 | $2,796.50 |
| **TOTAL** | **95.5** | **$36,238.50** |

H.    Avoidance Action Analysis (Fees: $3,562.50; Hours: 12.5)

42.    This Subject Matter includes time reviewing member notes, security agreements, and loan documentation for recovery actions, strategy planning for these recovery actions, and communications with the Debtors' other professionals and lenders regarding the same. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Rion Vaughan | 12.5 | $3,562.50 |
| **TOTAL** | **12.5** | **$3,562.50** |

I.    Corporate Governance and Board Matters (Fees: $946.00; Hours: 2.2)

43.    This subject matter includes time spent attending a board meeting of the Debtors telephonically, corresponding with Debtors' former attorney regarding corporate governance documents, and reviewing of the same. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 1.1 | $632.50 |
| Rion Vaughan | 1.1 | $313.50 |
| **TOTAL** | **2.2** | **$946.00** |

J.    Employee Issues (Fees: $5,688.50; Hours: 12.7)

44.     The services rendered in this category pertain to issues concerning the Debtors' employees, including McDonald Hopkins's assistance with the reviewing and filing of an employee retention plan motion, reviewing and analyzing related objections, drafting notices regarding the motion, and corresponding with the Debtors' management and other professionals regarding the same.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 7.1 | $4,092.50 |
| Rion Vaughan | 5.6 | $1,596.00 |
| **TOTAL** | **12.7** | **$5,688.50** |

K.      Litigation (Fees: $52,445.50; Hours: 131.4)

45.     The services rendered in this category pertain to time spent on: (a) researching and analyzing potential recovery actions; (b) investigations and coordination in support of asset recovery efforts; (c) reviewing and analyzing documents relating to insider accounts receivable; analysis and document review relating to recovery from insiders and non-insiders of accounts receivable; (d) sending and replying to demand letters for insider accounts receivable; (e) researching and analyzing issues relating to potential preference and fraudulent conveyance claims; (f) reviewing and filing a Rule 9027 extension motion; (g) drafting and filing a settlement procedures motion; and (h) various communications with the Debtors' other professionals regarding each of the foregoing matters.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 43.2 | $25,865.00 |
| Leslie Burrell | 7.9 | $2,138.50 |
| Christopher Dean | 11.5 | $4,197.50 |
| Josh Gadharf | 1.2 | $474.00 |
| Jake Radecki | 5.8 | $1,575.00 |
| Rion Vaughan | 61.8 | $18,205.50 |
| **TOTAL** | **131.4** | **$52,455.50** |

L.      Non-Working Travel (Fees: $3,855.50; Hours: 9.9)

46.      This Subject Matter includes time spent traveling while representing the Debtors during these Bankruptcy Cases.  The amounts presented for review and payment in this Final Fee Application reflect a voluntary reduction of one-half of the charges for non-working travel time. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Josh Gadharf | 9.4 | $3,713.00 |
| Rion Vaughan | 0.5 | $142.50 |
| **TOTAL** | **9.9** | **$3,855.50** |

M.      Plan and Disclosure Statement (Fees: $488.00; Hours: 1.0)

47.      The services rendered in this category pertain to matters involving the reviewing and filing of a motion to extend the exclusivity period for filing a chapter 11 plan, and communications with the Debtors' management and professionals relating to a chapter 11 plan. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 0.7 | $402.50 |
| Rion Vaughan | 0.3 | $85.50 |
| **TOTAL** | **1.0** | **$488.00** |

N.    Review and Analysis of Real Estate (Fees: $89,174.00; Hours: 170.80)

48.    This Subject Matter related to the services of McDonald Hopkins's attorneys in (a) negotiating and drafting documentation related to numerous sales of the Debtors' real property in Indiana and Illinois; (b) communicating with sellers' counsel for each of the pending sales; (c) addressing title  issues relating to the sales of each of the properties; (d) reviewing and analyzing issues regarding an alleged mechanic's lien on the Debtors' Hammond property; and (e) communicating with the Debtors' management and other professionals regarding the same.

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 32.4 | $19,245.00 |
| Maria-Alexa Guevara | 51.2 | $21,504.00 |
| Michael Klein | 83.10 | $47,274.00 |
| Sonya Gray Thomas | 3.5 | $945.00 |
| Raul Valero | 0.6 | $156.00 |
| **TOTAL** | **170.80** | **$89,174.00** |

O.    Relief From Stay (Fees: $5,202.50; Hours: 14.7)

49.    This Subject Matter related to the services of McDonald Hopkins's attorneys in (a) responding to requests from various parties for relief from the automatic stay; (b) negotiating agreed orders with respect to requests for relief from the automatic stay; (c) drafting an objection to a relief from stay motion; and (d) communication with the Debtors' management regarding the same.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 1.2 | $730.00 |
| Leslie Burrell | 0.6 | $159.00 |
| Maria Carr | 2.6 | $767.00 |
| Josh Gadharf | 4.5 | $1,741.50 |
| Rion Vaughan | 5.8 | $1,805.00 |
| **TOTAL** | **14.7** | **$5,202.50** |

P.    Creditor Communications (Fees: $3,690.50; Hours: 8.5)

50.    This Subject Matter includes time spent communicating with creditors regarding general bankruptcy inquiries, specific requests for relief in the Debtors' bankruptcy cases, and communicating with the Debtors' management regarding the same.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 3.3 | $1,897.50 |
| Maria Carr | 0.3 | $88.50 |
| Josh Gadharf | 2.8 | $1,106.00 |
| Rion Vaughan | 2.1 | $598.50 |
| **TOTAL** | **8.5** | **$3,690.50** |

Q.    Creditor Committee Meetings and Communications (Fees: $430.50; Hours: 1.1)

51.    This Subject Matter includes time spent on communications with the Creditors' Committee in the Debtors' bankruptcy cases.  A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Josh Gadharf | 1.1 | $430.50 |
| **TOTAL** | **1.1** | **$430.50** |

R.    Hearings (Fees: $42,363.50; Hours: 108.5)

52.    This Subject Matter includes time spent preparing for and attending hearings in these Bankruptcy Cases, including representation of the Debtors at meetings pursuant to section

341 of the Bankruptcy Code. In preparing for the hearings, McDonald Hopkins reviewed all applicable motions and applications filed with the Court, including any responses thereto, worked with the U.S. Trustee to address any of its concerns, and assisted the Debtors and their advisors in analyzing the same, and then presented, as needed, the Debtors' position at such hearings. In addition, McDonald Hopkins reviewed all recent court filings, prepared agendas for the omnibus hearings, corresponded with chambers regarding preparation for various hearings, and obtained and reviewed hearing transcripts. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 31.6 | $18,675.00 |
| Leslie Burrell | 24.6 | $6,756.00 |
| Josh Gadharf | 19.9 | $7,842.50 |
| Linda Piazza | 0.9 | $112.50 |
| Rion Vaughan | 31.5 | $8,977.50 |
| **TOTAL** | **108.5** | **$42,363.50** |

S.     First Day Matters (Fees: $1,795.50; Hours: 6.3)

53.     This Subject Matter includes time reviewing and analyzing various first day motions, associated communications relating to the entry of various first day orders, and analyzing the effect of the Delaware Court orders in the above-captioned bankruptcy cases. A summary of the attorneys and paraprofessionals who provided services in this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| Rion Vaughan | 6.3 | $1,795.50 |
| **TOTAL** | **6.3** | **$1,795.50** |

T.      <u>Schedules and SOFAs (Fees: $8,282.50; Hours: 20.1)</u>

54.      This Subject Matter includes time spent planning for the filing of the Debtors'

monthly operating reports, preparing and filing the Debtors' Schedules, Statements of Financial

Affairs and reviewing and preparing necessary amendments to one of the Debtors' Statements of

Financial Affairs.  A summary of the attorneys and paraprofessionals who provided services in

this category is as follows:

| Attorney or Paraprofessional | Hours | Fees |
|---|---|---|
| David Agay | 8.5 | $4,932.50 |
| Leslie Burrell | 2.2 | $583.00 |
| Maria Carr | 0.7 | $206.50 |
| Josh Gadharf | 0.9 | $337.50 |
| Rion Vaughan | 7.8 | $2,223.00 |
| **TOTAL** | **20.1** | **$8,282.50** |

U.      **Actual and Necessary Expenses**

55.      McDonald Hopkins incurred a total of $12,181.11 in expenses on behalf of the

Debtors during the Final Fee Period.  It is McDonald Hopkins's policy to charge its clients in all

areas of practice for identifiable, non-overhead expenses incurred in connection with the client's

case that would not have been incurred except for representation of that particular client.  It is

also McDonald Hopkins's policy to charge its clients only the amount actually incurred by

McDonald Hopkins in connection with such items.  Examples of such expenses are overnight

mail, filing fees, mileage, cab fare, document production, transportation, airfare, and lodging.

With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

56.      The circumstances of the Debtors' Bankruptcy Cases also required the limited

assistance of local counsel for McDonald Hopkins during the process of selling the Debtors' real

estate in Indiana and resolving related issues.  In this regard, McDonald Hopkins worked with

the firm Bose McKinney & Evans LLP ("**Bose**"), which completed a limited amount of local real estate work in Indiana relating to the sale of the Debtors' Hammond property, and assisted with along with other minor related matters. Bose billed McDonald Hopkins a total of $4,317.50 in fees for this work, which has not yet otherwise been paid by the Debtors.  The work completed by Bose ultimately resulted in the generation of significant profits for the Debtors' estates from the sale of the Hammond, Indiana property.   Because McDonald Hopkins could not have completed this local real estate work without the assistance of Bose – and the Debtors' estates would not have significantly benefited from the sale of the Hammond, Indiana property without the assistance of local counsel – McDonald Hopkins requests payment of the Bose fees as a portion of its accrued expenses in these cases, which McDonald Hopkins will then use to pay Bose.  A copy of Bose's invoice and time detail is attached hereto as **Exhibit C**.  Therefore, McDonald Hopkins requests payment of an additional $4,317.50 in expenses in this Final Fee Application, in addition to the expenses otherwise accrued during the Final Fee Period.

57.    A summary of expenses accrued during the Final Fee Period by type (without the Bose fees) appears on **Exhibit D**, and a detailed itemization and description of each action made by McDonald Hopkins on the Debtors' behalf during the Final Fee Period is included in the invoices attached as **Exhibit B**.   All of these disbursements, together with the Bose fees, comprise the requested sum for McDonald Hopkins's out-of-pocket expenses during the Final Fee Period, for a total of $12,181.11 in expenses for the Final Fee Period.

## Relevant Legal Standards

58.    Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services" rendered by the professional and "reimbursement for actual,

necessary expenses." 11 U.S.C. § 330(a)(1). The reasonableness of a compensation request is determined by the lodestar method, which involves "multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Pickett v. Sheridan Health Care Center, 664 F.3d 632, 639 (7th Cir. 2011), citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award under section 330 of the Bankruptcy Code. See Eddleman v. Switchcraft, Inc., 927 F.2d 316, 318 (7th Cir. 1991), Perdue v. Kenny A., 559 U.S. 542 (2010).

59.    In determining the amount of reasonable compensation, courts consider the nature, extent, and value of the services, including: (a) the time spent on such services; (b) the rate charged for such services; (c) whether the services were necessary or beneficial; (d) whether the services were performed efficiently given the complexity, importance, and nature of the problem, issue, or task addressed; and (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).

60.    McDonald Hopkins's fees are not unusual and are commensurate with fees that other lawyers of comparable experience and expertise charge on a regular basis in complex bankruptcy cases. McDonald Hopkins's lodestar calculation is based on hourly rates that are well within the range of rates that are charged by comparable firms in other complex bankruptcy cases. Accordingly, McDonald Hopkins's lodestar calculation is reasonable under section 330 of the Bankruptcy Code. See Pickett, 664 F.3d at 639 (7th Cir. 2011).

61.    McDonald Hopkins respectfully submits that the professional services it provided to the Debtors during the Final Fee Period were actual and necessary, and that the requested compensation represents a fair and reasonable amount that should be allowed in full. Further,

the professional services rendered by McDonald Hopkins during the Final Fee Period required a

high degree of professional competence and expertise so that the numerous issues requiring

evaluation and determination by the Debtors could be addressed with skill and have, therefore,

required the expenditure of substantial time and effort.  McDonald Hopkins respectfully submits

that the services rendered to the Debtors during the Final Fee Period were performed efficiently,

effectively, and economically.  This Final Fee Application and its corresponding exhibits provide

a narrative and a detailed statement of the services rendered, the time expended by each billing

attorney and paraprofessional, the expenses incurred, and the amounts requested by McDonald

Hopkins.   Accordingly, this Final Fee Application meets the statutory requirements under

Bankruptcy Rule 2016(a) and Local Rule 5082-1.

62.     The professional services provided by McDonald Hopkins were performed by

attorneys and paraprofessionals with broad expertise and high levels of skill in their practice area

or specialty.   Whenever possible, McDonald Hopkins conscientiously attempted to avoid

duplicating the work of Weil or having multiple attorneys appear or confer on behalf of the

Debtors.  In certain circumstances, however, it was necessary for more than one McDonald

Hopkins attorney to appear in Court at the same time.   Similarly, on certain occasions,

McDonald Hopkins had more than one attorney attend a meeting or strategize on issues that had

particular import on the matters McDonald Hopkins handled for the Debtors.  To the greatest

extent possible, meetings, court appearances, negotiations and other matters were handled on an

individual basis.

63.     Lastly, McDonald Hopkins's rate structure was disclosed in the Retention

Application and approved by the Court in the Retention Order.  The rates McDonald Hopkins

charged in these Bankruptcy Cases were consistent with the rates McDonald Hopkins charges to

other clients in non-bankruptcy matters and are consistent with the rates of similarly situated firms.

64.    Sections 330(a)(2) and 503(b)(4) of the Bankruptcy Code also permit reimbursement for actual, necessary expenses. See In re Wildman, 72 B.R. 700, 704 (Bankr. N.D. Ill. 1987). McDonald Hopkins has already conducted a review process and has eliminated the expenses that it deemed "duplicative." Further, the list of expenses McDonald Hopkins has submitted is sufficiently detailed, including the date, type, and amount of the expense. Further, McDonald Hopkins does not seek reimbursement for overhead expenses because they are built into McDonald Hopkins's hourly rates. Accordingly, those expenses for which reimbursement is sought in this Final Fee Application satisfy the standards presented by section 330(a)(2) of the Bankruptcy Code. In summary, considering the complex issues involved in these Bankruptcy Cases and the value provided by McDonald Hopkins's services to the Debtors and the Debtors' estates as a whole, this Final Fee Application meets each of the statutory requirements of section 330 of the Bankruptcy Code and substantially complies in all respects with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

**Notice**

65.    Notice of this Final Fee Application has been provided in accordance with the *Revised Proposed Order Authorizing Motion of Debtors for Approval of Case Management Procedures* [Docket No. 226]. The Debtors respectfully submit that, in view of the facts and circumstances, such notice is sufficient and no further notice is required.

**No Prior Request**

66.    No prior request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, McDonald Hopkins respectfully requests that the Court enter an order, substantially in the form attached hereto: (a) allowing and awarding compensation for professional services rendered during the Final Fee Period in the amount of $461,601.50 and for reimbursement of all actual and necessary expenses incurring by McDonald Hopkins during the Final Fee Period in the amount of $12,181.11; (b) authorizing and directing the Designated Person (as defined in the Conversion Orders) to cause McDonald Hopkins be paid all unpaid fees and expenses accrued during the Final Fee Period; and (c) granting such further relief as is just and proper.

Dated: January 18, 2018            /s/ David A. Agay
Chicago, Illinois                  David A. Agay (ARDC No. 6244314)
                                   Joshua A. Gadharf (ARDC No. 6296543)
                                   MCDONALD HOPKINS LLC
                                   300 North LaSalle Street
                                   Suite 1400
                                   Chicago, Illinois 60654
                                   Telephone:  (312) 642-2217
                                   Facsimile:  (312) 280-8232
                                   E-mail: dagay@mcdonaldhopkins.com
                                          jgadharf@mcdonaldhopkins.com

                                   *Attorneys for Debtors*