**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[1] | ) |  |
|  | ) | **Hearing Date: February 15, 2018** |
|  | ) | **Hearing Time: 11:00 a.m. (Central Time)** |

**NOTICE OF SECOND AND FINAL FEE APPLICATION OF PJ SOLOMON, L.P.,[2] AS FINANCIAL AND STRATEGIC ADVISOR TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (MAY 4, 2017 THROUGH NOVEMBER 30, 2017[3])**

**PLEASE TAKE NOTICE** that on January 18, 2018, the *Second and Final Fee Application of PJ Solomon, L.P., as Financial and Strategic Advisor to the Debtors, for Allowance and Payment of Administrative Claim for Compensation and Reimbursement of Expenses (May 4, 2017 Through November 30, 2017)* (the **"Final Fee Application"**) was filed in above-captioned cases by PJ Solomon, L.P. ("**Solomon**"), financial and strategic advisor to the debtors and debtors in possession (collectively, the "**Debtors**").

**PLEASE TAKE FURTHER NOTICE** that Solomon has requested that the Final Fee Application be heard at the hearing on **February 15, 2018, at 11:00 a.m. (Central Time)** before the Honorable Judge Pamela S. Hollis or any other judge who may be sitting in her place and stead, in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Final Fee Application must be filed on the docket of the above-captioned cases and served on Solomon by no later than **February 8, 2018, at 4:00 p.m. (Central Time)** and that any such objection shall be heard at hearing on **February 15, 2018, at 11:00 a.m. (Central Time)** before the Honorable Judge Pamela S. Hollis or any other judge who may be sitting in her place and stead, in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.  If any objections

---

1 The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).
2 On December 15, 2017, PJ Solomon L.P.'s legal business name was changed from Peter J. Solomon Company, LLC to PJ Solomon, L.P.
3 PJ Solomon, L.P. did not perform any services for the Debtors past November 30, 2017.

to the Final Fee Application are received, the Hearing may be adjourned to a later date upon further notice to provide parties in interest an opportunity to review and respond to any objections.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents are available free of charge by visiting the case website maintained by Prime Clerk LLC, notice and claims agent for these chapter 7 cases, available at https://cases.primeclerk.com/centralgrocers or by calling (866) 727-8489. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein. If any objections to the Final Fee Application are received, the Hearing may be adjourned to a later date.

**PLEASE TAKE FURTHER NOTICE** that PJ Solomon, L.P. requests of approval of the following:

|  |  |
|---|---|
| **Total Compensation:** | **$4,064,667.27** |
| **Total Expenses:** | **$16,590.45** |

Dated: January 18, 2018
Chicago, Illinois

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua A. Gadharf (ARDC No. 6296543)
MCDONALD HOPKINS LLC
300 North LaSalle Street
Suite 1400
Chicago, Illinois 60654
Telephone:  (312) 642-2217
Facsimile:   (312) 280-8232
E-mail: dagay@mcdonaldhopkins.com
        jgadharf@mcdonaldhopkins.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*, | Case No. 17-13886 (PSH) |
| | (Jointly Administered) |
| Debtors.[1] | **Hearing Date: February 15, 2018** |
| | **Hearing Time: 11:00 a.m. (Central Time)** |

**COVER SHEET TO SECOND AND FINAL FEE APPLICATION OF PJ SOLOMON, L.P.[2] FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (MAY 4, 2017 THROUGH NOVEMBER 30, 2017[3])**

Name of Applicant:                        PJ Solomon, L.P.

Name of Client:                            Debtors

This is a:                                    __ interim application    _X_ final application

Time Period Covered by this Application:    May 4, 2017 through November 30, 2017

Total Compensation Sought:                $4,064,667.27 ($1,461,450.00 for the period from September 1, 2017 through November 30, 2017 (the "Second Interim Fee Period"))[4]

---

1 The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

2 On December 15, 2017, PJ Solomon L.P.'s legal business name was changed from Peter J. Solomon Company, LLC to PJ Solomon, L.P.

3 PJ Solomon, L.P. did not perform any services for the Debtors past November 30, 2017.

4 Compensation requested in this Final Fee Application does not include any fees related to potential future sales of Debtors' real estate assets, which would amount to 2.10% of the sale price per the engagement letter between PJ Solomon, L.P. and the Debtors, dated as of April 18, 2017 (see Exhibit A).

| | |
|---|---|
| Total Expenses Sought: | $16,590.45 ($3,418.92 for the Second Interim Fee Period) |
| Commencement Date | May 4, 2017 |
| Effective Date of Retention | May 4, 2017 |
| Date of Order Approving Employment: | June 20, 2017, *nunc pro tunc* to May 4, 2017 [ECF No. 206] |
| Prior Interim Application: | One [ECF No. 846] |
| Total Allowed Compensation Paid to Date: | $3,778,467.27 |
| Total Allowed Expenses Paid to Date: | $16,097.06 |
| Number of Professionals Included in this Application: | 8 |

### Prior Interim Applications:

| Application | Date Filed | Date Approved | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|---|---|
| First Interim Fee Application [ECF No. 846] | 10/16/17 | 11/16/17 [ECF No. 992] | 5/4/17 to 8/31/17 | $2,661,391.58 | $2,616,388.80 | $418,174.31 |

### Summary of Pending Monthly Fee Statements
### September 1, 2017 – November 30, 2017

| Date Served | Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 10/20/17 | 9/1/17 to 9/30/17 | 40.5 | $1,431,000.00 | $1,144,800.00 | $ 2,894.39 | $ 2,894.39 | $286,200.00 |
| 11/10/17 | 10/1/17 to 10/31/17 | 29.5 | $0.00 | $0.00 | $31.14 | $31.14 | $0.00 |

| Date Served | Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 12/21/17 | 11/1/17 to 11/30/17 | 28.5 | $30,450.00[5] | $30,450.00[5] | $493.39 | $0.00 | $493.39 |

### Cumulative Summary of Fees and Expenses Incurred During the Final Fee Period

| Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|
| May 4, 2017 – August 31, 2017 | 1,502.0 | $2,603,217.27 | $2,603,217.27 | $58,174.31 | $13,171.53 | $0.00 |
| September 1, 2017 – November 30, 2017 | 98.5 | $1,461,450.00[5] | $1,175,250.00[5] | $3,418.92 | $2,925.53 | $286,693.39 |
| **TOTAL** | **1,600.5** | **$4,064,667.27** | **$3,778,467.27** | **$16,590.45[6]** | **$16,097.06** | **$286,693.39** |

### Breakdown of Fees Requested

| Month | Monthly Retainer Fee | Transaction Fee | |
|---|---|---|---|
| May 2017 | $150,000.00 | | |
| June 2017 | $150,000.00 | | |
| July 2017 | $150,000.00 | | |
| August 2017 | $150,000.00 | $2,003,217.27 | |
| September 2017 | $150,000.00 | $1,281,000.00 | |
| October 2017 | -- | -- | |
| November 2017 | -- | $30,450.00 | **Total Fees Requested** |
| **Total** | **$750,000.00** | **$3,314,667.27** | **$4,064,667.27** |

---

5 During the Fee Period, PJ Solomon, L.P. was paid a commission of $30,450.00 on account of the sale of Tract 1 property at 6529 S. Columbia Avenue, Hammond, IN 46320.
6 Excludes aggregate pre-petition expenses of $45,227.80 previously submitted in PJ Solomon, L.P.'s interim fee application.

5

**Compensation by Professional Person**

| Name of Professional Individual | Position of the Applicant | May 2017 | June 2017 | July 2017 | Aug. 2017 | Sept. 2017 | Oct. 2017 | Nov. 2017 | Total Hours |
|---|---|---|---|---|---|---|---|---|---|
| Scott Moses | Managing Director | 102.0 | 105.5 | 129.0 | 27.0 | 17.0 | 5.5 | 14.0 | 400.0 |
| Derek Pitts | Managing Director | 89.0 | 88.5 | 11.0 | -- | -- | -- | -- | 188.5 |
| Gregory Grambling | Director | 85.0 | 83.5 | 38.0 | 21.0 | 16.0 | 5.0 | -- | 248.5 |
| Jay Kim | Associate Director | 22.0 | 19.0 | 11.0 | 4.5 | -- | -- | -- | 56.5 |
| Sebastian Sinisterra | Associate | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] |
| Keenan Simon | Analyst | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] | N/A[7] |
| Susan Wang | Analyst | 243.5 | 157.0 | 56.5 | 19.0 | 7.5 | 19.0 | 14.5 | 517.0 |
| Maxwell Haensel | Summer Analyst | -- | 121.0 | 69.0 | N/A[7] | N/A[7] | N/A[7] | N/A[7] | 190.0 |
| **Total** | | **541.5** | **574.5** | **314.5** | **71.5** | **40.5** | **29.5** | **28.5** | **1,600.5** |

**Compensation by Subject Matter**

| Subject Matter Number | Subject Matter Description | May 2017 | June 2017 | July 2017 | Aug. 2017 | Sept. 2017 | Oct. 2017 | Nov. 2017 | Total Hours |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Buyer Analysis | 176.0 | 114.0 | 68.0 | 14.0 | 2.0 | -- | -- | **374.0** |
| 2 | External Calls | 76.5 | 87.5 | 21.5 | 9.5 | 6.0 | -- | 2.0 | **203.0** |
| 3 | Internal Calls | 112.5 | 119.0 | 71.0 | 19.5 | 10.0 | 3.0 | 3.0 | **338.0** |
| 4 | Other | 16.5 | 65.0 | 86.5 | 9.5 | 9.5 | 21.5 | 18.0 | **226.5** |
| 5 | Emails | 160.0 | 189.0 | 67.5 | 19.0 | 13.0 | 5.0 | 5.5 | **459.0** |

7 This professional's hours are not included despite having spent meaningful hours on the deal, as he has since left PJ Solomon, L.P.

| Total | 541.5 | 574.5 | 314.5 | 71.5 | 40.5 | 29.5 | 28.5 | 1,600.5 |

## Expense Summary

| Expense Category | May 2017[6] | June 2017 | July 2017 | Aug. 2017 | Sept. 2017 | Oct. 2017 | Nov. 2017 | Total[6] |
|---|---|---|---|---|---|---|---|---|
| Black & White Copy Costs | | $83.25 | -- | -- | -- | -- | -- | **$83.25** |
| Color Copy Costs | | $67.00 | -- | -- | -- | -- | -- | **$67.00** |
| Late Night Meals | | $796.15 | $618.30 | $173.19 | $963.58 | -- | -- | **$2,551.22** |
| Late Night Taxi | | $147.12 | $63.12 | $73.75 | $12.80 | -- | -- | **$296.79** |
| Meals & Entertainment | | -- | $198.30 | $79.04 | $106.79 | -- | $41.33 | **$425.46** |
| Messenger & Delivery | | -- | -- | -- | -- | $31.14 | $13.66 | **$44.80** |
| Other Expenses | | $118.98 | $21.41 | -- | -- | -- | -- | **$140.39** |
| Conference Call Charges | | $527.46 | $994.89 | -- | $19.78 | -- | -- | **$1,542.13** |
| Other Telephone Charges | | $156.46 | $144.47 | $272.14 | -- | -- | -- | **$573.07** |
| Travel & Lodging[8] | | $294.20 | $2,965.16 | $1,195.09 | $1,791.44 | -- | $438.40 | **$6,684.29** |
| **Total** | **$4,182.05[6]** | **$2,190.62** | **$5,005.65** | **$1,793.21** | **$2,894.39** | **$31.14** | **$493.39** | **$16,590.45[6]** |

Total Expenses Incurred During Fee Period:                                                    **$16,590.45**

---

[8] After discussions with the Debtors, PJ Solomon, L.P. has agreed to reduce its travel & lodging expenses by $661.28.

January 18, 2018                                          Respectfully submitted,
New York, NY

                                                         /s/ Scott Moses
                                                         /s/ Derek Pitts
                                                         Scott Moses
                                                         Derek Pitts
                                                         PJ SOLOMON L.P.
                                                         1345 Avenue of the Americas, 31st Floor
                                                         New York, NY 10105
                                                         Telephone:  (212) 508-1600
                                                         Facsimile:  (212) 508-1633
                                                         E-mail:  smoses@pjsc.com
                                                                  dpitts@pjsc.com


                                                         FINANCIAL AND STRATEGIC ADVISOR FOR
                                                         DEBTORS
                                                         AND DEBTORS IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| In re | ) Chapter 7 |
|  | ) |
| CENTRAL GROCERS, INC., *et al.*, | ) Case No. 17-13886 (PSH) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors.[1] | ) |
|  | ) **Hearing Date: February 15, 2018** |
|  | ) **Hearing Time: 11:00 a.m. (Central Time)** |

**SECOND AND FINAL FEE APPLICATION OF PJ SOLOMON, L.P.,[2] AS FINANCIAL AND STRATEGIC ADVISOR TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (MAY 4, 2017 THROUGH NOVEMBER 30, 2017[3])**

PJ Solomon, L.P. ("**Solomon**"), financial and strategic advisor to the above-captioned debtors and debtors in possession (the "**Debtors**"), hereby submits its second and final fee application (this "**Final Fee Application**"), pursuant to which it seeks: (a) final allowance and approval of compensation for professional services rendered to the Debtors in the amount of $4,064,667.27,[4] of which $286.200.00 remains unpaid, for the periods from May 4, 2017 through August 31, 2017 (the "**First Interim Fee Period**") and September 1, 2017 through November 30, 2017 (the "**Second Interim Fee Period**" and together with the First Interim Fee Period, the

---

1 The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

2 On December 15, 2017, PJ Solomon L.P.'s legal business name was changed from Peter J. Solomon Company, LLC to PJ Solomon, L.P.

3 PJ Solomon, L.P. did not perform any services for the Debtors past November 30, 2017.

4 Compensation requested in this Final Fee Application does not include any fees related to potential future sales of Debtors' real estate assets, which would amount to 2.10% of the sale price per the engagement letter between PJ Solomon, L.P. and the Debtors, dated as of April 18, 2017 (see Exhibit A).

9

"**Final Fee Period**"); (b) final allowance and approval of the reimbursement of actual and necessary expenses in the amount of $16,590.45, of which $493.39 remains unpaid, incurred by Solomon in rendering services to the Debtors during the Final Fee Period.  In support of this Final Fee Application, Solomon respectfully states as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**").

### General Background

3.      On May 2, 2017, certain of CGI's creditors commenced an involuntary case against CGI under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**")

4.      On May 4, 2017, each of the Debtors, including CGI, commenced a voluntary case under chapter 11 of the Bankruptcy Code (each a "**Bankruptcy Case**" and collectively, the "**Bankruptcy Cases**") with the United States Bankruptcy Court for the District of Delaware (the "**Delaware Court**").

5.     On June 13, 2017, the Bankruptcy Cases were transferred to this Court, including the Bankruptcy Case of CGI, which was consolidated into the involuntary chapter 7 case against CGI.

6.     On May 15, 2017, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "**Creditors' Committee**").

7.     The Debtors' Bankruptcy Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

8.     Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Bankruptcy Cases is set forth in the *Declaration of Donald E. Harer in Support of the Debtors' Chapter 11 Petitions and First Day Relief* sworn to and filed on the Commencement Date.  (Del. Court, Case No. 17-10993, ECF No. 3, the "**Harer Declaration**").

9.     On May 31, 2017, the Delaware Court entered an order establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses of professionals whose services are authorized by the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a). (Del. Court, Case No. 17-10993, ECF No. 305, the **"Compensation Procedures Order"**).

10.     On December 4, 2017, the Court entered an *Order Converting Case Under Chapter 11 to Case Under Chapter 7 Effective December 4, 2017, at 3:00 p.m. (Central Time)* in each of the Debtors' Bankruptcy Cases (the "**Conversion Order**") (*see, e.g.* ECF No. 1085,

converting each of the Debtors' Bankruptcy Cases from chapter 11 to chapter 7 of the Bankruptcy Code, effective as of December 4, 2017, at 3:00 p.m. (Central Time) (the "**Conversion Date**").   The Conversion Orders provided that professionals in the Debtors' Bankruptcy Cases must file their final fee applications on or before forty-five days after the Conversion Date for approval of all fees and expenses incurred through the Conversion Date. Accordingly, Solomon is filing this Final Fee Application.

### Retention of Solomon

11.     On June 21, 2017, the Debtors filed *Notice of Debtors for (A) Authorization to Retain and Employ Peter J. Solomon Company as Investment Banker for the Debtors Nunc Pro Tunc to the Commencement Date and (B) Waiver of Certain Requirements Under Local Rule 2016-2* [Dkt. No. 203] (the **"Retention Application"**).

12.     On June 20, 2017, this Court entered an order authorizing the Debtors' retention of Solomon [Dkt. No. 206] (the **"Retention Order"**), which authorized the Debtors to retain Solomon as their investment banker, *nunc pro tunc* to May 4, 2017.

13.     Pursuant to the Retention Order, Solomon was authorized to be compensated from the Debtors' estates at its agreed upon fee structure and to be reimbursed from the Debtors' estates for its actual and necessary out-of-pocket expenses incurred in connection with its advisory of the Debtors in accordance with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the applicable guidelines issued by the United States Trustee for the Northern District of Illinois, Eastern Division (the **"U.S. Trustee Guidelines"**), and any other applicable order or procedures issued by this Court.

12

14.    All of the services for which compensation is sought by Solomon were rendered for or on behalf of the Debtors solely in connection with these Bankruptcy Cases.  There is no agreement or understanding between Solomon and any other person for the sharing of compensation to be received for the services rendered in these Bankruptcy Cases.

### Disclosure of Requested Compensation

15.    Pursuant to the Compensation Procedures Order, as part of this Final Fee Application, Solomon requests aggregate compensation for the Final Fee Period of $4,064,667.27 as compensation for financial and strategic advisory services provided to the Debtors during the Final Fee Period and $16,590.45 for reimbursement of actual and necessary expenses, for a total request of $4,081,257.72.  Fees and expenses sought in this Final Fee Application attributable to the Second Interim Fee Period are $1,461,450.00 and $3,418.92, respectively.

16.    In accordance with the Compensation Procedures Order, Solomon has filed and received Court approval of one interim fee application during these Bankruptcy Cases.  On October 16, 2017, Solomon filed the *First Interim Fee Application of Peter J. Solomon Company LLC, as Financial and Strategic Advisor to the Debtors, for Allowance and Payment of Administrative Claim for Compensation and Reimbursement of Expenses (May 4, 2017 through August 31, 2017)* [ECF No. 846] (the "**First Interim Fee Application**"), which the Court approved on November 16, 2017 [ECF No. 992].  The order granting the First Interim Fee Application provided that fees in the amount of $2,603,217.27 and expenses in the amount of $13,171.53 were allowed on an interim basis, and these amounts were paid pursuant to the order granting the First Interim Fee Application.

13

17.    Throughout the Bankruptcy Cases, Solomon has filed monthly fee statements in accordance with the Compensation Procedures Order.  Therefore, pursuant to these monthly fee statements and the procedures outlined in the Compensation Procedures Order, Solomon has already received payment of $1,175,250.00 in fees and $2,925.53 in expenses incurred during the Second Interim Fee Period.

18.    During the Final Fee Period, Solomon provided extensive services to the Debtors in its capacity as strategic and financial advisor in this case, including:

**General Due Diligence**

a.  Familiarizing itself with the business, operations, properties, financial condition and prospects of the Debtors;

b.  Reviewing the Debtors' financial condition and outlook;

c.  Assisting in the development of financial data and presentations to the Debtor's board of directors.

**Marketing Process**

a.  Assisting the Debtors in marketing of substantially all of its assets on a going concern basis, including (i) grocery stores operated by one of the Debtors, Strack and Van Til Super Market, Inc., under the "Strack & Van Til," "Ultra Foods," and "Town & Country" banners (collectively, the "Strack Stores") and their related leasehold interests and inventory; (ii) an over 1,000,000 square foot warehousing and distribution facility owned by another of the Debtors, CGI Joliet, LLC (the "Distribution Center"); and (iii) certain other real and personal property of the Debtors;

14

b.  Identified a broad array of parties that may have an interest in consummating one or more sale transactions on terms acceptable to the Debtors;

c.  Created marketing materials for the Debtors' various assets;

d.  Contacted over 120 parties to solicit bids as potential buyers of the Debtors' assets;

e.  Conducted calls with and scheduled on-site visits for parties interested in the Distribution Center and other real estate owned by the Debtors;

f.  Coordinated due diligence processes and requests for various parties interested in the Debtors' assets, including liaising with the Debtors' representatives, packaging diligence materials, conducting additional analysis, and scheduling diligence calls between the Debtors and interested parties;

**Sale Process / Sale-Related Analysis**

a.  Analyzed bids from various parties for the Debtors' assets and presented findings to the Debtors' board of directors at several board meetings;

b.  Pursued negotiations with bidder parties in the interest of maximizing value for the Debtors' stakeholders;

c.  Facilitated the execution of an asset purchase agreement as part of a stalking horse package by and among Jewel Food Stores, Inc. and Debtors Strack and Van Til Super Market, Inc., SVT, LLC, and Raceway Central, LLC on May 12, 2017;

d.  Facilitated the execution of an asset purchase agreement as part of a topping bid by and among the Indiana Grocery Group, LLC and Debtors Strack and Van Til

Super Market, Inc., SVT, LLC, Raceway Central, LLC, and Currency Express, Inc. on July 14, 2017, with a purchase price of $95,391,298.36 before credits;

e. Facilitated the execution of an asset purchase agreement by and among SUPERVALU Holdings, Inc. and Debtors Central Grocers, LLC and CGI Joliet, LLC on July 25, 2017 for the Distribution Center, with a purchase price of $61,000,000.00;

f. Facilitated the execution of an asset purchase agreement by and among Steve Navarro and Debtor Raceway Central, LLC on September 14, 2017 for the property located at 6603 Columbia Avenue, Hammond, IN 46320 and 6529 Columbia Avenue, Hammond, IN 46320 and associated leases with BP Products North America, Inc. and Centier Bank, with a purchase price of $1,850,000.00;

g. Facilitated the submission of a proposed asset purchase agreement for the property located at 1212 75th Street, Downers Grove, IL 60516 and the property, furniture, fixtures and equipment located at 1590 North Larkin Avenue, Joliet, IL 60435;

h. Facilitated the submission of a proposed asset purchase agreement. for the property located at 1212 75th Street, Downers Grove, IL 60516;

i. Facilitated the submission of a proposed asset purchase agreement for the property located at 501 South County Farm Road, Wheaton, IL 60189;

**Restructuring-Related Analysis / Finance-Related Analysis**

a. Evaluating the Debtors' debt capacity and alternative capital structures;

16

b.  Analyzing various restructuring scenarios and the potential impact of these scenarios on the potential recoveries of those stakeholders impacted by a restructuring;

c.  Providing strategic advice with regard to restructuring or refinancing the Debtors' obligations;

d.  Providing financial advice and assistance to the Debtors in developing a restructuring;

e.  In connection therewith, providing financial advice and assistance to the Debtors in structuring the consideration to be distributed under a restructuring;

**Communications with Creditors**

a.  Providing information to stakeholders and their professionals regarding the Debtors and the restructuring;

b.  Participating in negotiations among the Debtors and their stakeholders with respect to a restructuring;

**Court Hearings and Preparation**

a.  Assisting counsel and the Debtors with analyzing potential claims and causes of action that the Debtors may consider bringing against any party or that the Debtors anticipate may be brought against the Debtors;

b.  Assisting the Debtors' counsel in preparing to prosecute or defend any such claims; and

**Travel**

      a.   Incurring travel time on behalf of the Debtors for travel to client locations, court hearings and board meetings.

## Requested Relief

19.     Solomon submits this Application (a) for allowance and payment of compensation for the professional services that it has rendered as financial and strategic advisor to the Debtors in this case for the period from May 4, 2017 through November 30, 2017, and (b) for reimbursement of expenses incurred in this case during that same period.

20.     During the Final Fee Period, Solomon accrued fees totaling $4,064,667.27. For the same period, Solomon incurred out-of-pocket expenses totaling $16,590.45. With respect to these amounts, as of the date of this Application, Solomon has received payments totaling $3,794,564.33.

21.     Solomon respectfully requests for the Court to approve its fees and expenses for the Final Fee Period in the total amount of $4,081,257.72—comprising $4,064,667.27 for fees and $16,590.45 for expenses, of which $286,200.00 in fees and $493.39 in expenses remains unpaid—and authorize and direct the Debtors to immediately pay Solomon the outstanding amount of $286,693.39.

## Relevant Legal Standards

22.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals. Pursuant to the Retention Order, Solomon's monthly fees and expenses are subject to the standard of review provided for in Section 328(a) of the Bankruptcy Code and are not subject to the standard of review set forth in Section 330 of the Bankruptcy Code except by the

U.S. Trustee, and in such case "reasonableness" shall not be evaluated primarily on an hourly or length-of-case based criteria.

23.     Section 328(a) of the Bankruptcy Code permits, with the Court's approval, the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). The standards for compensation under section 328 are significantly different than under Section 330. The purpose of section 328 is to permit the pre-approval of compensation arrangements as a method of ensuring that the most competent professionals will be available to provide services in bankruptcy cases. See *Daniels v. Barron (In re Barron),* 325 F.3d 690, 692-93 (5th Cir. 2003) (sec. 328 intended to eliminate uncertainty about compensation to attract able professionals); *In re Westbrooks*, 202 B.R. 520, 521 (Bankr. N.D. Ala. 1996) (percentage fee arrangements "comport with the Bankruptcy Code's goal of attracting highly qualified professionals to the bankruptcy forum").

24.     Once the terms of a professional's retention have been approved under section 328(a) of the Bankruptcy Code, the approved compensation structure cannot be altered unless the agreed terms "prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); see also *Riker, Danzig, Schere, Hyland & Perretti v. Official Comm, of Unsecured Creditors (In re Smart World Tech., LLC)*, 552 F.3d 228, 234-35 (2d. Cir. 2009) (altering terms of compensation approved under sec. 328 is a high hurdle to clear); *Daniels v. Barron (In re Barron)*, 325 F.3d at 693 (circumstances must have been incapable of anticipation); *Pitrat v. Reimers (In re Reimers)*, 972 F.2d 1127, 1128 (9th Cir. 1992) (compensation agreement approved under Section 328(a)

19

must be enforced in the absence of unforeseeable circumstances, and is not subject to a "reasonableness" review under Section 330); *In re Westbrooks*, 202 B.R. at 522 (same).

25.    Additionally, Solomon respectfully submits that its fees and expenses incurred during the Final Fee Period were reasonable and warranted. Solomon has been involved in a meaningful way in these Bankruptcy Cases and fulfilled its duties in advising the Debtors. Solomon submits that the amount of fees and expenses requested herein is fair and reasonable in light of (a) the complexity of the issues presented, (b) the time expended, (c) the skill required to properly perform the financial advisory services, (d) the experience, reputation and ability of the professionals rendering services, (e) the preclusion of other similar employment, (f) the value of such services, (g) the market rates charged for comparable services both in and out of the chapter 11 context, and (h) the nature and scope of work performed by Solomon in these chapter 11 cases during the Final Fee Period. Compensation for services rendered during the Final Fee Period has been earned and is due and payable under the terms of that certain engagement letter, dated as of April 18, 2017, between Solomon and the Debtors, hereby attached as Exhibit A.

26.    Accordingly, Solomon respectfully submits that fees and expense reimbursement sought herein should be allowed and approved by the Court pursuant to sections 328(a) and 330 of the Bankruptcy Code.

### **Notice**

27.    Notice of this Final Fee Application has been provided in accordance with the *Revised Proposed Order Authorizing Motion of Debtors for Approval of Case Management Procedures* [Docket No. 226]. The Debtors respectfully submit that, in view of the facts and circumstances, such notice is sufficient and no further notice is required.

20

## **No Prior Request**

28.     No prior request for the relief sought herein has been made by the Debtors to this

or any other court.

WHEREFORE, Solomon respectfully requests that the Court enter an order, substantially

in the form attached hereto: (a) allowing and awarding compensation for professional services

rendered during the Final Fee Period in the amount of $4,064,667.27 and for reimbursement of

all actual and necessary expenses incurring by Solomon during the Final Fee Period in the

amount of $16,590.45; (b) authorizing and directing the Designated Person (as defined in the

Conversion Orders) to cause Solomon be paid all unpaid fees and expenses accrued during the

Final Fee Period; and (c) granting such further relief as is just and proper.

January 18, 2018                          Respectfully submitted,
New York, NY

                                         /s/ Scott Moses
                                         /s/ Derek Pitts
                                         Scott Moses
                                         Derek Pitts
                                         PJ SOLOMON, L.P.
                                         1345 Avenue of the Americas, 31st Floor
                                         New York, NY 10105
                                         Telephone:  (212) 508-1600
                                         Facsimile:  (212) 508-1633
                                         E-mail:  smoses@pjsc.com
                                                  dpitts@pjsc.com


                                         FINANCIAL AND STRATEGIC ADVISOR FOR
                                         DEBTORS
                                         AND DEBTORS IN POSSESSION

21