**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*, | Case No. 17-13886 (PSH) |
| Debtors.[1] | (Jointly Administered) |
|  | **Hearing Date: February 15, 2018** |
|  | **Hearing Time: 11:00 a.m. (Central Time)** |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF IDISCOVERY SOLUTIONS,
INC., AS DATA PRESERVATION PROVIDER TO THE DEBTORS, FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
(AUGUST 26, 2017 THROUGH JANUARY 18, 2018)**

**PLEASE TAKE NOTICE** that on January 18, 2018, the *First and Final Fee
Application of iDiscovery Solutions, Inc., as Data Preservation Provider to the Debtors, for
Allowance and Payment of Administrative Claim for Compensation and Reimbursement of
Expenses (August 26, 2017 Through January 18, 2018)* (the **"Final Fee Application"**) was filed
in above-captioned cases by iDiscovery Solutions, Inc. ("**iDiscovery Solutions**") as data
preservation provider for the debtors and debtors in possession (collectively, the "**Debtors**").

**PLEASE TAKE FURTHER NOTICE** that the iDiscovery Solutions has requested that
the Final Fee Application be heard on **February 15, 2018, at 11:00 a.m. (Central Time)** before
the Honorable Judge Pamela S. Hollis or any other judge who may be sitting in her place and
stead, in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago,
Illinois, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Final Fee Application
must be filed on the docket of the above-captioned cases and served on iDiscovery Solutions by
no later than **February 8, 2018, at 4:00 p.m. (Central Time)** and that any such objection shall
be heard on **February 15, 2018, at 11:00 a.m. (Central Time)** before the Honorable Judge
Pamela S. Hollis or any other judge who may be sitting in her place and stead, in Courtroom 644
in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.  If any objections
to the Final Fee Application are received, the Hearing may be adjourned to a later date upon

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification
number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650),
Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC
(2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central
LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184),
and SVT, LLC (1185).

further notice to provide parties in interest an opportunity to review and respond to any objections.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents are available free of charge by visiting the case website maintained by Prime Clerk LLC, notice and claims agent for these chapter 7 cases, available at https://cases.primeclerk.com/centralgrocers or by calling (866) 727-8489. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein. If any objections to the Final Fee Application are received, the Hearing may be adjourned to a later date.

**PLEASE TAKE FURTHER NOTICE** that iDiscovery Solutions, Inc. requests approval of the following:

|                      |              |
|----------------------|--------------|
| Total Compensation:  | $241,345.50  |
| Total Expenses:      | $203,913.37  |

Dated: January 18, 2018
      Chicago, Illinois

s/ Jennifer A. Brennan
Jennifer A. Brennan
iDISCOVERY SOLUTIONS
3000 K Street NW, Suite 330
Washington, DC  20007
Telephone:  (202) 249-7882
E-mail:jbrennan@idiscoverysolutions.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[1] | ) |  |
|  | ) | **Hearing Date: February 15, 2018** |
|  | ) | **Hearing Time: 11:00 a.m. (Central Time)** |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF IDISCOVERY
SOLUTIONS, INC., AS DATA PRESERVATION PROVIDER TO THE DEBTORS, FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
(AUGUST 26, 2017 THROUGH JANUARY 18, 2018)**

| | |
|---|---|
| Name of Applicant: | iDiscovery Solutions, Inc. |
| Name of Client: | The Debtors |
| This is a: | ___ interim application _x_ final application |
| Time Period Covered by this Final Fee Application: | August 26, 2017 through January 18, 2018 (the "Final Fee Period") |
| Total Compensation Sought: | $241,345.50 |
| Total Expenses Sought: | $203,913.37 |
| Retention Date: | August 26, 2017 |
| Date of Order Approving Employment: | October 12, 2017, *nunc pro tunc* to August 26, 2017 [ECF No. 834] |
| Prior Interim Applications: | None |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

| | |
|---|---|
| Total Allowed Compensation Paid to Date: | $144,684.40 |
| Total Allowed Expenses Paid to Date: | $91,634.91 |
| Blended Hourly Rate for All Professionals for the Final Fee Period | $360.65 |
| Number of Professionals Included in this Final Fee Application: | 13 |
| Number of Professionals Billing Fewer than 15 Hours to the Cases During the Final Fee Period: | 4 |

**Summary of Pending Monthly Fee Statements During the Final Fee Period**

| Date Served | Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 11/10/17 | 8/26/17 – 9/30/17 | 78.7 | $37,779.50 | $30,223.60 | $2,337.41 | $2,337.41 | $7,555.90 |
| 11/15/17 | 10/1/17 to 10/31/17 | 407.5 | $143,076.00 | $114,460.80 | $89,297.50 | $89,297.50 | $28,615.20 |

**Cumulative Summary of Fees and Expenses Incurred During the Final Fee Period**

| Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Retainer[2] | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 8/26/17 – 1/18/18 | 669.20 | $241,345.50 | $144,684.40 | $203,913.37 | $91,634.91 | $25,000 | $183,939.56 |
| **TOTAL** | 669.20 | $241,345.50 | $144,684.40 | $203,913.37 | $91,634.91 | $25,000 | $183,939.56 |

---

[2] As part of its retention, iDiscovery Solutions received a $25,000 retainer and has applied such amount against the Unpaid Balance.

**Professionals Who Rendered**
**Professional Services During the Final Fee Period**

| Name | Position | Department | Hourly Rate | Total Billed Hours | Total Compensation |
|------|----------|------------|-------------|--------------------|--------------------|
| Jennifer Brennan | Senior Consultant | iDiscovery Solutions | $275.00 | 17.1 | $4,777.50 |
| Chris Conway | CFO | iDiscovery Solutions | $275.00 | 3.0 | $825.00 |
| Brian Kim | Director | iDiscovery Solutions | $370.00 | 3.5 | $1,295.00 |
| Neal Lawson | Managing Director | iDiscovery Solutions | $550.00 | 135.8 | $74,690.00 |
| Trent Livingston | Director | iDiscovery Solutions | $420.00 | 43 | $18,060.00 |
| Louis Martin | Senior Managing Consultant | iDiscovery Solutions | $330.00 | 24.7 | $8,151.00 |
| Jim Nelson | Senior Consultant | iDiscovery Solutions | $325.00 | 66 | $21,450.00 |
| Chieu Nyguen | Consultant | iDiscovery Solutions | $275.00 | 32.5 | $8,937.50 |
| Sangeetha Ramamurthy | Project Manager | iDiscovery Solutions | $195.00 | 3.6 | $702.00 |
| Daniel Regard | Managing Director | iDiscovery Solutions | $700.00 | 18.3 | $12,810.00 |
| Supreet Singh | Consultant | iDiscovery Solutions | $275.00 | 3.2 | $880.00 |
| Tyler Swazy | Consultant | iDiscovery Solutions | $275.00 | 24.5 | $6,737.50 |
| Bobby Williams | Senior Consultant | iDiscovery Solutions | $278.93 | 294.0 | $82,030.00 |
| | | | **Total:** | **669.2** | **$241,345.50** |
| | | | **Blended Rate:** | | **$360.65** |

**Compensation by Subject Matter for Final Fee Period**

| Subject Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|
| Project Communications/Meetings | 88.8 | $40,673.00 | $1,098.25 | $41,771.25 |
| Project Management | 17.5 | $8,347.00 | $0.00 | $8,347.00 |
| Fee Applications | 19.6 | $5,390.00 | $0.00 | $5,390.00 |
| Fact Investigation/Development | 49.2 | $28,060.00 | $0.00 | $28,060.00 |
| Analysis/Strategy Development | 16.5 | $8,743.50 | $0.00 | $8,743.50 |
| Data Staging/Conversion | 59.8 | $22,679.50 | $0.00 | $22,679.50 |
| Data Collection (Hourly) | 312.3 | $86,743.00 | $17,329.17 | $104,072.17 |
| Data Analysis | 29.9 | $9,053.00 | $0.00 | $9,053.00 |
| Interviews | 4.6 | $1,518.00 | $0.00 | $1,518.00 |
| Data Maps/System Profiles | 61.7 | $26,007.00 | $1,652.54 | $27,659.54 |
| Analysis & Recommendations | 5.1 | $2,805.00 | $0.00 | $2,805.00 |
| Report Writing | 2.5 | $825.00 | $0.00 | $825.00 |
| Data Processing (incl. D.C. sales tax) | 0 | $0.00 | $134,539.29 | $134,539.29 |
| Data Hosting (incl. D.C. sales tax) | 0 | $0.00 | $28,294.12 | $28,294.12 |
| Searching & Batching | 1.7 | $501.50 | $0.00 | $501.50 |
| AS400 Data Hosting | 0 | $0.00 | $21,000.00 | $21,000.00 |
| **Grand Total** | **669.2** | **$241,345.50** | **$203,913.37** | **$445,258.87** |

**Expense Summary for Final Fee Period**

| Service Description | Amount |
|---|---|
| Airfare/Baggage Fees | $5,523.30 |
| AS400 Hosting | $21,000.00 |
| Car Rental/Gas | $3,352.70 |
| Change Fees | $75.00 |
| Courier/Delivery Charges | $2,593.89 |
| Lodging | $2,870.57 |
| Data Processing (incl. D.C. sales tax) | $134,539.29 |
| Data Hosting (incl. D.C. sales tax) | $28,294.12 |
| Meals | $510.42 |
| Taxi/Car Service | $544.74 |
| Technology Supplies | $4,609.34 |
| **Total** | **$203,913.37** |

Dated: January 18, 2018  
Chicago, Illinois

s/ Jennifer A. Brennan
Jennifer A. Brennan
iDISCOVERY SOLUTIONS
3000 K Street NW, Suite 330
Washington, DC  20007
Telephone:  (202) 249-7882
E-mail:jbrennan@idiscoverysolutions.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | **Hearing Date: February 15, 2018** |
| | ) | **Hearing Time: 11:00 a.m. (Central Time)** |

**FIRST AND FINAL FEE APPLICATION OF IDISCOVERY SOLUTIONS, INC., AS
DATA PRESERVATION PROVIDER TO THE DEBTORS, FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES
(AUGUST 26, 2017 THROUGH JANUARY 18, 2018)**

iDiscovery Solutions, Inc. ("**iDiscovery Solutions**"), as data preservation provider to

debtors and debtors in possession (the "**Debtors**"), hereby submits its first and final fee

application (this "**Final Fee Application**"), pursuant to which it seeks (a) final allowance and

approval of compensation for professional services rendered to the Debtors in the amount of

$241,345.50 for the periods from August 26, 2017 through January 18, 2018 (the "**Final Fee**

**Period**"); (b) final allowance and approval of the reimbursement of actual and necessary

expenses in the amount of $203,913.37 incurred by iDiscovery Solutions in rendering services to

the Debtors during the Final Fee Period; (c) application of a $25,000 retainer against the allowed

fees and expenses, and (d) release of all unpaid amounts for fees and expenses for the Final Fee

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification
number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650),
Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC
(2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central
LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184),
and SVT, LLC (1185).

{7180420: }

Period, net of the retainer, in the amount of $189,939.56.   In support of this Final Fee

Application, iDiscovery Solutions respectfully states as follows:

## Jurisdiction

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The bases for the relief requested herein are section 330 of title 11 of the United

States Code (the **"Bankruptcy Code"**), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the **"Bankruptcy Rules"**), and Rule 5082-1 of the Local Rules for the United States

Bankruptcy Court for the Northern District of Illinois (the **"Local Rules"**).

## General Background

3.       On May 2, 2017, certain of CGI's creditors commenced an involuntary case

against CGI under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in

the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**").

4.       On May 4, 2017, each of the Debtors, including CGI, commenced a voluntary

case under chapter 11 of the Bankruptcy Code (each a "**Bankruptcy Case**" and collectively, the

"**Bankruptcy Cases**") with the United States Bankruptcy Court for the District of Delaware (the

"**Delaware Court**").

5.       On June 13, 2017, the Bankruptcy Cases were transferred to this Court, including

the Bankruptcy Case of CGI, which was consolidated into the involuntary chapter 7 case against

CGI.

6.       On May 15, 2017, the United States Trustee for the District of Delaware

appointed an official committee of unsecured creditors (the "**Creditors' Committee**").

7.      The Debtors' Bankruptcy Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

8.      Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Bankruptcy Cases is set forth in the *Declaration of Donald E. Harer in Support of the Debtors' Chapter 11 Petitions and First Day Relief* sworn to and filed on the Commencement Date.  (Del. Court, Case No. 17-10993, ECF No. 3, the "**Harer Declaration**").

9.      On May 31, 2017, the Delaware Court entered an order establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses of professionals whose services are authorized by the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a). (Del. Court, Case No. 17-10993, ECF No. 305, the "**Compensation Procedures Order**").

10.     On December 4, 2017, the Court entered an *Order Converting Case Under Chapter 11 to Case Under Chapter 7 Effective December 4, 2017, at 3:00 p.m. (Central Time)* in each of the Debtors' Bankruptcy Cases (the "**Conversion Order**") (*see, e.g.* ECF No. 185, converting each of the Debtors' Bankruptcy Cases from chapter 11 to chapter 7 of the Bankruptcy Code, effective as of December 4, 2017, at 3:00 p.m. (Central Time) (the "**Conversion Date**").   The Conversion Orders provided that professionals in the Debtors' Bankruptcy Cases must file their final fee applications on or before forty-five days after the Conversion Date for approval of all fees and expenses incurred through the Conversion Date.

11.     The Conversion Orders only provided for fees incurred through and including the Conversion Date.  However, through this Final Fee Application, iDiscovery Solutions is also seeking payment of its additional fees and expenses incurred from December 5, 2017 through January 18, 2018 in the amount of $28,315.74 as an administrative expense in the Debtors' cases.  Payment of such fees and expenses was contemplated in the carve-out provision of the order providing the Debtors access to cash collateral and postpetition financing. *See In re CGI, et al*. No. 17-10993 (Bankr. D. Del. May 4, 2017), ECF No. 368 (the "**DIP Financing Order**"). As stated in the DIP Financing Order, the reasonable fee and expense claims of the Debtors' professionals should be paid from the Carve-Out Reserve Account (as defined in the DIP Financing Order), subject to the following limitations: "(a) for the period before the occurrence of the Trigger Date (as defined in the DIP Financing Order), not to exceed the lesser of (1) the weekly amounts budget to be funded for each such [estate professional allotted in the budget] for the time period preceding the Trigger Date . . . (2) the actual allowed amount of such professional fees incurred on or after the Petition Date up through and including the Trigger Date, and (b) for the time period following a Trigger Date, an amount not to exceed $500,000, in the aggregate for the [estate professionals]. . . provided further, that for any [estate professionals] that have or are maintaining any type of retainer such [estate professional] shall apply such retainer to any accrued and unpaid allowed fees and expenses before having any recourse to the Bank-End Carve-Out (as defined in the DIP Financing Order)."  The DIP Financing Order further provides that such fees of estate professionals may be paid from the Carve-Out Reserve Account as long as they are approved by the Court.  Therefore, after Court approval of iDiscovery Solutions' fees incurred after the Conversion Date until the date of the filing of this Final Fee Application, iDiscovery Solutions' fees and expenses will not be paid as an

administrative expense directly from the Debtors' estates; these fees and expenses will be paid

from the funds on deposit in the Carve-Out Reserve Account.

**Retention of iDiscovery Solutions**

12.     On September 28, 2017, the Debtors filed *Debtors' Application for Authorization

*to Retain and Employ iDiscovery Solutions as Data Preservation Provider, Nunc Pro Tunc to*

*August 26, 2017* [ECF No. 790] (the **"Retention Application"**).

13.     On October 12, 2017, this Court entered an order authorizing the Debtors'

retention of iDiscovery Solutions [ECF No. 834] (the **"Retention Order"**), which authorized the

Debtors to retain iDiscovery Solutions as data preservation provider, *nunc pro tunc* to August 26,

2017.

14.     Pursuant to the Retention Order, iDiscovery Solutions was authorized to be

compensated from the Debtors' estates at its normal hourly rates and to be reimbursed from the

Debtors' estates for its actual and necessary out-of-pocket expenses incurred in connection with

its provision of consulting and advisory services related to data analysis, data preservation, the

possible relocation of certain information and assets of the Debtors, internal and external

discovery issues, and expert testimony and expert consulting, if necessary (the "**Data

Preservation Services**") in accordance with the procedures set forth in the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, the applicable guidelines issued by the United States Trustee

for the Northern District of Illinois, Eastern Division (the **"U.S. Trustee Guidelines"**), and any

other applicable order or procedures issued by this Court.  As part of the engagement, iDiscovery

Solutions received a $25,000 retainer from the Debtors ("**Retainer**").

15.     As disclosed in the *Declaration of Neal Lawson* (the **"Lawson Declaration"**),

attached as Exhibit A to the Retention Application, iDiscovery Solutions does not hold or

represent an interest adverse to the Debtors or their estates and is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14).

16.     As provided in the Lawson Declaration, iDiscovery Solutions may have in the past work with, may currently work with, and likely in the future will work with parties in interest in connection with matters unrelated to the Debtors and their Bankruptcy Cases.

17.     All of the services for which compensation is sought by iDiscovery Solutions were rendered for or on behalf of the Debtors solely in connection with these Bankruptcy Cases. There is no agreement or understanding between iDiscovery Solutions and any other person for the sharing of compensation to be received for the services rendered in these Bankruptcy Cases.

## Disclosure of Requested Compensation

18.     Pursuant to the Compensation Procedures Order, as part of this Final Fee Application, iDiscovery Solutions requests aggregate compensation for the Final Fee Period of $241,345.50 as compensation for professional services provided to the Debtors during the Final Fee Period and $203,913.47 for reimbursement of actual and necessary expenses, for a total request of $445,258.87.

19.     Throughout the Bankruptcy Cases, iDiscovery Solutions has filed monthly fee statements in accordance with the Compensation Procedures Order. Therefore, pursuant to these monthly fee statements and the procedures outlined in the Compensation Procedures Order, iDiscovery Solutions has already received payment of $144,684.40 in fees and $91,634.91 for expenses incurred during the Final Fee Period, exclusive of application of the Retainer.

20.     The iDiscovery Solutions professionals who rendered professional services during the Final Fee Period are listed on **Exhibit A**.   The rates listed for each professional are iDiscovery Solutions' standard hourly rates.   **Exhibit A** also identifies the individuals that

rendered services and states the number of hours spent by each individual providing the services (in increments of one-tenth of an hour).  The professional services that iDiscovery Solutions rendered during the Final Fee Period are grouped into numbered and titled categories of subject matters, as listed below (each a **"Subject Matter"**).

21.    iDiscovery Solutions maintains computerized records of the time expended in the performance of the professional services required by the Debtors.  These records are maintained in the ordinary course of iDiscovery Solutions' practice and were made contemporaneously with the rendition of services by the person performing such services.[2]

22.    iDiscovery Solutions' hourly rates are set at a level designed to compensate iDiscovery Solutions fairly for the work of its professionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned or the type of services being performed.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

23.    The hourly rates and corresponding rate structure used by iDiscovery Solutions in these Bankruptcy Cases are equivalent to the hourly rates and corresponding rate structure that iDiscovery Solutions uses for restructuring, workout, bankruptcy, insolvency, and comparable matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, and regardless of whether a fee application is required.

24.    iDiscovery Solutions did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms for services pertaining to this engagement that

---

[2] For a detailed description of the services rendered and the expenses incurred by iDiscovery Solutions in its representation of the Debtors, see iDiscovery Solutions' invoices, attached hereto as **Exhibit B**.

were provided during the Final Fee Period. None of the professionals included in Final Fee Application varied their hourly rate based on the geographic location of the Bankruptcy Cases.

25.     The fees sought in this Final Fee Application reflect an aggregate of 669.2 hours expended by iDiscovery Solutions professionals during the Final Fee Period, at a blended average hourly rate of $360.65.

26.     This Final Fee Application is iDiscovery Solutions' first and final request for compensation for professional services rendered and reimbursement of expenses incurred.

## Requested Relief

27.     By this Final Fee Application, iDiscovery Solutions respectfully seeks the entry of an order: (a) allowing iDiscovery Solutions an administrative claim in the amount of: (i) $241,345.50 as compensation for the reasonable and necessary services iDiscovery Solutions rendered to the Debtors during the Final Fee Period, (ii) $203,913.37 in reimbursement for the actual and necessary expenses that iDiscovery Solutions incurred during the Final Fee Period, for a total allowance of $445,258.87, (b) authorizing the application of the Retainer against iDiscovery Solutions' requested fees and expenses, and (c) authorizing and directing the Debtors to immediately pay iDiscovery Solutions its unpaid fees and expenses for the Final Fee Period, net of the Retainer, in the amount of $183,939.56.

28.     During the Final Fee Period, iDiscovery Solutions rendered Data Preservation Services to the Debtors as requested and as necessary and appropriate in furtherance of the interests of the Debtors' estates. The variety and complexity of the issues in these Bankruptcy Cases, and the need to act or respond to such issues on an expedited basis in furtherance of the Debtors' needs, have required the expenditure of substantial time and effort by iDiscovery Solutions personnel on an as-needed basis.

29.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, allowance of the fees iDiscovery Solutions requests is fair and reasonable given: (a) the complexity of these Bankruptcy Cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

30.     In staffing these Bankruptcy Cases, in budgeting and incurring charges and disbursements, and in preparing and submitting this Final Fee Application, iDiscovery Solutions has been mindful of the need to be efficient while providing full, adequate, and zealous services to preserve certain information and assets of the Debtors.   Specifically, with respect to professional services rendered, iDiscovery Solutions has ensured that all professionals have only billed time for work which corresponds to that professional's skill level or type of service rendered.  In addition, iDiscovery Solutions has reviewed all time entries to ensure that multiple unrelated time entries are not lumped together or "blocked."

31.     iDiscovery Solutions has also endeavored to maintain accurate and detailed accounts of all actual and necessary expenses and that each expense is billed to the Subject Matter to which the person is billing his/her time for services rendered.

32.     The following summary of services rendered during the Final Fee Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in **Exhibit B**.  Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Debtors, as well as to identify some of the problems and issues that iDiscovery Solutions was required to address during the Final Fee Period.

A.     Project Communications/Meetings (Fees: $40,673.00; Hours: 88.8)

33.    The services rendered in this category relate to communications and telephonic or in-person meetings with various parties involved in the Bankruptcy Cases (*e.g.*, the Debtors, counsel to the Debtors, the Unsecured Creditors Committee, the Chapter 11 Trustee (and his professionals), IT professionals and third-party providers, application business owners, the Chapter 7 Trustee (and his professionals), and iDiscovery professionals) about Data Preservation Services, including IT infrastructure and reporting, data preservation protocols, and the status of data preservation activities for email, loose files and structured data systems.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Jennifer Brennan | 0.5 | $212.50 |
| Neal Lawson | 46.4 | $25,520.00 |
| Trent Livingston | 6.6 | $2,100.00 |
| Louis Martin | 6.1 | $2,013.00 |
| Dan Regard | 4.3 | $3,010.00 |
| Bobby Williams | 26.5 | $7,817.50 |
| **TOTAL** | **88.8** | **$40,673.00** |

B.    Project Management (Fees: $8,347.00; Hours: 17.5)

34.    This Subject Matter includes time spent on the overall management of data preservation and collection activities as well as the management of downstream data processing and data hosting activities.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Neal Lawson | 13.9 | $7,645.00 |
| Sangeetha Ramamurthy | 3.6 | $702.00 |
| **TOTAL** | **17.5** | **$8,347.00** |

C.    Fee Applications (Fees: $5,390.00; Hours: 19.6)

{7180420: }                                                10

35.     This Subject Matter describes time spent by iDiscovery Solutions preparing its monthly fee statements and this Final Fee Application. A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Jennifer Brennan | 16.6 | $4,565.00 |
| Chris Conway | 3 | $825.00 |
| **TOTAL** | **19.6** | **$5,390.00** |

D.     Fact Investigation/Development (Fees: $28,060.00; Hours: 49.2)

36.     The services rendered in this category pertain to iDiscovery Solutions' assessment of the Debtors' IT infrastructure and analysis of data sources and systems documentation.   A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Neal Lawson | 30.2 | $16,610.00 |
| Louis Martin | 5 | $1,650.00 |
| Dan Regard | 14 | $9,800.00 |
| **TOTAL** | **36** | **$15,633.00** |

E.     Analysis/Strategy Development (Fees: $8,743.50; Hours: 16.5)

37.     The services rendered in this category pertain to iDiscovery Solutions' development of a data preservation protocol.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Neal Lawson | 15.2 | $8,630.00 |
| Bobby Williams | 1.3 | $383.50 |
| **TOTAL** | **16.5** | **$8,743.50** |

F.     Data Collection (Fees: $86,743.00; Hours: 312.3)

38.     This Subject Matter describes time spent by iDiscovery Solutions to preserve the Debtors' electronically stored information, including High Availability Mainframe Computer Infrastructure (HA AS400), NAS devices, and other structured data sources, desktop computers and laptops, email/webmail, and other business documents. A summary of professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Louis Martin | 1.1 | $363.00 |
| Jim Nelson | 16 | $5,200.00 |
| Chieu Nguyen | 32.5 | $8,937.50 |
| Supreet Singh | 3.2 | $880.00 |
| Tyler Swasy | 24.5 | $6,737.50 |
| Bobby Williams | 235 | $64,625.00 |
| **TOTAL** | **312.3** | **$86,743.00** |

G.     Data Staging/Conversion (Fees: $22,679.50; Hours: 59.8) and Data Analysis (Fees: $9,053.00; Hours: 29.9)

39.     The services in this category include the HA AS400 relocation, restoration and configuration of access management and reporting functionality of the HA AS400 as well as the identification and extraction of email/webmail and other business documents from the preserved electronic data sources for use in the Bankruptcy Cases.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Brian Kim | 3.5 | $1,1295.00 |
| Neal Lawson | 14.7 | $8,085.00 |
| Jim Nelson | 42 | $13,650.00 |
| Bobby Williams | 29.5 | $8,702.50 |
| **TOTAL** | **89.7** | **$31,732.50** |

H.     Interviews (Fees: $1,518.00; Hours: 4.6) and Report Writing (Fees: $825.00; Hours: 2.5)

40.    The services rendered in this category include the interviews of application business owners and preparation of data system assessments.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Louis Martin | 7.1 | $2,343.00 |
| **TOTAL** | **7.1** | **$2,343.00** |

I.      Data Maps/System Profiles (Fees: $26,007.00; Hours: 61.7)

41.    The services rendered in this category pertain to time spent identifying, inventorying, and documenting the Debtors' various data sources and systems preservation.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Neal Lawson | 10.3 | $5,665.00 |
| Trent Livingston | 38 | $15,960.00 |
| Louis Martin | 5.4 | $1,782.00 |
| Jim Nelson | 8 | $2,600.00 |
| **TOTAL** | **61.7** | **$26,007.00** |

J.      Analysis & Recommendations (Fees: $2,805.00 Hours: 5.1)

42.    This Subject Matter includes time developing the data preservation protocol and preparing status updates for the Chapter 7 Trustee.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Neal Lawson | 5.1 | $2,805.00 |
| **TOTAL** | **5.1** | **$2,805.00** |

K.      Searching and Batching (Fees: $501.50; Hours: 1.7)

43.     This Subject Matter includes the search of multiple preserved data sources for specific documents and reporting about the search results.  A summary of the professionals who provided services in this category is as follows:

| Professional | Hours | Fees |
|---|---|---|
| Bobby Williams | 1.7 | $501,50 |
| **TOTAL** | **1.7** | **$501.50** |

N.     **Actual and Necessary Expenses**

44.     It is iDiscovery Solutions' policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with an engagement that would not have been incurred except as required by a particular client.  It is also iDiscovery Solutions' policy to charge its clients only the amount actually incurred by iDiscovery Solutions in connection with such items.  Examples of such expenses include overnight mail, cab fare, transportation, hard drives, airfare, and lodging.  With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

45.     iDiscovery Solutions' expenses also included several categories unique to its provision of Data Preservation Services to the Debtors, namely Data Processing, Data Hosting, and AS400 Hosting. Generally speaking, Data Processing refers to the normalization of electronic files for attorney review and document production and Data Hosting refers to the storage of these electronic files with secure remote access for review and analysis.  Both expenses are charged on the amount of data in gigbytes.  AS400 Hosting refers to the ongoing support of the relocated High Availability Mainframe Computing Infrastructure, which is the preservation copy of the Debtors' financial systems (HA AS400), including the hardware, software, switching equipment, racks, and power supplies.

46.     The rates charged by iDiscovery Solutions for these expenses in these Bankruptcy Cases are equivalent to the rates that iDiscovery Solutions uses for restructuring, workout, bankruptcy, insolvency, and comparable matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, and regardless of whether a fee application is required.  iDiscovery Solutions extended a 25% discount for Data Processing, Data Hosting, and AS400 Hosting on its November 2017 invoice.  Further, iDiscovery Solutions modified the Data Hosting and AS400 Hosting status from active to offline hosting upon the Conversion Date, which reduced the Data Hosting expenses by 75% and the AS400 Hosting expenses by 50% for December 2017 and January 2018.

47.     A summary of expenses accrued during the Final Fee Period by type appears on **Exhibit C**, and a detailed itemization and description of each action made by iDiscovery Solutions on the Debtors' behalf during the Final Fee Period is included in the invoices attached as **Exhibit B**.  All of these disbursements comprise the requested sum for iDiscovery Solutions' out-of-pocket expenses of $203,913.47 in expenses for the Final Fee Period.

## Relevant Legal Standards

48.     Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services" rendered by the professional and "reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  The reasonableness of a compensation request is determined by the lodestar method, which involves "multiplying the "number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Pickett v. Sheridan Health Care Center, 664 F.3d 632, 639 (7th Cir. 2011), citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). There is a strong presumption that the lodestar calculation yields a reasonable

attorneys' fee award under section 330 of the Bankruptcy Code. See Eddleman v. Switchcraft,

Inc., 927 F.2d 316, 318 (7th Cir. 1991), Perdue v. Kenny A., 559 U.S. 542 (2010).

49.    In determining the amount of reasonable compensation, courts consider the

nature, extent, and value of the services, including: (a) the time spent on such services; (b) the

rate charged for such services; (c) whether the services were necessary or beneficial; (d) whether

the services were performed efficiently given the complexity, importance, and nature of the

problem, issue, or task addressed; and (e) whether the compensation is reasonable based on the

customary compensation charged by comparably skilled practitioners in cases other than cases

under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).

50.    iDiscovery Solutions' fees are not unusual and are commensurate with the fees

other data preservation providers with comparable experience and expertise charge on a regular

basis in Bankruptcy Cases. iDiscovery Solutions' lodestar calculation is based on hourly rates

that are well within the range of rates that are charged by comparable companies in other

bankruptcy cases. Accordingly, iDiscovery Solutions's lodestar calculation is reasonable under

section 330 of the Bankruptcy Code. See Pickett, 664 F.3d at 639 (7th Cir. 2011).

51.    iDiscovery Solutions respectfully submits that the professional services it

provided to the Debtors during the Final Fee Period were actual and necessary, and that the

requested compensation represents a fair and reasonable amount that should be allowed in full.

Further, the professional services rendered by iDiscovery Solutions during the Final Fee Period

required a high degree of professional competence and expertise so that the numerous issues

requiring evaluation and determination by the Debtors could be addressed with skill and dispatch

and have, therefore, required the expenditure of substantial time and effort.  iDiscovery Solutions

respectfully submits that the services rendered to the Debtors during the Final Fee Period were

performed efficiently, effectively, and economically.   This Final Fee Application and its corresponding exhibits provide a narrative and a detailed statement of the services rendered, the time expended by each billing professional, the expenses incurred, and the amounts requested by iDiscovery Solutions.   Accordingly, iDiscovery Solutions' Final Fee Application meets the statutory requirements under Bankruptcy Rule 2016(a) and Local Rule 5082-1.

52.     The professional services provided by iDiscovery Solutions were performed by professionals with broad expertise and high levels of skill in their practice area or specialty. Whenever possible, iDiscovery Solutions conscientiously attempted to avoid duplicate work or having multiple professionals confer on behalf of the Debtors.   In certain circumstances, however, iDiscovery Solutions had more than one professional attend a meeting or strategize on issues that had particular import on the Data Preservation Services provided to the Debtors.   To the greatest extent possible, meetings and other matters were handled on an individual basis.

53.     Lastly, iDiscovery Solutions's rate structure was disclosed in the Retention Application and approved by the Court in the Retention Order.   The rates iDiscovery Solutions charged in these Bankruptcy Cases were consistent with the rates iDiscovery Solutions charges to other clients in non-bankruptcy matters and are consistent with the rates of similarly situated companies.

54.     Sections 330(a)(2) and 503(b)(4) of the Bankruptcy Code also permit reimbursement for actual, necessary expenses. See In re Wildman, 72 B.R. 700, 704 (Bankr. N.D. Ill. 1987).  iDiscovery Solutions has already conducted a review process and has eliminated the expenses that it deemed "duplicative." Further, the list iDiscovery Solutions has submitted is sufficiently detailed, including the date, the type, and the amount of the expense. Further, iDiscovery Solutions does not seek reimbursement for overhead expenses because they are built

into iDiscovery Solutions' hourly rates. Accordingly, those expenses for which reimbursement is sought in this Final Fee Application satisfy the standards presented by section 330(a)(2) of the Bankruptcy Code. In summary, considering the complex issues involved in these Bankruptcy Cases and the value provided by iDiscovery Solutions' Data Preservation Services to the Debtors and the Debtors' estates as a whole, this Final Fee Application meets each of the statutory requirements of section 330 of the Bankruptcy Code and substantially complies in all respects with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

**Notice**

55.    Notice of this Final Fee Application has been provided in accordance with the *Revised Proposed Order Authorizing Motion of Debtors for Approval of Case Management Procedures* [Docket No. 226].  The Debtors respectfully submit that, in view of the facts and circumstances, such notice is sufficient and no further notice is required.

**No Prior Request**

56.    No prior request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, iDiscovery Solutions respectfully requests that the Court enter an order, substantially in the form attached hereto: (a) allowing iDiscovery Solutions an administrative claim in the amount of: (i) $241,345.50  as compensation for the reasonable and necessary services iDiscovery Solutions rendered to the Debtors during the Final Fee Period, (ii) $203,913.37 in reimbursement for the actual and necessary expenses that iDiscovery Solutions incurred during the Final Fee Period, for a total allowance of $445,258.87, (b) authorizing the application of the Retainer against iDiscovery Solutions' requested fees and expenses, (c) authorizing and directing the Debtors to immediately pay iDiscovery Solutions its

unpaid fees and expenses for the Final Fee Period, net of the Retainer, in the amount of

$189,939.56, and (d) granting such further relief as is just and proper.


Dated: January 18, 2018                    s/ Jennifer A. Brennan
Chicago, Illinois                          Jennifer A. Brennan
                                           iDISCOVERY SOLUTIONS
                                           3000 K Street NW, Suite 330
                                           Washington, DC  20007
                                           Telephone:  (202) 249-7882
                                           E-mail:jbrennan@idiscoverysolutions.com