## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 7 |
| | ) | |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

### NOTICE OF HEARING ON SECOND AND FINAL
### APPLICATION OF WEIL, GOTSHAL & MANGES LLP,
### AS ATTORNEYS FOR DEBTORS, FOR ALLOWANCE OF
### COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
### REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
### FROM MAY 4, 2017 THROUGH AND INCLUDING JANUARY 18, 2018

**PLEASE TAKE NOTICE** that a hearing on the annexed second and final fee application (the "**Application**") of Weil, Gotshal & Manges, LLP, as attorneys for Central Grocers, Inc. and its debtor affiliates, including Strack and Van Til Super Market, Inc., as debtors in the above-captioned chapter 7 cases (collectively, the "**Debtors**"), will be held before the Honorable Pamela S. Hollis, United States Bankruptcy Judge, in Room 644 of the United States Bankruptcy Court, 219 S. Dearborn, Chicago, Illinois 60604, on **February 15, 2018 at 11:00 a.m. (Central Time)** (the "**Hearing**").[2]

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Application must be filed with the Court no later than **February 8, 2018 at 4:00 p.m. (Central Time)** (the "**Objection Deadline**") and served in accordance with the *Revised Proposed Order Authorizing Motion of Debtors for Approval of Case Management Procedures* dated June 26, 2017 (ECF No. 226) and *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 305).

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

---

[1] The Debtors along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

[2] The Application may be adjourned to a later hearing date if Objections are received.

WEIL:\96398947\23\76248.0004

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents are available free of charge by visiting the case website maintained by Prime Clerk, LLC, the notice and claims agent for the Debtors in these chapter 7 cases, available at https://cases.primeclerk.com/CentralGrocers/Home-Index, or by calling (866) 727-8489. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth there.

Dated: January 18, 2018
     Chicago, Illinois

            /s/ David A. Agay
            David A. Agay (No. 6244314)
            MCDONALD HOPKINS LLC
            300 North LaSalle Street
            Suite 1400
            Chicago, IL 60654
            Telephone:  (312) 642-2217
            Facsimile:  (312) 280-8232

            -and-

            Ray C. Schrock, P.C. (admitted *pro hac vice*)
            Stephen Karotkin (admitted *pro hac vice*)
            Sunny Singh (admitted *pro hac vice*)
            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
             New York, New York  10153
            Telephone:  (212) 310-8000
            Facsimile:  (212) 310-8007

            *Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[1] | ) |  |
|  | ) |  |

**COVER SHEET FOR SECOND AND FINAL APPLICATION OF**
**WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR DEBTORS,**
**FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM MAY 4, 2017 THROUGH AND INCLUDING JANUARY 18, 2018**

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP ("**Weil**") |
| Name of Client: | Debtors |
| This is a: | __ interim application   _X_ final application |
| Final Period Covered by this Application | May 4, 2017 through January 18, 2018 (the "**Compensation Period**") |
| Total Compensation Sought: | $5,193,408.75 (including $383,762.00 for the period from September 1, 2017 through January 18, 2017 (the "**Second Interim Period**") |
| Total Expenses Sought: | $99,320.17 (including $8,609.11 for the Second Interim Period) |
| Total Request | $5,292,728.92 |
| Petition Date | May 4, 2017 |
| Retention Date | May 31, 2017 *nunc pro tunc* to May 4, 2017 [ECF No. 304] |

---

[1] The Debtors along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

1

| | |
|---|---|
| Date of Order Approving Employment | May 31, 2017 [ECF No. 304] |
| Prior Interim Applications | First Interim Application [ECF No. 847] |
| Total Interim Compensation and Expenses Approved to Date | $4,903,894.01 [ECF No. 847] |
| Total Allowed Compensation Paid to Date | $4,796,213.75 |
| Total Allowed Expenses Paid to Date | $107,680.26 |
| Total Allowed Compensation and Expenses Paid to Date | $5,131,067.06 |
| Total Outstanding Compensation and Expenses | $165,198.06 |
| Blended rate in the Compensation Period for all attorneys | $823.26 |
| Blended rate in the Compensation Period for all timekeepers | $776.77 |
| Number of Professionals Included in this Final Fee Application | 35 |
| Number of Professionals Billing Fewer than 15 Hours to the Case in this Final Fee Application | 12 |
| Are Any Rates Higher Than Those Approved or Disclosed at Retention? | Yes[2] |

---

[2] On October 1, 2017, Weil implemented customary annual increases in billing rates. *See* ECF No. 892.

WEIL:\96398947\23\76248.0004

**First Interim Fee Application**

| Date Filed (ECF No.) | Date Approved (ECF No.) | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Approved and Paid to Date | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| 10/16/2017 (ECF No. 847) | 11/16/2017 (ECF No. 993) | May 4, 2017 – August 31, 2017 | $4,809,646.75 | $107,680.26 | $4,796,213.75[1] | $90,711.06[1] |

---

[1] Weil received informal comments from the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**") in response to the First Interim Fee Application. As agreed to with the U.S. Trustee, Weil waived $13,433 in fees and $16,969.20 in expenses.

WEIL:\96398947\23\76248.0004

## Second Interim Period Pending Monthly Fee Statements
### September 1, 2017 – January 18, 2018

| Date Filed (ECF No.) | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees | Expenses | Fees |
| 11/1/2017 (ECF No. 898) | September 1, 2017 - September 30, 2017 | $158,168.25 | $5,876.89 | $126,534.60 | $5,876.89 | $126,534.60 | $5,876.89 | $31,633.65 |
| 11/14/2017 (ECF No. 968) | October 1, 2017 - October 31, 2017 | $117,873.00 | $463.16 | $94,298.40 | $463.16 | $94,298.40 | $463.16 | $23,574.60 |
| 12/27/2017 (ECF No. 1143)[1] | November 1, 2017 - November 30, 2017 | $79,555.25 | $2,133.26 | $63,644.20 | $2,133.26 | $0.00 | $0.00 | $81,688.51 |
| N/A | December 1, 2017 - January 18, 2018 | 28,165.50 | 135.80 | 22,532.40 | 135.80 | $0.00 | $0.00 | $28,301.30 |
| **TOTAL** | | **$383,762.00** | **$8,609.11** | **$307,009.60** | **$8,609.11** | **$220,833.00** | **$6,340.05** | **$165,198.06** |

**Summary of any objections to Monthly Fee Applications:**  None

**Compensation and Reimbursement sought in the Final Fee Application not yet paid:** $165,198.06

---

[1] Weil filed a certificate of no objection to the *Sixth Monthly Fee Statement of Weil, Gotshal, & Manges LLP for Compensation for Services Rendered and Reimbursement of Expenses as Attorneys for the Debtors for the Period November 1, 2017 through November 30, 2017* [ECF No. 1143] (the "**November Fee Statement**") on January 17, 2018 [ECF No. 1190]. Weil requested a payment of 80% of fees requested and 100% of expenses requested for the November Fee Statement before the hearing date on this Final Fee Application.

4

## COMPENSATION BY PROFESSIONAL FOR THE COMPENSATION PERIOD

The attorneys who rendered professional services in these cases from May 4, 2017 through January 18, 2018 (the "**Compensation Period**") are:

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[1] | YEAR ADMITTED | HOURLY BILLING RATE[2] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Karotkin, Stephen | Partner | BFR | 1977 | $1,500.00 | 0.80 | $1,200.00 |
| Karotkin, Stephen | Partner | BFR | 1977 | $1,400.00 | 278.50 | $355,600.00 |
| Wessel, Paul J. | Partner | TAX | 1988 | $1,400.00 | 1.80 | $2,520.00 |
| Verdesca Jr., Joseph T. | Partner | CORP | 1992 | $1,245.00 | 1.10 | $1,369.50 |
| Azcuy-Diaz, Beatriz | Partner | CORP | 1994 | $1,085.00 | 281.10 | $302,823.50 |
| Genender, Paul R. | Partner | LIT | 1994 | $1,100.00 | 5.30 | $5,830.00 |
| Genender, Paul R. | Partner | LIT | 1994 | $1,035.00 | 197.60 | $203,067.00 |
| Quattrocchi, John E. | Partner | CORP | 1995 | $1,085.00 | 59.80 | $64,883.00 |
| Osterman, Jeffery D. | Partner | CORP | 1996 | $1,210.00 | 6.50 | $7,865.00 |
| Mahan, Carrie C. | Partner | LIT | 1997 (Mass.) | $1,095.00 | 149.20 | $163,374.00 |
| Schrock, Ray C. | Partner | BFR | 1998 (Illinois) | $1,350.00 | 1.00 | $1,350.00 |
| Marcus, Courtney S. | Partner | CORP | 1998 | $1,125.00 | 10.90 | $12,262.50 |
| Romanello, Salvatore A. | Partner | LIT | 1998 | $1,075.00 | 30.20 | $29,777.50 |
| Westerman, Gavin | Partner | CORP | 2004 | $1,025.00 | 59.60 | $61,090.00 |
| Singh, Sunny | Partner | BFR | 2007 | $1,075.00 | 41.70 | $40,796.25 |
| Singh, Sunny | Partner | BFR | 2007 | $1,025.00 | 650.30 | $634,270.00 |
| Baer, Lawrence J. | Counsel | LIT | 1984 | $940.00 | 7.70 | $7,238.00 |
| Naughton, Michael C. | Counsel | LIT | 1995 | $970.00 | 13.60 | $13,192.00 |
| Morton, Matthew D. | Counsel | LIT | 2001 | $960.00 | 13.20 | $12,672.00 |
| Mishkin, Jessie B. | Counsel | LIT | 2006 | $940.00 | 31.50 | $29,610.00 |
| Smith, Leslie S. | Associate | CORP | 1995 | $930.00 | 4.10 | $3,813.00 |
| Julie T. Friedman | Contract Attorney | BFR | 2003 | $575.00 | 13.40 | $7,705.00 |
| Julie T. Friedman | Contract Attorney | BFR | 2003 | $550.00 | 48.90 | $26,895.00 |
| Ratner, Phillip | Associate | CORP | 2008 | $930.00 | 21.50 | $19,995.00 |

[1] BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation
[2] On October 1, 2017, Weil implemented customary annual increases in billing rates.

5

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[1] | YEAR ADMITTED | HOURLY BILLING RATE[2] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Cruz, Mariel E. | Associate | CORP | 2010 | $975.00 | 1.50 | $1,462.50 |
| Cruz, Mariel E. | Associate | CORP | 2010 | $930.00 | 319.40 | $290,532.00 |
| Miller, Olivia Z. | Associate | LIT | 2010 | $900.00 | 23.80 | $21,420.00 |
| Gershowitz, Gabriel | Associate | CORP | 2010 | $930.00 | 3.50 | $3,255.00 |
| Roberts, Ryan | Associate | TAX | 2010 | $835.00 | 9.30 | $7,765.50 |
| Steiger, Caitlin Fenton | Associate | CORP | 2011 (FL) | $870.00 | 253.30 | $214,933.50 |
| Bernardoni, Jevechius | Associate | LIT | 2012 | $870.00 | 61.90 | $53,853.00 |
| Prugh, Amanda P. | Associate | LIT | 2012 | $910.00 | 5.90 | $5,369.00 |
| Prugh, Amanda P. | Associate | LIT | 2012 | $835.00 | 175.40 | $134,101.00 |
| Rudin, Joshua N. | Associate | CORP | 2013 | $725.00 | 65.40 | $47,415.00 |
| Huelle, August Emil | Associate | TAX | 2013 | $725.00 | 26.70 | $19,357.50 |
| Adams, Dennis F. | Associate | CORP | 2014 | $785.00 | 42.60 | $33,441.00 |
| Jacobson, Lauren A. | Associate | LIT | 2014 | $785.00 | 51.20 | $40,192.00 |
| Donovan, Danielle D. | Associate | BFR | 2014 | $875.00 | 56.80 | $49,700.00 |
| Donovan, Danielle D. | Associate | BFR | 2014 | $785.00 | 565.80 | $430,062.25 |
| Gwen, Daniel | Associate | BFR | 2014 | $785.00 | 249.40 | $192,599.75 |
| Conley, Brendan C. | Associate | CORP | 2014 | $725.00 | 55.20 | $40,020.00 |
| Waxman, Daniel B. | Associate | CORP | 2015 | $640.00 | 257.00 | $164,480.00 |
| Abbott, Christopher | Associate | LIT | 2015 | $835.00 | 142.80 | $119,238.00 |
| Smith, Gabriela | Associate | BFR | 2015 | $725.00 | 17.00 | $12,325.00 |
| McCarthy, Thomas | Associate | LIT | 2015 | $725.00 | 11.80 | $8,555.00 |
| Cohen, Robert S. | Associate | CORP | 2016 | $750.00 | 3.90 | $2,925.00 |
| Cohen, Robert S. | Associate | CORP | 2016 | $640.00 | 206.20 | $131,968.00 |
| Sadon, Joseph S. | Associate | CORP | 2016 | $640.00 | 20.60 | $13,184.00 |
| Yiu, Vincent | Associate | BFR | 2016 | $750.00 | 10.70 | $8,025.00 |
| Yiu, Vincent | Associate | BFR | 2016 | $640.00 | 479.40 | $306,816.00 |
| Rahman, Aamir H. | Associate | CORP | 2016 | $750.00 | 1.30 | $975.00 |
| Rahman, Aamir H. | Associate | CORP | 2016 | $640.00 | 183.50 | $117,440.00 |
| Rozell, Alexa | Associate | CORP | 2017 | $510.00 | 1.70 | $867.00 |
| Steel, Patrick M. | Associate | BFR | 2017 | $510.00 | 16.40 | $8,364.00 |

WEIL:\96398947\23\76248.0004

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[1] | YEAR ADMITTED | HOURLY BILLING RATE[2] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Toner, Deana E. | Associate | CORP | 2013 (Canada) 2017 (NY) | $785.00 | 80.90 | $63,506.50 |
| Messana, Nicholas J. | Associate | BFR | 2017 | $510.00 | 213.60 | $108,936.00 |
| Squitieri, Chad C. | Associate | LIT | 2017 | $510.00 | 13.50 | $6,885.00 |
| Steinman, Samuel A. | Associate | CORP | 2017 | $510.00 | 28.10 | $14,331.00 |
| Sternlieb, Eric Harrison | Associate | CORP | 2017 | $510.00 | 4.90 | $2,499.00 |
| Van Groll, Paloma | Associate | BFR | 2017 | $750.00 | 112.60 | $84,450.00 |
| Van Groll, Paloma | Associate | BFR | 2017 | $640.00 | 385.80 | $243,040.00 |
| **Total for Attorneys:** | | | | | **6,088.10** | **$5,013,486.75** |

WEIL:\96398947\23\76248.0004

The paraprofessionals and other non-legal staff who rendered services during the Compensation Period are:

| NAME OF PARAPROFESSIONALS | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Wong, Sandra | LIT | $390.00 | 5.10 | $1,989.00 |
| Lee, Kathleen | BFR | $390.00 | 4.60 | $1,794.00 |
| Lee, Kathleen | BFR | $375.00 | 89.10 | $33,412.50 |
| Grant, Keri | CORP | $375.00 | 1.40 | $525.00 |
| Stauble, Christopher A. | BFR | $390.00 | 1.60 | $624.00 |
| Stauble, Christopher A. | BFR | $375.00 | 12.40 | $4,650.00 |
| Arias, Juan C. | CORP | $350.00 | 4.10 | $1,537.50 |
| Frost, Alexander V. | LSS | $350.00 | 0.70 | $245.00 |
| Morris, Shannon | LIT | $350.00 | 3.70 | $1,295.00 |
| Morris, Shannon | LIT | $335.00 | 89.70 | $30,049.50 |
| Ellsworth, John A. | CORP | $350.00 | 16.60 | $5,976.00 |
| Gilchrist, Roy W. | LIT | $345.00 | 12.20 | $4,209.00 |
| Frayle, Barbara | LIT | $345.00 | 91.20 | $29,566.50 |
| Roland, Dana | CORP | $335.00 | 13.20 | $4,422.00 |
| Malcolm, Patrice | CORP | $335.00 | 12.90 | $4,321.50 |
| Lahrman, Karen L. | LIT | $335.00 | 6.40 | $2,144.00 |
| Oliva, Angela E. F. | LIT | $335.00 | 4.00 | $1,340.00 |
| Sawyer, Jayme R. | LIT | $335.00 | 3.50 | $1,172.50 |
| Chan, Herbert | LIT | $320.00 | 3.10 | $992.00 |
| Chavez, Miguel | LSS | $300.00 | 2.00 | $600.00 |
| Booth, Sandra Nicole | LIT | $250.00 | 3.10 | $775.00 |
| Zaslav, Benjamin | BFR | $230.00 | 49.50 | $11,385.00 |
| Zaslav, Benjamin | BFR | $220.00 | 55.90 | $12,298.00 |
| Larkin, Bradley | BFR | $220.00 | 79.90 | $17,578.00 |
| Broda, Samuel | LIT | $220.00 | 4.20 | $924.00 |
| Mickens, Thomas | CORP | $220.00 | 15.40 | $3,388.00 |
| Miller, Alexander | BFR | $220.00 | 5.10 | $1,122.00 |

WEIL:\96398947\23\76248.0004

| NAME OF PARAPROFESSIONALS | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Wang, Kevin | BFR | $230.00 | 0.30 | $69.00 |
| Wang, Kevin | BFR | $220.00 | 2.40 | $528.00 |
| Waterbury, Emily | BFR | $220.00 | 4.50 | $990.00 |
| **Total for Paraprofessionals and Other Non-Legal Staff:** | | | **597.80** | **$179,922.00** |

9

The total fees for the Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners (13) and Counsel (4) | $1,059.41 | 1,841.40 | $1,950,790.25 |
| Associates (33) | $720.94 | 4,246.70 | $3,062,696.50 |
| Paraprofessionals (23) and Other Non-Legal Staff (2) | $300.92 | 597.80 | $179,922.00 |
| **Blended Attorney Rate** | **$823.26** | | |
| **Blended Rate for All Timekeepers** | **$776.77** | | |
| **Total Fees Incurred:** | | **6,685.90** | **$5,193,408.75** |

10

## COMPENSATION BY PROJECT CATEGORY FOR THE
## COMPENSATION PERIOD FROM MAY 4, 2017 THROUGH JANUARY 18, 2018

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED FINAL PERIOD | AMOUNT FINAL PERIOD |
|---|---|---|---|
| 001 | Administrative Expense Claims | 13.70 | $9,120.00 |
| 003 | Asset Disposition/363 Asset Sales | 3,468.50 | $2,821,077.50 |
| 004 | Automatic Stay | 52.30 | $33,956.00 |
| 005 | Bar Date Motion/Claims Reconciliation Issues | 23.70 | $13,466.00 |
| 006 | Case Administration | 205.80 | $108,300.50 |
| 008 | Communications with Client | 7.70 | $8,237.50 |
| 009 | Corporate Governance | 76.00 | $55,827.50 |
| 010 | Customer, Supplier and Vendor Issues (including critical vendors) | 75.20 | $51,463.50 |
| 012 | Cash Collateral/DIP Financing/Adequate Protection | 347.00 | $305,171.00 |
| 016 | General Employee Issues (Excluding 1113 & 1114) | 214.10 | $151,468.50 |
| 017 | Exclusivity | 17.60 | $14,494.00 |
| 018 | Executory Contracts/Lease Issues (excluding Real Property) | 18.70 | $13,147.50 |
| 020 | General Case Strategy (includes team calls) | 161.90 | $139,547.50 |
| 021 | Hearings and Court Matters | 420.30 | $337,770.50 |
| 022 | Insurance and Workers Compensation Issues | 44.00 | $30,658.50 |
| 023 | Unsecured Creditor Issues/ Communications/Meetings (includes 341 | 15.90 | $14,778.00 |
| 024 | Non-Bankruptcy Litigation | 269.20 | $241,966.00 |
| 025 | Non-Working Travel | 254.50 | $124,270.25 |
| 027 | Real Property Leases/Section 365 Issues /Cure Amounts | 127.90 | $96,955.50 |
| 028 | Reclamation/503 (b)(9) Claims | 36.00 | $24,557.00 |
| 029 | Regulatory/Environmental Issues | 263.10 | $243,203.50 |
| 030 | Retention/Fee Application: Ordinary Course Professionals | 15.70 | $10,097.00 |
| 031 | Retention/Fee Application: Other Professionals | 161.60 | $98,897.50 |
| 032 | Retention/Billing/Fee Applications: WGM | 253.20 | $143,078.50 |
| 033 | Schedules/Statement of Financial Affairs | 46.80 | $36,838.00 |
| 034 | Secured Creditors Issues/Communications/Meetings | 2.40 | $2,460.00 |
| 035 | Tax Issues | 2.90 | $2,421.50 |
| 036 | U.S. Trustee issues/ meetings/ communications/monthly operating | 37.90 | $26,531.50 |
| 037 | Utility Issues/Adequate Assurance | 52.30 | $33,648.50 |
| **Total:** | | **6,685.90** | **$5,193,408.75** |

11

**EXPENSE SUMMARY FOR THE FINAL FEE**
**PERIOD FROM MAY 4, 2017 THROUGH JANUARY 18, 2018**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Travel/Transportation | $42,218.57 |
| Duplicating/Duplicating – Outside | $25,122.47 |
| Air Courier/Express Mail/Postage | $1,543.45 |
| Court Reporting/ | $7,710.50 |
| Court Call/Telephone | $1,135.00 |
| Corporation Service | $4,061.09 |
| Meals | $16,600.09 |
| Filing Fees | $329.00 |
| Real Estate Closing Costs | $600.00 |
| **Grand Total** | **$99,320.17** |

12

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) |  |
| CENTRAL GROCERS, INC., *et al.*, | ) | Case No. 17-13886 (PSH) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors.[1] | ) |  |
|  | ) |  |

# SECOND AND FINAL APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MAY 4, 2017 THROUGH AND INCLUDING JANUARY 18, 2018

Weil, Gotshal & Manges LLP ("**Weil**"), for its second interim and final application, pursuant to section 330(a) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 5082-1 of the Local Bankruptcy Rules for the Northern District of Illinois (the "**Local Rules**"), for final allowance of compensation for professional services performed by Weil as attorneys for Central Grocers, Inc. ("**CGI**") and its debtor affiliates, including Strack and Van Til Super Market, Inc. in the above-captioned chapter 7 cases (collectively, the "**Debtors**"), for the period commencing May 1, 2017 through and including January 18, 2018 (the "**Compensation Period**"), including the first interim fee application period from May 1, 2017 through and including August 31, 2017 (the "**First Interim Period**"), the second interim fee application period commencing on September 1, 2017 through and including January 18, 2018 (the "**Second**

---

[1] The Debtors along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

1

**Interim Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

<u>**Preliminary Statement**</u>

1.      Weil is proud to have served as the Debtors' lead counsel in the chapter 11 cases before the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**").  During the Compensation Period, Weil provided invaluable advice and services that allowed the Debtors to stabilize, preserve, and then quickly and efficiently market and sell their assets and wind-down their operations for maximum value.

2.      Weil devoted attorneys from all departments and numerous practice areas to work diligently on various work streams.  In particular, and as described in further detail below, subgroups of Weil attorneys worked with and organized the Debtors' operations and restructuring efforts in three main areas during the case:

(a) **Sales**.  The most significant portion of Weil's efforts related to the significant and complex process for the sale of substantially all of the Debtors' assets, namely nineteen (19) of the Debtors' operating stores and related furniture, fixtures, equipment, and inventory contained therein (the "**IGG Sale**"), and the Debtors' 1,000,000 square foot distribution center (such center, the "**Distribution Center**," and such sale, the "**DC Sale**," and together with the IGG Sale, the "**Sales**").  Weil developed, secured Court authority for, and implemented procedures to expedite the sales of the Debtors' assets. Weil reviewed and designated numerous bidders for the IGG Sale and the DC Sale, and hosted three (3) days of auctions attended by approximately 50 representatives from the bidders and consultation parties.  In that connection, Weil drafted and negotiated two extensive asset purchase agreements, one with Jewel Food Stores, Inc. ("**Jewel**") (the stalking horse bidder) and with Indiana Grocery Group LLC ("**IGG**"), the successful bidder for the Debtors' operating retail stores, as well as five (5) asset purchase agreements with qualified bidders for the Distribution Center.  Finalizing these agreements required around-the-clock efforts from Weil corporate, real estate, and restructuring attorneys as well as specialists.  The transactions involved complex regulatory, employee, and real estate issues.

In addition, Weil received over 20 objections to the Sales, filed lengthy omnibus replies to such objections and supplemental briefings to address additional points raised by the Bankruptcy Court, negotiated with the objecting parties, and obtained Bankruptcy Court approval of the Sales following contested and evidentiary hearings.  The DC Sale, in particular, required Weil attorneys to devote extensive resources to put forth a full

2

evidentiary trial before the Bankruptcy Court, and to dedicate significant resources to prepare briefs and declarations, and to prepare for and conduct depositions and in-court testimony.  In addition, the Debtors devoted significant resources in the Second Interim Period to responding to the appeal of the Bankruptcy Court's decision to approve the DC Sale.  The result of Weil's efforts was recovery of over $150 million in the aggregate for the benefit of the Debtors' estates, creditors, and parties in interest and the preservation of approximately 2,000 jobs.

(b) **Postpetition Financing**.  During the Compensation Period, Weil negotiated and finalized a debtor-in-possession financing credit agreement with its prepetition secured lender, and prepared for and participated in a contested hearing to approve access to postpetition financing.  The Sales could not have been achieved if the Debtors had not been able to access to the necessary liquidity to manage their operations on a continuing basis and run a process to achieve successful transactions months after the Commencement Date.

(c) **Hearings**.  Weil attended eleven (11) omnibus hearings and five (5) additional Bankruptcy Court hearings, including, as described above, the contested evidentiary hearing for the sale of the Distribution Center, which was approved by the Court after a full day trial.  The hearings required extensive preparation and resources from Weil to ensure that all of the Debtors' needs were met and the value of the Debtors' assets were maximized.

3.      Throughout the Compensation Period, Weil also represented the Debtors in formal and informal meetings and conferences with the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), the Official Committee of Unsecured Creditors ("**Creditors' Committee**"), secured creditors, unions and their respective professionals, and in communications with individual claimants and other parties in interest regarding the chapter 11 cases.

4.      Weil's efforts to advise and represent the Debtors in all facets of these cases during the Compensation Period were necessary and of substantial benefit to the administration of the chapter 11 estates.  The professional services performed and expenses incurred were actual and necessary to preserve and protect the value of the Debtors' assets for the benefit of all parties in interest.  In light of the nature of these cases, Weil's charges for

3

professional services performed and expenses incurred are reasonable under the applicable standards.

5.      Notably, Weil has voluntarily written off $157,525.00 in fees and $45,712.97 in expenses, for a total of $203,237.97 in reductions during the Compensation Period (including $5,504.50 in fees and $106.71 in expenses, for a total of $5,611.21 in reductions during the Second Interim Period).  Most of the fee write offs were voluntarily written off by Weil prior to even filing a request for compensation.  Weil respectfully requests that the Bankruptcy Court grant the Final Fee Application and allow final compensation for professional services performed and reimbursement for expenses as requested.

6.      This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Del. Ct. ECF No. 305) (the "**Interim Compensation Order**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**Fee Guidelines**"), and the Conversion Order (as defined below).

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

8.      On May 2, 2017, certain of CGI's creditors commenced an involuntary case (the "**Involuntary Case**") against CGI under chapter 7 of title 11 of Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**").

9.  On May 4, 2017, each of the Debtors, including CGI, commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Delaware Court**").

10.  On June 13, 2017, the Chapter 11 Cases were transferred to this Court, including the Chapter 11 Case of CGI which was consolidated into a involuntary chapter 7 case against CGI.  As of June 13, 2017, all of the Chapter 11 Cases were proceeding under chapter 11 of the Bankruptcy Code before this Court.  CGI's chapter 11 commencement date is May 2, 2017 and the remaining Debtors' commencement dates are May 4, 2017 (as applicable, the "**Commencement Date**").  All orders entered in the Chapter 11 Cases by the Delaware Court remain in full force and effect and are deemed to be entered in the Chapter 11 Cases.  On May 15, 2017, the United States Trustee for the District of Delaware appointed the Creditors' Committee.

11.  Pursuant to the *Order Converting Case Under Chapter 11 to Case Under Chapter 7 Effective December 4, 2017, at 3:00 p.m. (Central Time)* (the "**Conversion Order**") [ECF No. 1085], the Chapter 11 Cases were converted to cases under chapter 7 of the Bankruptcy Code, effective as of December 4, 2017 at 3:00 p.m. (Central Time) (the "**Conversion Date**").

12.  The Debtors' chapter 7 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

<u>**Case Status**</u>

13.  As of January 18, 2018, Weil facilitated the sales of substantially all of the Debtors' assets and the rejection of 16 former store leases, the Debtors had ceased grocery

operations and had completed the liquidation of the inventory and furniture, fixtures and equipment located in their closing stores.

14.    Pursuant to the Conversion Order, on December 15, 2017, the Debtors filed the *Final Report of Central Grocers, Inc. as Debtor in Possession Pursuant to Bankruptcy Rule 1019(5)* [ECF No .1119].

15.    On January 11, 2018, the U.S. Trustee elected Howard B. Samuels as the chapter 7 trustee.  On January 12, 2018, Mr. Samuels accepted the appointed [ECF No. 1186].

16.    The Conversion Order provides that professionals in the Debtors' Bankruptcy Cases must file their final fee applications on or before forty-five (45) days after the Conversion Date for approval of all fees and expenses incurred through the Conversion Date.

17.    The Conversion Order only provides for fees incurred through and including the Conversion Date.  However, through this Final Fee Application, Weil also seeks payment of its fees and expenses incurred from December 5, 2017 through January 18, 2018 as an administrative expense in the Debtors' cases which total $22,260.80.  Payment of such fees and expenses was contemplated in the carve-out provision of the order providing the Debtors access to cash collateral and postpetition financing (Del. Ct. Case No. 17-10993, ECF No. 368, the "**DIP Financing Order**").  As stated in the DIP Financing Order, the reasonable fee and expense claims of the Debtors' professionals should be paid from the Carve-Out Reserve Account (as defined in the DIP Financing Order), subject to the following limitations: "(a) for the period before the occurrence of the Trigger Date (as defined in the DIP Financing Order), not to exceed the lesser of (1) the weekly amounts budget to be funded for each such [estate professional allotted in the budget] for the time period preceding the Trigger Date . . . (2) the

6

actual allowed amount of such professional fees incurred on or after the Petition Date up through and including the Trigger Date, and (b) for the time period following a Trigger Date, an amount not to exceed $500,000, in the aggregate for the [estate professionals]. . . provided further, that for any [estate professionals] that have or are maintaining any type of retainer such [estate professional] shall apply such retainer to any accrued and unpaid allowed fees and expenses before having any recourse to the Bank-End Carve-Out (as defined in the [DIP Financing Order]).”   The DIP Financing Order further provides that such fees of estate professionals may be paid from the Carve-Out Reserve Account as long as they are approved by the Court.   Therefore, after Court approval of Weil's fees incurred after the Conversion Date until the date of the filing of this Final Fee Application, Weil's fees and expenses will not need to be paid as an administrative expense directly from the Debtors' estates; these fees and expenses can be paid from Weil's retainer or the funds on deposit in the Carve-Out Reserve Account.

### The Debtors' Retention of Weil

18.    By order, dated May 31, 2017 (ECF No. 304) (the "**Retention Order**"), the Court approved the Debtors' application to employ Weil as their attorneys *nunc pro tunc* to the Commencement Date (ECF No. 126) (the "**Retention Application**").  The Retention Order authorizes the Debtors to compensate and reimburse Weil in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Guidelines.  The Retention Order also authorizes the Debtor to compensate Weil at its customary hourly rates for services rendered and to reimburse Weil for its actual and necessary expenses incurred, subject to application to this Court.  The Retention Order authorizes Weil to:

- prepare and negotiate on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

- prepare and negotiate on behalf of the Debtors all papers and transaction documents in connection with the consummations of one or more sales of substantially all of the Debtors' assets;

- prepare and negotiate on behalf of the Debtors all papers and transaction documents in connection with obtaining postpetition financing and use of cash collateral;

- take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

- take all necessary action in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

- perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

19.     Weil seeks allowance of final compensation for professional services performed during the Compensation Period in the amount of $5,193,408.75 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $99,320.17 (including $383,762.00 in fees and $8,609.11 in expenses for the Second Interim Period).   During the Compensation Period, Weil attorneys and paraprofessionals expended a total of 6,685.90 hours in connection with the necessary services performed (including 533.50 hours during the Second Interim Period)].

20.     On October 16, 2017, Weil filed the *First Interim Fee Application of Weil, Gotshal & Manges, LLP, as Attorneys for Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from May 4, 2017 through and including August 31, 2017* [ECF No. 847] (the "**First Interim Application**"), requesting interim allowance and payment of fees and expenses for the First Interim Period.  On November 16, 2017, the Court entered the *Order*

8

*Approving First Application of Weil, Gotshal & Manges, LLP, as Attorneys for Debtors, for*

*Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of*

*Actual and Necessary Expenses Incurred from May 4, 2017 through and including August 31,*

*2017* [ECF No. 993] granting Weil's request for interim allowance and payment of fees and

expenses under the First Interim Application.   Weil has not filed subsequent interim

applications.

   21. There is no agreement or understanding between Weil and any other

person, other than members of the firm, for the sharing of compensation to be received for

services rendered in these cases.  During the Compensation Period, Weil received no payment

or promises of payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application (other than the Debtors

in accordance with the Interim Compensation Order).  Since the Commencement Date, Weil

has received $4,796,213.75 in fees and $107,680.26 for expenses pursuant to the Interim

Compensation Order.

   22. The fees charged by Weil in these cases are billed in accordance with

Weil's existing billing rates and procedures in effect during the Compensation Period.  The

rates Weil charges for the services rendered by its professionals and paraprofessionals in the

chapter 11 cases generally are the same rates Weil charges for professional and

paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related

matters.   Such fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a

competitive national legal market.

WEIL:\96398947\23\76248.0004

23.    Weil consistently monitors its charges and expenses before and after the submission of monthly fee statements for possible errors or charges that should be reduced.  As noted above Weil voluntarily reduced its charges by $157,525.00 and its expenses by $45,712.97, for a total of $203,237.97 in reductions during the Compensation Period.

24.    The attached summary sheet contains a schedule of Weil professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

25.    The attached summary sheet also contains a summary of Weil's time records billed during the Compensation Period using project categories hereinafter described on an incremental basis, reflecting the categories billed for the Second Interim Period (and which are described for the First Interim Period in the First Interim Fee Application).  Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of the chapter 11 cases.  Copies of these computerized records have been filed on the docket with Weil's monthly fee statements (other than for the period of December 1, 2017 to January 18, 2018 (the "**Stub Period**")).  Copies of such records, including those for the Stub Period, are attached hereto as **Exhibit C**.  In connection with the First Interim Fee Application, Weil provided additional detail to the U.S. Trustee's office for certain time entries in the First Interim Period, which are also detailed on Exhibit C and were filed at ECF No. 969.

WEIL:\96398947\23\76248.0004

26.     The attached summary sheet contains a schedule specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such expense category for both the Second Interim and Compensation Periods.  Itemized schedules of all such expenses have been filed on the docket with Weil's monthly fee statements (other than for the Stub Period).  Copies of such records, including those for the Stub Period, are attached hereto as **Exhibit C**.

27.     Annexed hereto as **Exhibit A** is a summary and comparison of the aggregate blended hourly rates billed by Weil's New York timekeepers to nonbankruptcy matters during the preceding fiscal year and the blended hourly rates billed to the Debtors during the Compensation Period.

28.     Weil did not agree to any variations from, or alternatives to, its standard or customary billing dates, fees, or terms for service pertaining to this engagement that were provided during the Second Interim Period.

29.     None of the professionals included in this Application varied their hourly rate based on the geographic location of the chapter 11 cases. This Application includes a rate increase since the Commencement Date, which occurred on October 1, 2017 (*See* ECF No. 892).

30.     This Application includes time or fees related to reviewing time records or preparing or reviewing invoices in connection with the preparation of monthly fee statements and invoices.  The total time expended for such maters during the Compensation Period is approximately 253.20 hours and the corresponding compensation is approximately $143,078.50 (including 153.00 hours and the corresponding compensation of $90,303.00 during the Second Interim Period).  A large portion of this time was expended responding to

WEIL:\96398947\23\76248.0004

the U.S. Trustee's informal comments to Weil's fee statements and First Interim Fee Application, and subsequently negotiating and working with the U.S. Trustee to resolve those informal objections.  As part of the ordinary review of time records to ensure compliance with the Fee Guidelines, certain information is redacted to protect privileged or confidential information.

31.     Weil reserves the right to request additional compensation for the Compensation Period to the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period.

32.     As of the Commencement Date, Weil held an advance payment retainer. As provided in the Retention Application and Conversion Order, Weil will apply its advance payment retainer to any amounts approved pursuant to this Final Fee Application.

## Summary of Services Performed by
## Weil During the Second Interim Period

33.     During the Compensation Period, Weil rendered a substantial amount of professional services to the Debtors in order to efficiently and economically administer the Debtors' chapter 11 cases and assist in the Debtors' ongoing sale and wind down efforts.

34.     The following is a summary of the significant professional services rendered by Weil during the Second Interim Period, organized in accordance with Weil's internal system of project or task.  As described above, a summary of the professional services rendered during the First Interim Period is detailed in the First Interim Fee Application. Annexed hereto as **Exhibit B** is a summary of each person who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work on each separate task and activity for the entire Compensation Period.

a.     Administrative Expense Claims (Task Code 001)
        Fees: $4,937.50; Total Hours: 6.40

- Reviewed, summarized, and responded to administrative expense claim by petitioning creditors.

b.    <u>Asset Disposition/363 Asset Sales (Task Code 003)</u>
Fees: $169,132.50; Total Hours: 199.90

- Handled all matters in connection with closing of the sale of stalking horse assets to Indiana Grocery Group;
- Handled all matters in connection with closing of the sale of the Distribution Center to Supervalu Holdings, Inc.;
- Negotiated and conducted numerous meetings and teleconferences with various parties in interest in connection with the sale process, including counsel for buyers, lenders, secured creditors, unions, pension plans, the Creditors' Committee, U.S. Trustee and others, in connection with the various sales of the Debtors' assets;
- Drafted pleadings (including motion to dismiss, and reply in response to objection to such motion), conducted legal research, and prepared for and attended status conference in connection with appeal of Bankruptcy Court's decision approving the sale of the Distribution Center;
- Engaged in constant communication with the Debtors and Debtors' other advisors to ensure that sales were coordinated and in compliance with the Bankruptcy Code and Court-approved procedures; and
- Drafted and filed motions, notices, declarations, supporting affidavits and replies in connection with asset sales.

c.    <u>Automatic Stay (Task Code 004)</u>
Fees: $5,910.50; Total Hours: 7.90

- Reviewed and responded to approximately three (3) personal injury plaintiff inquiries in connection with the modification of the automatic stay; and
- Prepared stipulation and notice for filing executed stipulation to lift the automatic stay.

d.    <u>Case Administration (Task Code 006)</u>
Fees: $15,396.50; Total Hours: 34.10

- Reviewed and responded to emails, calls and correspondence from numerous creditors and parties in interest regarding the status of the cases, sale process, and other matters;
- Filed numerous notices, pleadings and other items on the dockets in these cases;
- Coordinated general service lists and case website with the Debtors' professionals; and
- Maintained ongoing work-in-progress list and case calendar for use by Weil and the Debtors.

WEIL:\96398947\23\76248.0004

e.      <u>Communications with Client (Task Code 008)</u>
        Fees: $537.50 Total Hours: 0.50

- Participated in various strategy calls with the Debtors and their professionals regarding asset sales, labor, vendors, and other case issues;
- Counseled the Debtors on all pleadings filed in the chapter 11 cases; and
- Attended meetings and teleconferences with the Debtors regarding the case status, strategy, and administration of the chapter 11 cases.

f.      <u>Corporate Governance (Task Code 009)</u>
        Fees: $1,592.50; Total Hours: 1.50

- Participated on calls with board of directors regarding case status and strategy.

g.      <u>Customer, Supplier and Vendor Issues (Including Critical Vendors) (Task Code 010)</u>
        Fees: $8,157.50; Total Hours: 10.50

- Reviewed PACA/PASA vendor issues and conducted calls with the Debtors and inquiring parties to resolve PACA/PASA vendor issues, resulting in the aggregate of over $5 million in payments to 77 PACA/PASA claimants; and
- Provided reporting to the U.S. Trustee and other parties in interest.

h.      <u>Cash Collateral/DIP Financing/Adequate Protection (Task Code 012)</u>
        Fees: $18,902.50; Total Hours: 19.10

- Conducted teleconferences with the Debtors and third parties regarding DIP;
- Monitored and reported to lenders' counsel on various covenants included in the DIP Order;
- Drafted documents and negotiated with lenders regarding establishing an escrow account for professional fees;
- Negotiated with lenders' counsel and Creditors' Committee settlement with Creditors' Committee; and
- Assisted the Debtors and other Debtors' professionals maintain compliance with obligations under the DIP Agreements and orders.

i.      <u>General Employee Issues (Excluding 1113 & 1114) (Task Code 016)</u>
        Fees: $1,122.50; Total Hours: 1.40

- Advised the Debtors and their professionals on, and conducted legal and factual research regarding employee-related issues; and
- Reviewed and commented on independent contractor agreements.

j.      <u>Executory Contracts/Lease Issues (Excluding Real Property) (Task Code 018)</u>
        Fees: $5,078.00; Total Hours: 6.60

WEIL:\96398947\23\76248.0004

- Negotiated and filed agreed order authorizing and approving assumption and assignment of certain contracts with Debtors' insurance providers; and
- Coordinated cure costs issues with respect to executory contracts designated for assumption and assignment pursuant to Debtors' assets sales.

k.    General Case Strategy (Includes Team Calls) (Task Code 020)
      Fees: $3,785.00; Total Hours: 3.80

- Participated in calls among Debtors and their professionals regarding case status and strategy, sale process, business issues, vendor related matters, store closing and winddown procedures and other related issues to ensure coordination and efficiency among the same; and
- Conducted internal team meetings regarding case status, case strategy, preparation and responses to various motions and applications, and other related issues.

l.    Hearings and Court Matters (Task Code 021)
      Fees: $18,491.50; Total Hours: 25.00

- Prepared for and participated in four (4) omnibus Bankruptcy Court hearings;
- Coordinated regularly with the Bankruptcy Court and all parties in interest regarding agendas and scheduling; and
- Negotiated and prepared various proposed orders and stipulations for Bankruptcy Court approval.

m.    Unsecured Creditors Issues/Communications/Meetings/Non-Working Travel (Task Code 023)
      Fees: $5,712.50; Total Hours: 7.30

- Reviewed Debtors' board minutes in response to Creditors' Committee's request for production.

n.    Non-Working Travel (Task Code 025)
      Fees: $12,014.50; Total Hours: 26.40

- Travelled to and from Bankruptcy Court hearings and status conference for appeal of DC Sale.

o.    Real Property Leases/Section 365 Issues/Cure Amounts (Task Code 027)
      Fees: $6,091.50; Total Hours: 7.60

- Participated in various meetings and teleconferences regarding the Debtors' real property leases with the Debtors and their professionals;
- Reviewed and drafted termination of intercompany lease;
- Reviewed and responded to inquiries regarding postpetition rent payments;

15

- Conducted legal research regarding various real property issues in chapter 11 cases;
- Coordinated with the Debtors and their professionals regarding cure obligations and related disputes; and
- Provided reporting to the U.S. Trustee and other parties in interest.

p.    Reclamation/503(b)(9) Claims (Task Code 028)
      Fees: $3,890.00; Total Hours: 5.70

- Negotiated with two applicants filing section 503(b)(9) applications and drafted stipulated orders and obtained Bankruptcy Court approval of orders denying immediate payment of such claims.

q.    Retention/Fee Application: Other Professionals (Task Code 031)
      Fees: $4,586.50; Total Hours: 5.90

- Drafted and filed certificate of no objection with respect to interim fee applications on behalf of all the Debtors' professionals; and
- Facilitated creation of escrow account for professional fees.

r.    Retention/Billing/Fee Application (Task Code 032)
      Fees: $90,303.00; Total Hours: 153.00

- Reviewed detail of over 484.10 hours of over 23 Weil professionals for compliance with the Fee Guidelines;
- Prepared and filed four (4) monthly fee statements in accordance with the Interim Compensation Order; and
- Drafted and filed Weil's first interim fee application and response to U.S. Trustee objection to such fee application.

s.    U.S. Trustee issues/meetings/communications/monthly operating (Task Code 036)
      Fees: $5,048.00; Total Hours: 6.10

- Reviewed and filed monthly operating reports.

35.    The foregoing professional services performed by Weil were necessary and appropriate to further the administration of the Debtors' chapter 11 cases. The professional services performed by Weil were in the best interests of the Debtors and other parties in interest. Compensation for such services as requested is commensurate with the

16

complexity, importance, and nature of the issues and tasks involved.  The professional services were performed expeditiously and efficiently.

36.    The professional services performed by partners, counsel, and associates of Weil were rendered by the Business Finance & Restructuring, Corporate, and Litigation predominantly in the New York office.    Weil has a preeminent Business Finance & Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 100 attorneys that specialize in this area of law.

37.    The professional services performed by Weil on behalf of the Debtors during the Second Interim Period required an aggregate expenditure of more than 533.50 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.   Of the aggregate time expended, 98.30 recorded hours were expended by partners and counsel of Weil, 348.50 recorded hours were expended by associates, and 86.70 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.

38.    During the Second Interim Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $510.00 to $1,500.00 per hour for attorneys.   Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $807.17 (based on 446.80 recorded hours for attorneys at Weil's agreed billing rates in effect at the time of the performance of services).

### Actual and Necessary Disbursements of Weil

39.    Weil disbursed $99,320.17 as expenses incurred in providing professional services during the Compensation Period (including $8,609.11 as expenses during the Second Interim Period).   These expenses are reasonable and necessary and were essential

to, among other things, coordinating the Sales, timely responding to motions and objections, and the overall administration of the chapter 11 cases.

40.    Consistent with the local practices and rules of the Court, and as requested by the U.S. Trustee, Weil has not charged the Debtors for any overtime expenses, meal costs, or costs for transportation home from the office for attorneys and paraprofessionals who worked late into the night and on weekends on the Debtors' chapter 11 cases.  Weil also waived reimbursement of expenses incurred in connection with legal research.

41.    With respect to photocopying expenses, in compliance with the Fee Guidelines, Weil charges all of its clients $.10 per page.  With respect to facsimile expenses, Weil does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates, which invariably are less than $1.25 per page.  These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into the Weil hourly billing rates.  Only clients who actually use services of the types set forth in the summary sheet are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.  The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service.  A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

42.    On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services.  These disbursements are not included in Weil's overhead for the purpose of setting

18

billing rates.  Weil has made every effort to minimize its disbursements in this case.  The actual

expenses incurred in providing professional services were absolutely necessary, reasonable,

and justified under the circumstances to serve the needs of the Debtors, their estates, and

creditors.

### The Requested Compensation Should Be Allowed

43.    Section 330 of the Bankruptcy Court provides that a Court may award a

professional employed under section 327 of the Bankruptcy Code "reasonable compensation

for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."

11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such

compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded to [a] professional person, the court shall consider the
> nature, the extent, and the value of such services, taking into
> account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the
> administration of, or beneficial at the time at which the
> service was rendered toward the completion of, a case
> under this title;
>
> (D)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem, issue,
> or task addressed;
>
> (E)    with respect to a professional person, whether the
> person is board certified or otherwise has demonstrated
> skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on
> the customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

19

44.     In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' chapter 11 estates.   Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

45.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.   The professional services were performed expediently and efficiently.   Whenever possible, Weil sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

46.     In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.   Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

47.     Notice of this Motion has been provided to parties in interest in accordance with the *Revised Proposed Order Authorizing Motion of Debtors for Approval of Case Management Procedures* (ECF No. 226) and the Interim Compensation Order.   The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

20

48.     No previous request for the relief sought herein has been made by Weil to this or any other Court.

### Conclusion

49.     Weil respectfully requests that the Court (i) award final allowance of Weil's compensation for professional services rendered during the Compensation Period in the amount of $5,292,728.92, consisting of $5,193,408.75 in fees incurred and $99,320.17 in actual and necessary expenses incurred during the Compensation Period (including $383,762.00 in fees and $8,609.11 in expenses for the Second Interim Period), and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application, (ii) authorize Weil to apply its retainer to, or direct payment by the Debtors of, the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order from the Carve-Out Reserve Account, and (iii) grant such other and further relief as is just.

Dated: January 18, 2018
     New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Stephen Karotkin (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)

*Attorneys for Debtors*

WEIL:\96398947\23\76248.0004