UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------- x
In re                                                      :       Chapter 7
                                                           :
**CENTRAL GROCERS, INC.,** *et al.***,**                   :       Case No. 17-13886 (PSH)
                                                           :
                                                           :
Debtors.[1]                                                :       (Jointly Administered)
---------------------------------------------------------- x

**~~PROPOSED~~ ORDER GRANTING COMBINED MONTHLY, INTERIM AND FINAL FEE APPLICATION OF PRIME CLERK LLC, ADMINISTRATIVE ADVISOR TO THE DEBTORS, FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR (I) THE COMBINED MONTHLY AD INTERIM PERIOD FROM SEPTEMBER 1, 2017 THROUGH DECEMBER 4, 2017 AND (II) THE FINAL PERIOD FROM MAY 5, 2017 THROUGH ~~DECEMBER 4, 2017~~ FEBRUARY 15, 2018**

Upon the application (~~[~~[Dkt. No. 1223] (together with the supplement [Dkt. No. 1261], the "Fee Application") of Prime Clerk LLC ("Prime Clerk"), administrative advisor for the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") (a) approving on a final basis payment to Prime Clerk of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses incurred in connection with such services during the periods (i) September 1, 2017 through December 4, 2017 (the "Monthly/Interim Period") and (ii) May 5, 2017 through and including ~~December 4, 2017~~ February 15, 2018 (the "Final Period"), and (b) granting related relief; and this Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding is proper pursuant to 28

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

{7224623:3 }

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Fee Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice under the circumstances of the Fee Application and the opportunity for a hearing on the Fee Application, and that no other or further notice is required; and this Court having determined that the legal and factual bases set forth in the Fee Application establish just case for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Fee Application is approved. All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Fee Application or the Conversion Order, as applicable.

2. Compensation to Prime Clerk for professional services rendered during the Final Period (including the Monthly/Interim Period) is allowed on a final basis in the amount of $~~70,475.40~~ 76,469.39.

3. Reimbursement to Prime Clerk for expenses incurred during the Final Period (including the Monthly/Interim Period) is allowed on a final basis in the amount of $~~1,068.57~~ 6,274.91.

4. The ~~Chapter 7 Trustee~~ Designated Person or his successor is authorized and directed to pay to Prime Clerk from the Carve-Out Reserve Account payment in the amount of the difference between the allowed amount set forth herein and the actual amounts previously received by Prime Clerk for fees and expenses sought in the Application.

5. The ~~Chapter 7 Trustee~~ Designated Person or his successor is authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Fee Application.

      6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018
        Chicago, Illinois

                              THE HONORABLE PAMELA S. HOLLIS
                              UNITED STATES BANKRUPTCY JUDGE