# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *In re:* | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*,[1] | Case No. 17-13886 |
| *Debtors.* | Hon. Pamela S. Hollis |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **March 15, 2018 at 11:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Pamela S. Hollis,** in Courtroom 644 of the United States Bankruptcy Court for the Northern District of Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Application of Shaw Fishman Glantz & Towbin LLC for Allowance and Payment of Fees and Reimbursement of Expenses as Counsel to Interim Trustee,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

                                                                      Respectfully submitted,

                                                                       SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: March 7, 2018                       By:   */s/ Ira Bodenstein*
                                                                     One of its attorneys

Robert M. Fishman (IL ARDC 3124316)
Ira Bodenstein (IL ARDC 3126857
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
rfishman@shawfishman.com
ibodenstein@shawfishman.com
ddoyle@shawfishman.com

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re:* | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*,[2] | Case No. 17-13886 |
| *Debtors.* | Hon. Pamela S. Hollis |

## FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO INTERIM TRUSTEE

Shaw Fishman Glantz & Towbin LLC ("*Shaw Fishman*"), pursuant to §§ 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002(a)(6) and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Rules*"), and Local Rule 5082-1, hereby applies (the "*Application*") for final allowance of fees for services rendered to Peter Metrou, not individually, but solely in his capacity as interim chapter 7 trustee of the above-captioned bankruptcy estates (the "*Interim Trustee*"), in the amount of $98,153.50 (the "*Fees*") and reimbursement of expenses in the amount of $243.34 (the "*Expenses*") for the period of December 4, 2017 through January 11, 2018, as well as for services related to preparation of this Application (the "*Application Period*"). In support of the Application, Shaw Fishman respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has core jurisdiction over this matter pursuant to 11 U.S.C. §§ 157(b)(2)(A), (B), and (M) and 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

{12396-001 APPL A0500928.DOCX}

**Background**

A. Overview

2. On May 2, 2017, certain creditors of Central Grocers, Inc. ("**CGI**") commenced an involuntary bankruptcy case against CGI under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

3. On May 4, 2017, each of the following entities filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Delaware Court*"): CGI, CGI Joliet, LLC ("*CGI Joliet*"), Currency Express, Inc. ("*Currency Express*"), Raceway Central, LLC ("*Raceway Central*"), Raceway Central Calumet Park LLC ("*Raceway Calumet*"), Raceway Central Chicago Heights LLC ("*Raceway Chicago*"), Raceway Central Downers Grove LLC ("*Raceway Downers*"), Raceway Central Joliet North LLC ("*Raceway Joliet*"), Raceway Central LLC North Valpo ("*Raceway Valpo*"), Raceway Central Wheaton LLC ("*Raceway Wheaton*"), Strack and Van Till Super Market ("*Strack*"), and SVT, LLC ("*SVT*") (collectively, the "*Debtors*").

4. On June 13, 2017, this Court directed that each of the Debtors' bankruptcy cases pending in the Delaware Court be transferred to this Court and that those cases be consolidated with CGI's pending case.

5. On November 30, 2017, the Court entered an order [Dkt. No. 1085] converting the Debtors' bankruptcy cases from chapter 11 to chapter 7 of the Bankruptcy Code, effective as of December 4, 2017 at 3:00 p.m. (CT).

6. On December 4, 2017, the United States Trustee for Region 11 appointed Peter N. Metrou as Interim Trustee for the bankruptcy estates of all of the Debtors.

**B. Retention of Shaw Fishman**

7. On December 11, 2017, the Interim Trustee filed the *Application of Trustee for Authority to Employ Shaw Fishman Glantz & Towbin LLC as Counsel* [Dkt. No. 1096] (the "**Retention Application**"). In the Retention Application, the Trustee sought approval of his retention of Shaw Fishman as general bankruptcy counsel pursuant to §§ 327 and 330 of the Bankruptcy Code. The Trustee proposed that Shaw Fishman render the following services:

   a. Advise the Trustee with respect to his duties and powers in the Cases;

   b. Assist the Trustee in his investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors;

   c. Assist and advise the Trustee with respect to the liquidation of property of the Estate, including rendering real estate services as required;

   d. Assist the Trustee in operating the business on a limited basis (as authorized by the Court);

   e. Assist the Trustee in connection with employee issues;

   f. Assist and advise the Trustee in his pursuit of avoidance actions, claims resolution and other causes of action; and

   g. Perform such other legal services (specifically not including securities and tax services) as may be required and in the best interest of the Estate.

8. On December 14, 2017, the Court granted the Retention Application and approved the retention of Shaw Fishman as general bankruptcy counsel to the Interim Trustee in all of the jointly administered cases, effective as of December 4, 2017. [Dkt. No. 1114].[3]

---

[3] On January 25, 2018, Shaw Fishman filed the *Uncontested Motion of Shaw Fishman Glantz & Towbin LLC to Withdraw as Counsel for Chapter 7 Trustee of SVT, LLC, Central Grocers, Inc., and Strack and Van Til Super Market, Inc.* [Dkt. No. 1250], which the Court granted on February 15, 2018 [Dkt. No. 1320].

{12396-001 APPL A0500928.DOCX}   3

## Relief Requested

9. Shaw Fishman respectfully requests interim allowance of the Fees and Expenses. Although Shaw Fishman rendered services to all of the Debtors during the Application Period, certain services only benefitted the estate of a particular Debtor, while other services benefitted the estates of all Debtors. Accordingly, Shaw Fishman allocated the Fees and Expenses either to the applicable Debtor, or to an "umbrella category" for services that benefitted all Debtors (the "*Umbrella Services and Expenses*").

10. Shaw Fishman proposes assessing the Fees against the estate of the Debtor to which they relate. For the Umbrella Services and Expenses, Shaw Fishman proposes assessing the fees and expenses against the estates of all of the Debtors proportionally according to the allocation percentages in the *Order Authorizing and Approving Allocation of Proceeds of the Global Settlement* [Dkt. No. 989] (the "*Allocation Order*"). The following chart summarizes the Fees and Expenses incurred by Shaw Fishman and the proposed assessment of the Umbrella Services and Expenses.

|  | Specific Fees | Specific Expenses | Allocation Percentage | Umbrella Allocation | Total Assessment |
|---|---|---|---|---|---|
| CGI Joliet, LLC | - | - | 49.30% | 35,592.96 | 35,592.96 |
| Currency Express | - | - | 0.00% | - | - |
| Raceway Calumet | - | - | 0.00% | - | - |
| Raceway Valpo | - | - | 4.40% | 3,176.65 | 3,176.65 |
| SVT | 385.00 | - | 21.00% | 15,161.30 | 15,546.30 |
| CGI | 7,597.50 | 135.66 | 7.20% | 5,198.16 | 12,931.32 |
| Raceway Downers | 220.00 | - | 4.10% | 2,960.06 | 3,180.06 |
| Raceway Central | 5,838.00 | - | 3.60% | 2,599.08 | 8,437.08 |
| Raceway Chicago | 275.00 | - | 3.30% | 2,382.49 | 2,657.49 |
| Raceway Joliet | 1,540.00 | - | 3.80% | 2,743.47 | 4,283.47 |
| Raceway Wheaton | 9,646.00 | 13.00 | 3.30% | 2,382.49 | 12,041.49 |
| Strack | 550.00 | - | 0.00% | - | 550.00 |
| Umbrella Category | 72,102.00 | 94.68 |  |  |  |
| **Total** | **$ 98,153.50** | **$ 243.34** | **100.00%** | **$ 72,196.68** | **$ 98,396.84** |

11. Throughout the Application Period, Shaw Fishman provided 191.3 hours of professional services to the Debtors with a value of $98,153.50. All of the services for which compensation is requested were consistent in scope to those outlined in the Retention Application

and were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

12. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into 14 separate categories, as follows:

| Category | Total Hours | Total Fees Incurred |
|---|---|---|
| 401k Plans | 1.3 | $715.00 |
| Automatic Stay | .6 | $330.00 |
| Case Administration | 42.3 | $19,895.00 |
| Creditors and Claims | 18.4 | $8,022.00 |
| Executory Contracts | 3.6 | $1,980.00 |
| Fee Applications | 14.7 | $6,373.00 |
| General Investigation | 23 | $13,293.00 |
| Insurance | 13.4 | $7,370.00 |
| Retention of Professionals | 18.4 | $9,374.00 |
| Sale of Assets | 33.4 | $18,206.00 |
| Settlement of Plaintiff's Claims | 2.1 | $1,072.50 |
| Tax Issues | 8.6 | $4,298.00 |
| Trustee Election Matters | 11 | $6,950.00 |
| Utility Issues | .5 | $275.00 |

13. A chart breaking down the categories among each Debtor is attached hereto as Exhibit A. Detailed invoices (the "*Invoices*") for each time category are attached hereto as Exhibit B. The following is a separate description of each category, divided by Debtor, which generally describes the tasks performed (with the exception of categories with fees of less than $2,000, which are fully described in the Invoices). The Invoices provide detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time spent in each category. Summary charts for each category setting forth each professional who rendered services, the total time and value of services, and the total dollar value are provided herein.

**Case Administration**

14. *Umbrella Category.* This category includes services pertaining to general case administration, including but not limited to, preparation for and participation in hearings, meetings, telephone conferences and other activities where various subject matters were discussed, analyzed, or otherwise acted upon. Specific tasks included: (i) conferring with the Interim Trustee and other professionals at Shaw Fishman at the outset of the bankruptcy cases regarding case strategy and immediate tasks to undertake; (ii) drafting a motion to authorize the Interim Trustee to operate the businesses of the Debtors; (iii) reviewing the docket and various motions and pleadings at the outset of the bankruptcy cases to understand the progression of the cases and their current status; (iv) conferring with Donald Harer, the former chief restructuring offer of the Debtors, to gain an understanding of the background and current status of the Debtors' cases; (v) negotiating the turnover of a cash payment under the Settlement Order to the Interim Trustee from the Agent for the Lenders; (vi) appearing at related hearings; (vii) reviewing the post-conversion report; (viii) meeting with a data forensic team regarding data preservation and collection; (ix) preparing for and attending the § 341 meeting of creditors; and (x) assisting with the transition of Howard Samuels as trustee to the bankruptcy estates of CGI, Strack, and SVT.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 20.7 | $11,385.00 |
| Robert M. Fishman | 3.4 | $2,550.00 |
| Robert W. Glantz | .3 | $165.00 |
| David R. Doyle | 6.3 | $2,331.00 |
| Charmala Donohue | 4.7 | $1,269.00 |
| Francesca Zozzaro | 5.00 | $1,150.00 |
| **TOTAL** | **40.4** | **$18,850.00** |

**Creditors and Claims**

15. *Umbrella Category.* This category relates to creditors and claims of the Debtors' bankruptcy estates. Specific tasks included: (i) drafting a motion to approve a notice of the § 341

meeting of creditors; (ii) preparing a special § 341 meeting notice to cover the bankruptcy cases of all of the Debtors; (iii) communicating with the Clerk's office and Prime Clerk regarding the claims bar date set in the chapter 7 cases and the notice of the § 341 meeting; and (iv) responding to creditor inquiries regarding the § 341 meeting.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 4.2 | $2,310.00 |
| Robert M. Fishman | .4 | $300.00 |
| Richard M. Fogel | .8 | $380.00 |
| David R. Doyle | 4.3 | $1,591.00 |
| Christina M. Sanfelippo | 3.2 | $928.00 |
| **TOTAL** | **12.9** | **$5,509.00** |

### Fee Applications

16.  ***Umbrella Category.*** This category relates to the drafting and review of this Application and proposed order.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.6 | $880.00 |
| Robert M. Fishman | 1.7 | $1,275.00 |
| David R. Doyle | 11.4 | $4,218.00 |
| **TOTAL** | **14.7** | **$6,373.00** |

### General Investigation

17.  ***Umbrella Category.*** This category relates to the Interim Trustee's fact-finding and investigation into the Debtors' business operations and status of the bankruptcy cases. Specific tasks included: (i) reviewing the settlement and allocation motions and advising the Interim Trustee regarding their implication in the chapter 7 bankruptcy cases; (ii) communicating with counsel for PNC Bank and the Official Committee of Unsecured Creditors regarding the settlement and other case background issues; (iii) conferring with counsel to the Debtors regarding background information about the Debtors and actions that must be taken quickly in the short-term; (iv) communicating with property managers regarding issues at the Debtors' various

properties; and (v) visiting the Debtors' distribution center to understand and collect business records for the Interim Trustee.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 12.4 | $6,215.00 |
| Robert M. Fishman | 8.2 | $6,150.00 |
| Robert W. Glantz | .3 | $165.00 |
| **TOTAL** | **20.9** | **$12,530.00** |

### Insurance

18.  *Umbrella Category.*  This category relates to the Interim Trustee's efforts to resolve issues relating to the insurance policies covering the assets of the Debtors' Estates.  Specific tasks included: (i) reviewing and analyzing insurance policies that apply to the Debtors' various properties; (ii) advising the Interim Trustee regarding the sufficiency of the insurance policies, as well as refunds and termination issues; and (iii) communicating with insurance brokers.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 1.2 | $660.00 |
| Robert W. Glantz | 12.2 | $6,710.00 |
| **TOTAL** | **13.4** | **$7,370.00** |

### Retention of Professionals

19.  *Umbrella Category.*  This category relates to the Interim Trustee's retention of professionals.  Specific tasks included: (i) drafting applications to retain Shaw Fishman and Receivables Control Corporation, as well as related declarations and proposed orders; (ii) communicating with professionals retained by the Debtors prior to entry of the Conversion Order, such as Marcus & Millichap and Prime Clerk, regarding their retentions; and (iii) appearing at related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | 10.5 | $5,775.00 |
| Robert M. Fishman | 1.4 | $1,050.00 |
| Robert W. Glantz | .2 | $110.00 |
| David R. Doyle | 3.2 | $1,184.00 |
| Christina M. Sanfelippo | .9 | $261.00 |
| **TOTAL** | **16.2** | **$8,380.00** |

### Sale of Assets

20.  *Raceway Wheaton.*  This category related to the Interim Trustee's efforts to sell an approximately 62,000 square foot commercial retail property owned by Raceway Wheaton. Specific tasks included: (i) negotiating with the potential purchaser; (ii) reviewing the letter of intent and draft purchase agreement documents; (iii) communicating with the broker, Marcus & Millichap, regarding offers received to purchase the property and the broker's efforts to market the property; (iv) analyzing title documents and other due diligence documents; (v) communicating with the prepetition secured lender's counsel regarding the proposed sale; and (vi) preparing a joint escrow agreement.

| Professional | Hours | Amount |
|---|---|---|
| Ira Bodenstein | .7 | $385.00 |
| Robert W. Glantz | 16.1 | $8,855.00 |
| Patricia Fredericks | 1.8 | $406.00 |
| **TOTAL** | **18.6** | **$9,646.00** |

21.  *Umbrella Category.*  This category related to the Interim Trustee's general efforts to sell various parcels of real estate owned by the Debtors.  Specific tasks included: (i) communicating with real estate brokers regarding the various stages of the sales; (ii) meeting with the Interim Trustee to discuss all of the Debtors' real estate holdings; and (iii) conferring with Shaw Fishman professionals regarding real estate issues.

| Professional | Hours | Amount |
|---|---|---|
| Robert M. Fishman | 2.1 | $1,575.00 |
| Robert W. Glantz | 5.2 | $2,860.00 |
| **TOTAL** | **7.3** | **$4,435.00** |

### Tax Issues

22. ***Raceway Central.*** This category relates to the Indiana real estate property taxes that had accrued against the property of Raceway Central, known as the Hammond Tract 2, and that had been sold to a tax buyer. Specific tasks included: (i) researching Indiana real estate property tax law; (ii) communicating with Raceway Central's tax counsel and the tax buyer's counsel in Indiana regarding redemption of the taxes and the underlying state court action; (iii) communicating with the Lake County auditor tax sale department regarding the redemption procedures; and (iv) redeeming the taxes at the Lake County auditor's office.

| Professional | Hours | Amount |
| --- | --- | --- |
| Ira Bodenstein | 2.7 | $1,485.00 |
| Robert W. Glantz | 1.8 | $990.00 |
| Gordon E. Gouveia | 1.8 | $810.00 |
| David R. Doyle | 1.4 | $518.00 |
| **TOTAL** | **7.7** | **$3,803.00** |

### Trustee Election Matters

23. ***Umbrella Category.*** This category relates to services advising the Interim Trustee on the possibility and implications of a chapter 7 trustee election at the Debtors' § 341 meeting of creditors. Specific tasks included: (i) communicating with counsel for the United States Trustee regarding the election; (ii) reviewing caselaw on trustee elections and the "adverse interest" doctrine and advising the Interim Trustee on related matters; and (iii) preparing for and attending the § 341 meeting.

| Professional | Hours | Amount |
| --- | --- | --- |
| Ira Bodenstein | 6.5 | $3,575.00 |
| Robert M. Fishman | 4.5 | $3,375.00 |
| **TOTAL** | **11** | **$6,950.00** |

24. In summary, the total compensation sought for each professional during the Application Period is as follows:

| Professional | Position | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Robert M. Fishman | Member | 21.7 | $750.00 | $16,275.00 |
| Ira Bodenstein | Member | 80.8 | $550.00 | $43,835.00 |
| Robert W. Glantz | Member | 38.7 | $550.00 | $21,285.00 |
| Gordon E. Gouveia | Member | 1.8 | $450.00 | $810.00 |
| Richard M. Fogel | Of Counsel | 1.9 | $475.00 | $902.50 |
| David R. Doyle | Associate | 27.8 | $370.00 | $10,286.00 |
| Christina M. Sanfellippo | Associate | 4.1 | $290.00 | $1,189.00 |
| Charmala Donoghue | Paralegal | 6.1 | $270.00 | $1,647.00 |
| Patricia Fredericks | Paralegal | 3.4 | $230.00 | $774.00 |
| Francesca Zozzaro | Paralegal | 5 | $230.00 | $1,150.00 |

25.     The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Debtor in connection with the case. Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

26.     Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Interim Trustee. In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to appear in Court at the same time. Similarly, on certain occasions, Shaw Fishman had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the cases. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis. Given the complexity of the issues involved, however, it was necessary for more than one Shaw Fishman attorney to be involved in certain meetings and court appearances.

27.     Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard have

inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

**Expenses**

28.     The aggregate amount of expenses for which reimbursement is being sought is $243.34. All of the expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from its clients. An itemization of the expenses is listed below:

| | |
|---|---:|
| Conference Call | $12.28 |
| Federal Express | $66.98 |
| PACER | $118.10 |
| Postage | $45.98 |
| **Total** | **$243.34** |

29.     All expenses incurred by Shaw Fishman incidental to its services were customary and necessary. All expenses were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

**Compliance with 11 U.S.C. § 504**

30.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

**Notice**

31. Pursuant to the *Order Approving Amended Case Management Procedures* [Dkt. No. 1333] (the "**Procedures Order**"), Shaw Fishman has served a copy of the Application and related notice on the Standard Parties and the 2002 List, as such terms are defined in the Procedures Order. Shaw Fishman respectfully requests that the Court find the notice provided to be sufficient under the circumstances and waive any other service or notice requirements.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a) Approves and allows Shaw Fishman $98,153.50 in compensation and $243.34 in expense reimbursement for the Application Period, substantially in the form of the proposed order filed with the Application, to be assessed against the Debtors' estates as follows:

| | | |
|---|---|---|
| a. | Central Grocers, Inc. | $12,931.32 |
| b. | CGI Joliet, LLC | $35,592.96 |
| c. | Currency Express, Inc. | $0.00 |
| d. | Raceway Central, LLC | $8,437.08 |
| e. | Raceway Central Calumet Park LLC | $0.00 |
| f. | Raceway Central Chicago Heights LLC | $2,657.49 |
| g. | Raceway Central Downers Grove LLC | $3,180.06 |
| h. | Raceway Central Joliet North LLC | $4,283.47 |
| i. | Raceway Central LLC North Valpo | $3,176.65 |
| j. | Raceway Central Wheaton LLC | $12,041.49 |
| k. | Strack and Van Till Super Market | $550.00 |
| l. | SVT, LLC | $15,546.30 |

(b) Waives other and further notice of the hearing with respect to this Application; and

(c) Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

                                                Respectfully submitted,

                                                SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: March 7, 2018                          By:  */s/ Ira Bodenstein*
                                                           One of its attorneys

Robert M. Fishman (IL ARDC 3124316)
Ira Bodenstein (IL ARDC 3126857
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
Fax: (312) 980-3888
rfishman@shawfishman.com
ibodenstein@shawfishman.com
ddoyle@shawfishman.com