UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: <br> CENTRAL GROCERS, INC., et al., <br><br><br><br> Debtor(s) | BK No.:   17-13886 <br> (Jointly Administered) <br> Chapter:  7 <br> Honorable Pamela S. Hollis |

**FOURTH AND FINAL ORDER SUSTAINING TRUSTEE'S FIFTH (5TH) OMNIBUS OBJECTION TO 503(B)(9) CLAIMS (Dkt. No. 2174)**

Upon consideration of the Trustee's Fifth (5th) Omnibus Objection to 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 (Dkt. 2174, the "Objection"); it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of these Bankruptcy Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); this Court having determined that the relief requested in the Objection is in the best interests of the Select Debtors, their estates, their creditors and other parties in interest; it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. The Trustee's Objection is SUSTAINED, as set forth herein.

2. By agreement of the Trustee and Valu Merchandising Company: Claim No. 1426 is modified as an allowed 503(b)(9) claim in the reduced amount of $210,096.87 against CGI, and reclassified as a general unsecured claim against CGI in the amount of $232,212.33.

3. The Trustee's objection to each Disputed 503(b)(9) Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

4. Any and all rights of the Trustee and the estates of the Select Debtors to amend, supplement or otherwise modify the Objection and to file additional objections to any and all claims filed in these Bankruptcy Cases, including, without limitation, any and all of the Disputed 503(b)(9) Claims shall be reserved. Any and all rights, claims and defenses of the Trustee and the estates of the Select Debtors with respect to any and all of the Disputed 503(b)(9) Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Trustee and the estates of the Select Debtors with respect to the Disputed 503(b)(9) Claims.

5. The Trustee's claims and noticing agent, Prime Clerk, is hereby authorized to revise the claims

registry in these Bankruptcy Cases and/or take any other action necessary to implement the relief set forth in this Order.

6. This Court shall retain jurisdiction over any and all affected parties with respect to any and all matters, claims or rights arising from or related to the implementation or interpretation of this Order.

Enter:

_/s/ Pamela S. Hollis_
Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: JAN 17 2019

**Prepared by:**
Michael M. Eidelman (#6197788)
William W. Thorsness (#6290913)
Allison B. Hudson (#6313079)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609 7500 telephone
(312) 609 5005 facsimile
meidelman@vedderprice.com
wthorsness@vedderprice.com
ahudson@vedderprice.com