**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*,[1] | Case No. 17-13886 |
| Debtors. | Hon. Janet Baer |

**ORDER GRANTING SELECT TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING SETTLEMENT AGREEMENT AMONG SELECT TRUSTEE AND CERTAIN FORMER OFFICERS AND DIRECTORS OF THE SELECT DEBTORS PURSUANT TO BANKRUPTCY RULE 9019, (B) AUTHORIZING SELECT TRUSTEE TO MAKE CERTAIN DISBURSEMENTS FROM SETTLEMENT PROCEEDS AND (C) GRANTING REQUEST FOR SHORTENED NOTICE AND RELATED RELIEF**

This matter coming before the Court on the motion (the "Motion", [Dkt. No. __][2]) of Howard B. Samuels, solely as chapter 7 trustee (the "Select Trustee") for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack and Van Til Super Market, Inc. ("Strack") and SVT, LLC (collectively, with CGI and Strack, the "Select Debtors"), for entry of an Order, pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement entered into by the Select Trustee and seventeen (17) former directors and/or officers of the Select Debtors (the "Settling Defendants,"[3] and together with the Select Trustee, the "Parties"); the Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; it appearing that notice of the Motion is sufficient under the circumstances; and upon the record herein and after due deliberation thereon and good and sufficient cause appearing thereof;

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

[2] Unless noted otherwise, all capitalized terms not specifically defined herein shall have the same meanings assigned to them in the Motion.

[3] Specifically, the Settling Defendants are as follows: John Coari, John Cortesi, Anthony Dal Pra, James Dremonas, Tony Ingraffia, Maria Kamberos, John Kotara, Timothy Kubis, John Lagestee, Kerry Lavelle, Robert Lee, Alfredo Linares, Kenneth Nemeth, Robertino Presta, Rosie Regas (solely as special representative for decedent John Regas), James Robertson, and June Sullivan (solely as special representative for decedent John Sullivan).

1

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. Notice of the Motion is sufficient and further notice is hereby waived.

3. The Settlement Agreement is approved in its entirety and the Parties are authorized and directed to take any necessary actions in furtherance thereof.

4. Upon the later of twenty-one (21) calendar days after (i) the expiration of the time to appeal the entry of this Order and (ii) the date of the conclusion of any such appeals, the Settling Defendants' insurers shall make a payment to the Select Trustee in the amount of six million dollars ($6,000,000.00) (the "<u>Settlement Payment</u>").

5. Upon the Select Trustee's receipt of the entire Settlement Payment, the Select Trustee, on behalf of the Select Debtors, the Select Estates, and each of their predecessors, successors, assigns, agents, and representatives, fully releases and forever discharges the Settling Defendants, together with each of their predecessors, successors, assigns, agents, insurers, reinsurers, excess insurers and representatives, from all Claims (as that term is defined in the Settlement Agreement), causes of action, damages, debts, liabilities, obligations, promises, and agreements, of any nature whatsoever, known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, matured or unmatured, liquidated or unliquidated, direct or derivative, that the Select Trustee, on behalf of himself and the Select Debtors, and each of their predecessors, successors, assigns, agents and representatives, asserted or could have asserted against the Settling Defendants, including the Select Trustee's D&O Claims (as that term is defined in the Settlement Agreement) and the Select Trustee's Avoidance Claims (as that term is defined in the Settlement Agreement) in the Adversary Proceeding (as that term is defined in the Settlement Agreement); ***provided, however***, this Release does not include (a) any Claims to enforce or

effectuate the Settlement Agreement, or (b) any of the Claims brought by the Select Trustee against the Store Defendants (as that term is defined in the Settlement Agreement) in the Store Cases (as that term is defined in the Settlement Agreement); ***and further provided*** that no provision of the Settlement Agreement or this Order may be used as a defense to the Claims in the Store Cases. Notwithstanding the foregoing, any and all Claims and potential Claims by Select Trustee against the Store Defendants in the Store Cases, whether such Claims are asserted or to be asserted in the Store Cases, whether liquidated or unliquidated, known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, liquidated or unliquidated, or direct or derivative, are explicitly reserved, and this release shall have no effect on such Claims and potential Claims, nor shall this release have any effect on any defenses the Select Trustee may have to any Claims that the Store Defendants may bring in the Store Cases.

6. Upon the Select Trustee's receipt of the entire Settlement Payment, the Select Trustee releases any and all Claims, causes of action, and rights of any nature whatsoever as to $100,000 initially deposited into escrow with Lavelle Law Ltd. and thereafter deposited into the Bankruptcy Court's registry pursuant to Court order and agrees to the immediate release of the $100,000 to Timothy Kubis.

7. Upon the Select Trustee's receipt of the entire Settlement Payment, the Settling Defendants, on behalf of themselves, and each of their predecessors, successors, assigns, agents, insurers and representatives, fully release and forever discharge the Select Trustee, the Select Debtors, and the Select Estates, together with each of their predecessors, successors, assigns, agents, and representatives, from all Claims, causes of action, damages, debts, liabilities, obligations, promises, and agreements, of any nature whatsoever, known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, matured or unmatured, liquidated or

unliquidated, direct or derivative, that the Settling Defendants, on behalf of themselves, and each of their predecessors, successors, assigns, agents, insurers and representatives, asserted or could have asserted against the Select Trustee or the Select Debtors, including any Claims filed or scheduled on behalf of the Settling Defendants in the Bankruptcy Cases; ***provided, however***, this release does not include (x) any claims to enforce or effectuate the Settlement Agreement, or (y) any Claims or defenses brought by the Store Defendants against the Select Trustee in the Store Cases; ***and further provided*** that no provision of the Agreement or this Order may be used as a basis to contest a Claim or defense in the Store Cases.  Notwithstanding, any and all Claims and potential Claims by the Store Defendants in the Store Cases against the Select Trustee or any of the Select Debtors in the Bankruptcy Cases, asserted or to be asserted in the Store Cases by the Store Defendants therein, and whether liquidated or unliquidated, known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, liquidated or unliquidated, or direct or derivative, are explicitly reserved, and this release shall have no effect on such Claims and potential Claims.

8. Within fourteen (14) calendar days of the Select Trustee's receipt of the entire Settlement Payment, the Select Trustee will file a notice of dismissal with prejudice of the claims in the Adversary Proceeding, pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Settling Defendants will support any filings by the Select Trustee necessary to obtain dismissal of such claims.

9. The following calculation of "Net Proceeds" is hereby approved:

| | |
|---|---|
| Settlement Payment | $6,000,000.00 |
| less, RCT's Contingency Fee (32.5%) | $1,950,000.00 |
| less, Other Professional Fees | $1,080,833.25 |
| less, Select Trustee Statutory Compensation | $180,000.00 |
| **NET PROCEEDS**: | $2,789,166.25 |

VP/#54896867.4

10. As soon as practicable after the Select Trustee's receipt of the entire Settlement Payment, the Select Trustee is authorized to make the following disbursements of the Settlement Proceeds (collectively, the "Approved Disbursements"):

   a. $1,950,000.00 to Reid Collins & Tsai representing the "RCT Contingency Fee" due under the RCT Retention Order [Dkt. No. 1371] and LOE [Dkt. No. 1354-];

   b. $2,199,485.42 to the Agent (for the benefit of the Lenders), representing the repayment, in full, of the True-Up Amount ($1,502,193.86) and 25% of the Net Proceeds of the Settlement Proceeds ($697,291.56) pursuant to the Lender Settlement Agreement and Lender Settlement Order [Dkt. No. 998]; and

   c. $58,968.09 to the Raceway Estates' Trustee (for the benefit of the Raceway Estates), representing 10% of the Net Proceeds payable to the Select Estates, pursuant to the Intra-Estate Settlement Agreement and *Order Authorizing Estates to Enter into, and Approving, the Settlement Agreement Between the Estates and for Other Relief* [Dkt. No. 3058].

11. The remaining balance of the Settlement Proceeds after payment of the Approved Disbursements may be used by the Select Trustee to pay, *inter alia*, allowed fees and expenses of the Select Trustee's professionals, including, (a) Rally Capital Services, LLC (financial advisor to the Select Trustee), and (b) Vedder Price P.C. (general bankruptcy counsel to the Select Trustee).

12. The Court shall retain jurisdiction with respect to all matters arising from and/or related to the interpretation, implementation and/or enforcement of this Order and the Settlement Agreement.

Dated: April 6, 2022           ENTERED: *Janet S. Baer*
                               _____
                               Honorable Judge Janet S. Baer
                               United States Bankruptcy Judge

**Prepared By:**
Michael M. Eidelman (#6197788) (meidelman@vedderprice.com)
William W. Thorsness (#6290913) (wthorsness@vedderprice.com)
Michael D. Leifman (#6324233) (mleifman@vedderprice.com)
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500 telephone
(312) 609-5005 facsimile

VP/#54896867.4